# Supreme Court of Florida

_____

No. SC17-1948

_____

**IN RE: AMENDMENTS TO THE FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS—NOMENCLATURE.**

[February 1, 2018]

PER CURIAM.

Pursuant to the procedures approved by this Court in Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So. 2d 1, 13-14 (Fla. 2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and has determined that amendments to the existing forms are needed in light of the United States Supreme Court's decision in Obergefell v. Hodges, 135 S. Ct. 2584 (2015), and other recent statutory and rule amendments. Input on these issues was received from the Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms, which provided valuable assistance. We have jurisdiction,[1] and amend the forms as follows.

_____

1. See art. V, § 2(a), Fla. Const.

First, in response to the United States Supreme Court's decision in Obergefell, we amend multiple forms to replace gendered terms with gender-neutral terms, so that the same forms are appropriate for use in the context of both opposite-sex and same-sex marriages. Next, we amend several existing forms to ensure that clear, concise, and consistent language is used across similar forms, and the General Instructions and Glossary to the forms to reflect recent changes to the forms and to harmonize various definitions contained in the forms with those contained in the Glossary. We also amend several existing final judgment forms to separate factual findings from decretal ones, and we amend various forms to reflect recent amendments to the Florida Family Law Rules of Procedure, adopted in In re Amendments to Florida Family Law Rules of Procedure, 214 So. 3d 400 (Fla. 2017).

Additionally, we add language addressing parental consent to a child's mental health treatment to several parenting plan forms in accordance with recent amendments to section 61.13(2)(b)3.a., Florida Statutes (2017). See ch. 2016-241, § 81, at 67-68, Laws of Fla. Finally, we adopt two new forms for use in proceedings commenced pursuant to sections 61.09 and 61.10, Florida Statutes (2017): 12.904(a)(2) (Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage with Dependent Minor Children) and 12.994(a)(2) (Final

Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage).

The amended and new forms are hereby adopted as set forth in the appendix to this opinion, fully engrossed. The amendments to the forms shall become effective immediately upon the release of this opinion and may be accessed and downloaded from the Florida State Court's website at http://www.flcourts.org/resources-and-services/court-improvement/problem-solving-courts/family-courts/family-law-forms.stml. By adoption of the amended forms, we express no opinion as to their correctness or applicability. We also direct that the amended forms be published for comment. Interested persons shall have sixty days from the date of this opinion to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before April 2, 2018, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Supreme Court Approved Family Law Forms

# FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS
## GENERAL INFORMATION FOR SELF-REPRESENTED LITIGANTS
## (02/18)

**You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court.**  Most of this information is **not** repeated in the attached forms.  This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works.  **This is not intended as a substitute for legal advice from an attorney.  Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.**

These instructions are not the only place that you can get information about how a family case works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area.  If you are filing a petition for **Name Change** and/or **Adoption**, these instructions may not apply.

If the word(s) is printed in **bold**, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in **bold** and **underlined**.  This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.

## Commentary

**1995 Adoption**.  To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure.  Practitioners should refer to the committee notes for those forms for rule history.

The forms were adopted by the Court pursuant to *Family Law Rules of Procedure,* 667 So. 2d 202 (Fla. 1995); *In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar—Stepparent Adoption Forms*, 613 So. 2d 900 (Fla. 1992); *Rules Regulating the Florida Bar—Approval of Forms*, 581 So. 2d 902 (Fla. 1991).

Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure.  Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.

**1997 Amendment.**  In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms.  Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created.  Minor changes were also made to the Notice to Parties set forth below.

## NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR

**If you have questions or concerns about these forms, instructions, commentary, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under "Attorney." If you do not have the money to hire an attorney, you should call the legal aid office in your area.**

**Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions.**

**In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use.**

## FAMILY LAW PROCEDURES

**Communication with the court. Ex parte** communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other **party** is present or has been properly notified. **If you have something you need to tell the judge, you must ask for a _hearing_ and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.**

**Filing a case.** A case begins with the filing of a **petition**. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the **petitioner** and remains the petitioner throughout the case.

A petition is given to the **clerk of the circuit court**, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is assigned and an official court file is opened. Delivering the petition to the clerk's office is called **filing** a case. A **filing fee** is usually required.

The Florida Rules of Judicial Administration now require that petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file a petition or other pleadings, motions, and documents electronically; however, they are not required to do so.** If you choose to file your petition electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the circuit within which you file. **The rules and procedures should be carefully read and followed.**

**Service of the original petition or supplemental petition.** When one party files a **petition**, **motion**, or other **pleading**, the other party must be "served" with a copy of the document. This means that the other party is given proper notice of the pending action(s) and any scheduled hearings. The person against whom the original legal action is being requested is called the **respondent,** because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.

**Personal service** of the petition and summons on the respondent by a deputy sheriff or private process server is required in all **original petitions** and **supplemental petitions**, unless **constructive service** is permitted by law. Personal service may also be required in other actions by some judges.

**Constructive Service.** If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use **constructive service**; however, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include either alimony or child support. For more information on constructive service, see **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b), and **Affidavit of Diligent Search**, Florida Family Law Rules of Procedure Form 12.913(c).. Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military is very complex and you may wish to consult an attorney regarding these issues.

Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be read **carefully** to ensure that you have properly served the other party. **If proper service is not obtained, the court cannot hear your case. Service must be in accordance with Florida Rule of Judicial Administration 2.516.**

**Subsequent Service:** Other than the original or supplemental petitions, any time you file additional pleadings or motions in your case, you must provide a copy to the other party and include a **certificate of service.** Likewise, the other party must provide you with copies of everything that he or she files**. If the other party is represented by an attorney, you should serve the attorney unless service upon the other party is required by the court.**

**Electronic Service**. After the initial service of process of the petitioner or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

**Default.**  After being served with a petition or **counterpetition**, the other party has 20 days to file a response.  If a response to a petition is not filed, the petitioner may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk.  This means that you may proceed with your case and set a **final hearing**, and a **judge** will make a decision, even if the other party will not cooperate.  For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.

**Answer and Counterpetition.**  After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition.  In addition to an answer, the respondent may also file a counterpetition.  In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner.  If the respondent files a counterpetition, the petitioner should then file an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent's counterpetition.

**Mandatory disclosure.**  Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a **dissolution of marriage** to exchange certain information and documents, and file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).  Failure to make this required disclosure within the time required by the Florida Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply.  This requirement also must be met in other family law cases, **except** adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932, lists the documents that must be given to the other party.  For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932.

**Parenting Plan.**  If your case involves minor or dependent child(ren), a **Parenting Plan** shall be approved or established by the court. **Parenting Plan**, Florida Supreme Court Approved Family Law Form, 12.995(a), **Safety-Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b), or **Relocation/Long Distance Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(c). The Parenting Plan shall be developed and agreed to by the parents and approved by a court**. If the parents cannot agree, or if the agreed Parenting Plan is not approved, the court must establish a Parenting Plan.** The Parenting Plan shall contain a time-sharing schedule and should address the issues regarding the child(ren)'s education, health care, and physical, social, and emotional well-being.

**Setting a hearing or trial.**  Generally, the court will have hearings on motions, final hearings on **uncontested** or **default** cases, and trials on contested cases.  Before setting your case for **final hearing** or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met.  These requirements vary depending on the type of

General Information for Self-Represented Litigants (02/18)

case and the procedures in your particular jurisdiction.  For further information, you should refer to the instructions for the type of form you are filing.

Next, you must obtain a hearing or trial date so that the court may consider your request.  You should ask the clerk of court, or **family law intake staff** about the local procedure for setting a hearing or trial, which you should attend.  These family law forms contain **orders** and **final judgments**, which the judge may use.  You should ask the clerk of court or family law intake staff if you need to bring one of these forms with you to the hearing or trial.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

The shaded areas below explain different parts of family law forms. Although each form you use may not contain each part explained below, all forms contain a case style which identifies the judicial circuit and county in Florida in which the case is filed, the division within that circuit to which the case is assigned, the parties in the case, and the number of the case. Some, but not all, forms require that the person signing the form state under oath that what he or she claims in the form is true; those particular forms must be signed in the presence of either a deputy clerk of the court or a notary public who witnesses your signature before notarizing the form. Most forms contain a nonlawyer clause which requests certain information be provided by any person who is not licensed to practice law in the State of Florida who has helped you to complete the form.

Each form that provides a blank space will have instructions on how to fill in the blank. Please follow all instructions which ask for specific information. Often these instructions appear in *italics.*

**IN THE CIRCUIT COURT OF THE** _____(1)_____ **JUDICIAL CIRCUIT,**
**IN AND FOR** _____(2)_____ **COUNTY, FLORIDA**

**Case No.:** _____(3)_____
**Division:** _____(4)_____

_____(5)_____ ,
      **Petitioner,**
   **and**

_____(6)_____ ,
      **Respondent.**

**Line 1**  The clerk of court can tell you the number of your judicial circuit.  Type or print it here.
**Line 2**  Type or print your county name on line (2).
**Line 3**  If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the case is filed.  You should type or print this case number on all papers you file in this case.
**Line 4**  The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here.  Divisions vary from court to court.  For example, your case may be filed in the civil division, the family division, or the juvenile division.
**Line 5**  Type or print the legal name of the person who originally filed the case on line 5.  This person is the petitioner because he/she is the one who filed the original petition.

**Line 6**  Type or print the other party's legal name on line 6.  The other party is the respondent because he/she is responding to the petition.

Some forms require that your signature be witnessed.  If so, you must sign the form in the presence of a **notary public** or deputy clerk (employee of the clerk of the court's office).  When signing the form, you must have a valid photo identification unless the notary knows you personally.  You should completely fill in all lines (1 & 3–8) except 2 with the requested information, if applicable.  **Line 2, the signature line, must be signed in the presence of the notary public or deputy clerk.**

**DO NOT SIGN OR FILL IN THE PART OF THE FORM WHICH ASKS FOR THE NOTARY'S OR CLERK'S SIGNATURE**.  This section of the form is to be completed by either the deputy clerk or the notary public who is witnessing your signature.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____ (1)

_____ (2) _____
Signature of Petitioner
Printed Name: _____ (3) _____
Address: _____ (4) _____
City, State, Zip: _____ (5) _____
Telephone Number: _____ (6) _____
Fax Number: _____ (7) _____
Designated E-mail Address(es): __(8)_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
{Print, type, or stamp commissioned name of notary or clerk.}

_____ Personally known
_____ Produced identification
       Type of identification produced _____

**Nonlawyer Clause.** The section <u>below</u> should be completed by anyone who helps you fill out these forms but is **not** an attorney who is a member in good standing of The Florida Bar, which means that he or she is not licensed to practice law in Florida.

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{either Petitioner or Respondent; or Husband or Wife}*
This form was completed with the assistance of:
*{name of individual}*_____(1)_____,
*{name of business}* _____(2)_____,
 *{address}* _____(3)_____,
*{city}*___(4)_____,*{state}* (5)_____, *{zip code}*__(6)__,*{telephone number}* _(7)_____.

**Line 1**       The **nonlawyer** who helps you should type or print his or her name on line 1.
**Lines 2–7**    The nonlawyer's business name, address, (including street, city, state, zip code, and telephone number) should be typed or printed on lines 2–7.

In addition, a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), should be completed if a nonlawyer assists you.  The disclosure is available as a family law form and should be completed before the nonlawyer helps you.  This is to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should keep a copy of this disclosure for your records.

# FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS

**Note:** The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.

**Affidavit** - a written statement in which the facts stated are sworn or affirmed to be true.

**Alimony**-spousal support which may be ordered by the court in a proceeding for dissolution of marriage. Types of alimony include: bridge-the-gap, durational, rehabilitative, or retroactive, and may be either temporary or permanent. The court may order periodic payments, payments in lump sum, or both. In determining whether to award alimony, the court must determine whether either party has an actual need for alimony and whether the other party has the ability to pay. The court must consider the factors set forth in section 61.08, Florida Statutes, and must make certain written findings. An alimony award may not leave the paying party with significantly less net income than that of the receiving party without written findings of exceptional circumstances.

**Answer** - written response by a respondent that states whether he or she admits (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not specifically denied are considered to be admitted.

**Appeal** - asking a district court of appeal to review the decision in your case. There are strict procedural and time requirements for filing an appeal.

**Asset** - everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.

**Attorney** - a person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also obtain information from the Florida Supreme Court's Internet site located at http://www.flcourts.org.

**Bond** - money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.

**Beneficiary Designation-**Florida law provides that a beneficiary designation made by or on behalf of a party providing for the payment or transference of an asset or benefit upon his or her death to the other spouse is void when the final judgment dissolving or declaring a marriage invalid is signed, unless the final judgment specifically states otherwise. Federal law and other statutory provisions may also apply. This includes, but is not limited to, such assets as life insurance policies, annuities, employee benefit plans, individual retirement accounts, and payable-on-death accounts. Whether or not to continue a beneficiary designation is a complex area of the law and you may wish to consult with an attorney.

**Bridge-the-Gap Alimony**-spousal support which is ordered to assist a party to make the transition from being married to being single. Bridge-the-Gap alimony is designed to assist a party with legitimate, identifiable short-time needs; its length cannot exceed two years and it cannot be modified.

**Central Depository**-the office of the clerk of court that is responsible for collecting and disbursing court ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.

**Certificate of Service** - a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions.

**Certified Copy** - a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.

**Certified Mail** - mail which requires the receiving party to sign as proof that they received it.

**Child Support** - money paid from one parent to the other for the benefit of their dependent or minor child(ren).

**Clerk of the Circuit Court** - elected official in whose office papers are filed, a case number is assigned, and case files are maintained. The clerk's office usually is located in the county courthouse.

**Concurrent Custody**-(for the purposes of a petition filed pursuant to chapter 751, Florida Statutes) means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)'s parent or parents.

**Constructive Service** - notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called "service by publication." However, when constructive service is used, the relief the Court may grant is limited; that relief cannot include either alimony or child support. For more information on service, see the instructions for Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Forms 12.913(a)(1) and (2).

**Contested Issues** - any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.

**Contingent Asset** - an asset that you **may** receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.

**Contingent Liability** - a liability that you **may** owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.

**Counterpetition** - a written request to the court for legal action, which is filed by a respondent after being served with a petition.

**Custody Order** – a judgment or order incorporating a Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. ss. 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980.

**Default** - a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.

**Delinquent** - late.

**Dependent Child(ren)** - child(ren) who depend on their parent(s) for support either because they are under the age of 18, have a mental or physical disability that prevents them from supporting themselves, or are in high school, between the ages of 18 and 19, and performing in good faith with a reasonable expectation of graduation before the age of 19.

**Deputy Clerk** - an employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.

**Dissolution of Marriage** - divorce; a court action to end a marriage.

**Durational Alimony**-spousal support which is ordered to provide economic assistance for a set period of time following a marriage of short or moderate duration or following a marriage of long duration if there is no ongoing need for support on a permanent basis. Durational alimony terminates upon the death of either party or upon remarriage of the party receiving support. It may be modified or terminated, but cannot exceed the length of a marriage.

**Electronic Communication** – Contact, other than face-to-face contact, facilitated by tools such as telephones, electronic mail or email, webcams, video-conferencing equipment and software or other wired or wireless technologies, or other means of communication to supplement fact-to face contact between a parent and that parent's minor child.

**Enjoined** - prohibited by the court from doing a specific act.

**Ex Parte** - communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court's office, with certification that a copy was sent to the other party.

**Extended Family Member**-(for the purposes of a petition filed pursuant to chapter 751, Florida Statutes) is a person who is either:

1) A relative of a minor child within the third degree by blood or marriage to the parent; OR

2) The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child's parents as an adverse party.

**Family Law Intake Staff** - a court's employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk's office can tell you if your county has such assistance available.

**Filing** - delivering a petition, response, motion, or other pleading in a court case to the clerk of court's office.

**Filing Fee** - an amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an **Application for Determination of Civil Indigent Status**, to ask the clerk to file your case without payment of the fee. This form can be obtained from the clerk's office.

**Final Hearing** - trial in your case.

**Financial Affidavit** - a sworn statement that contains information regarding your income, expenses, assets, and liabilities.

**Final Judgment** - a written document signed by a judge and recorded in the clerk of the circuit court's office that contains the judge's decision in your case.

**Guardian ad Litem** - a neutral person who may be appointed by the court to evaluate or investigate your child's situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not "work for" either party. The guardian may interview the parties, visit their homes,

visit the child(ren)'s school(s) and speak with teachers, or use other resources to make their recommendation.

**Hearing** - a legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion.

**Health Insurance**-coverage under a fee-for-service arrangement, health care maintenance organization, or preferred provider organization, and other types of coverage available to either parent, under which medical services could be provided to a minor or dependent child.

**Judge** - an elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. **A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing.**

**Judicial Assistant** - the judge's personal staff assistant.

**Liabilities** - everything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.

**Lump Sum Alimony** - money ordered to be paid by one spouse to another in a limited number of payments, often a single payment.

**Mandatory Disclosure** - items that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.

**Marital Asset** - generally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before your marriage **may** be nonmarital. An asset may only be determined to be marital by agreement of the parties or determination of the judge.

**Marital Liability** - generally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.

**Mediator** - a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party's side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.

**Modification** - a change made by the court in an order or final judgment.

**Motion** - a request made to the court, other than a petition.

**No Contact** - a court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, child(ren), or other family member.

**Nonlawyer** - a person who is not a member in good standing of The Florida Bar.

**Nonmarital Asset** - generally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.

**Nonmarital Liability** - generally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.

**Nonparty** - a person who is not the petitioner or respondent in a court case.

**Notary Public** - a person authorized to witness signatures on court related forms.

**Obligee** - a person to whom money, such as child support or alimony, is owed.

**Obligor** - a person who is ordered by the court to pay money, such as child support or alimony.

**Order** - a written decision, signed by a judge and filed in the clerk of the circuit court's office, that contains the judge's decision on part of your case, usually on a motion.

**Original Petition** - see **Petition**.

**Parenting Course** - a class that teaches parents how to help their child(ren) cope with divorce and other family issues.

**Parenting Plan** – a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren). The Parenting Plan must contain a time-sharing schedule for the parents and child(ren) and shall address the issues concerning the minor child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)'s education, health care, and physical, social, and emotional well-being. In creating the Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parents cannot agree to a Parenting Plan, or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of **parenting plan recommendations.**

**Parenting Plan Recommendation** – A nonbinding recommendation concerning one or more elements of a Parenting Plan made by a court-appointed mental health practitioner or other professional designated pursuant to either section 61.20 or 61.401, Florida Statutes, or Florida Family Law Rule of Procedure 12.363.

**Party** - a person involved in a court case, either as a petitioner or respondent.

**Paternity Action** - A lawsuit used to determine whether a designated individual is the father of a specific child or children.

**Payor** - an employer or other person who provides income to an obligor.

**Permanent Alimony** - spousal support ordered to provide for the needs and necessities of life as they were established during the marriage for a party who lacks the financial ability to meet his or her needs and necessities after dissolution of marriage. Permanent alimony is paid at a specified, periodic rate until: modification by a court order; the death of either party; or the remarriage of the party receiving alimony, whichever occurs first. Permanent alimony requires consideration of the factors set forth in section 61.08(2), Florida Statutes, and must include certain written findings by the court.

**Personal Service** - when a summons and a copy of a petition (or other pleading) that has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.

**Petition** - a written request to the court for legal action, which begins a court case.

**Petitioner** - the person who originally files a petition that begins a court case. The Petitioner remains the Petitioner throughout the duration of the case.

**Pleading** - a formal, written statement of exactly what a party wants the court to do in a lawsuit or court action.

**Pro Se or Self-Represented Litigant** - a person who appears in court without the assistance of a lawyer.

**Pro Se Coordinator** - see **Family Law Intake Staff**.

**Rehabilitative Alimony** - spousal support ordered to be paid for a limited period of time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself after dissolution of marriage.

**Relocation**- a change in the location of the principal residence of a parent or other person in accordance with section 61.13001, Florida Statutes.

**Respondent** - the person who is served with a petition requesting some legal action against him or her. The Respondent remains the Respondent throughout the duration of the case.

**Scientific Paternity Testing** - a medical test to determine the biological father of a child.

**Service** - the delivery of legal documents to a party.   Service must be in accordance with Florida Rule of Judicial Administration 2.516.

**Shared Parental Responsibility** - an arrangement under which both parents have full parental rights and responsibilities for their child(ren), and the parents make major decisions affecting the welfare of the child(ren) jointly.  Shared Parental Responsibility is presumptive in Florida.

**Sole Parental Responsibility** - a parenting arrangement under which the responsibility for the minor child(ren) is given to one parent by the court, with or without rights of time-sharing to the other parent.

**State Disbursement Unit**- the unit established and operated by the Title IV-D agency to provide one central address for the collection and disbursement of child support payments made in both Department of Revenue and non-Department of Revenue cases, in which the obligation is paid through an income deduction order.

**Supervised Time-Sharing**- a parenting arrangement under which time-sharing between a parent and his or her child(ren) is supervised by either a friend, family member, or a supervised visitation center.

**Supplemental Petition** - a petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered.  For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.

**Supportive Relationship-**a relationship, defined in section 61.14(1)(b)1, Florida Statutes, existing between an obligee who receives alimony and a person with whom that obligee resides.

**Time-Sharing Schedule** – a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child or children will spend with each parent.  The time-sharing schedule shall either be developed and agreed to by the parents of a minor child or children and is approved by the court, or established by the court if the parents cannot agree, or if their agreed-upon schedule is not approved by the court.

**Trial** - the final hearing in a contested case.

**Uncontested** - any and all issues on which the parties are able to agree and which are part of a marital settlement agreement.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (02/18)

## When should this form be used?

This form should be used when you are filing for a **dissolution of marriage,** and you and your spouse have a dependent or minor child(ren) together, or a spouse is pregnant. You or your **spouse** must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must **file** this form if the following is true:

- You and your spouse have a dependent or minor child(ren) together or a spouse is pregnant.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public or deputy clerk.** You should file the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. Because you are filing the **petition** in this proceeding, you may also be referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the **petition**. If you know where your spouse lives, you should use **personal service**. If you absolutely do not know where your spouse lives, you may use **constructive service**. You may also be able to use constructive service if your spouse resides in another state or country; however, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include either spousal support (alimony) or child support. For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(c). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 18 -

If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT.** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 19 -

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after your spouse's financial affidavit has been served on you.)
- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support.  Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), (b), or (c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.

**Parenting Plan and Time-Sharing.** If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan.  The judge

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage  with Dependent  or Minor Child(ren)  (02/18)

- 20 -

will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support. Both parents are required to provide financial support for their minor or dependent child(ren)**; however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of **both** parents and the number of overnights the child(ren) spend with each parent. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony.** Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony,** and/or **rehabilitative alimony**. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both.

**Marital/Nonmarital Assets and Liabilities.** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 21 -

liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties.  If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief.** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**,  Florida Supreme Court Approved Family Law Form 12.947(a).  For more information, see the instructions for that form.

**Marital Settlement Agreement.**   If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).  Both of you must sign this agreement before a **notary public** or **deputy clerk**.  Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Parenting Plan.**   In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file one of the following: **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), **Safety-Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b), or **Relocation/Long-Distance Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the child(ren).  If you have not reached an agreement, a proposed Parenting Plan may be filed.  If the parties are unable to agree, a **Parenting Plan will be established by the court.**

**Final Judgment Form.**   These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1).  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.**   Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage  with Dependent  or Minor Child(ren)  (02/18)

- 22 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In re: The Marriage of:

_____,

Petitioner,

and

_____,

Respondent.

# PETITION FOR DISSOLUTION OF MARRIAGE WITH
# DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}* _____, the
Petitioner, being sworn, certify that the following statements are true:

1.  JURISDICTION/RESIDENCE
    _____Petitioner  _____ Respondent  _____ Both has (have) lived in Florida for at least 6
    months before the filing of this Petition for Dissolution of Marriage.

2.  Petitioner  _____ is or _____ is not a member of the military service.
    Respondent  _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
    Date of marriage: *{month, day, year}* _____
    Date of separation: *{month, day, year}* _____ (___Please indicate if approximate)
    Place of marriage: *{county, state, country}* _____

4.  DEPENDENT OR MINOR CHILD(REN)
    *{Choose **all** that apply}*
    a.  _____ Petitioner is pregnant.  Baby is due on: *{date}* _____
    b.  _____ Respondent is pregnant. Baby is due on: *{date}* _____
    c.  _____ The minor (under 18) child(ren) common to both parties are:

    **Name**                                                     **Birth date**

    _____
    _____
    _____
    _____
    _____
    _____

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with
Dependent  or Minor Child(ren)  (02/18)

d. ___ The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

**Name**                                                           **Birth date**

_____
_____

The birth parent (s) of the above minor child(ren) is (are): *{name and address}*

_____
_____

e.___ The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:

**Name**                                                           **Birth date**

_____
_____

5. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) *{choose only **one**}* _____ is filed with this petition or _____ will be timely filed.

6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You **must** complete and attach this form in a dissolution of marriage with minor child(ren)).

7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

8. This petition for dissolution of marriage should be granted because:
   *{Choose only **one**}*
   a. _____ The marriage is irretrievably broken.

   **OR**

   b. _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this petition. A copy of the Judgment of Incapacity is attached.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

1. _____ There are no marital assets or liabilities.

   **OR**

2. _____ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), filed in this case.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent  or Minor Child(ren)  (02/18)

- 24 -

*{Indicate **all** that apply}*

a.\_\_\_\_ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached, to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).

b.\_\_\_\_ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

c.\_\_\_\_ Petitioner \_\_\_\_Respondent  should be awarded an interest in the other spouse's property because:

_____
_____
_____
_____

## SECTION II.  SPOUSAL SUPPORT (ALIMONY)

1. \_\_\_\_ **Petitioner \_\_\_\_Respondent forever gives up any right to spousal support (alimony) from the other spouse**.

   **OR**

2. \_\_\_\_ Petitioner \_\_\_\_\_Respondent requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**. Spousal support (alimony) is requested in the amount of $_____ every: \_\_\_\_\_ week \_\_\_\_\_ other week \_\_\_\_\_ month, or \_\_\_\_\_ other _____beginning *{date}* _____ and continuing until *{date or event}* _____.

   Explain why the Court should order \_\_\_\_\_Petitioner \_\_\_\_\_Respondent to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum):

   _____
   _____
   _____
   _____
   _____
   _____.

3. \_\_\_\_\_Other provisions relating to alimony, including any tax treatment and consequences:

   _____
   _____
   _____.

4. \_\_\_\_\_ Petitioner requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent  or Minor Child(ren)  (02/18)

- 25 -

**SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1. The minor child(ren) currently reside(s) with _____ Petitioner _____ Respondent _____ Other: *{explain}* _____

   _____

2. **Parental Responsibility.** It is in the child(ren)'s best interests that parental responsibility be: *{Choose only **one**}*
   a. ____ shared by both parents;

   b. ____ awarded solely to _____ Petitioner _____ Respondent. Shared parental responsibility would be detrimental to the child(ren) because:_____
   _____
   _____
   _____.

3. **Parenting Plan and Time-Sharing.** It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____ does not include parental time- sharing with the child(ren). For purposes of a Parenting Plan, the Petitioner will be referred to as *{name or designation}*_____, and the Respondent will be referred to as *{name or designation}*_____. The Petitioner states that it is in the best interests of the child(ren) that:

   *{Choose only **one**}*
   a.____ The attached proposed Parenting Plan should be adopted by the court. The parties
   *{Choose only **one**}* _____ have _____ have **not** agreed to the Parenting Plan.

   b. _____Each child will have time-sharing with both parents as follows: _____
   _____
   _____
   _____
   (_____ Indicate if a separate sheet is attached.)

   c. .____ The court should establish a Parenting Plan with the following provisions for:
   *{Insert name or designation of the appropriate parent in the space provided}*
   ____ No time-sharing for Parent _____
   ____ Limited time-sharing with Parent _____
   ____ Supervised Time-Sharing for Parent _____Parent_____;
   ____ Supervised or third-party exchange of the child(ren).
   ____ Explain:
   _____
   _____
   _____

4. Explain why this request is in the best interests of the child(ren):
   _____
   _____
   _____
   _____.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 26 -

**SECTION IV.  CHILD SUPPORT**
*{Choose **all** that apply}*

1. _____Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.  A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), _____ is, or _____ will be filed.  Such support should be ordered retroactive to:

   a. ____ the date of separation *{date}* _____.
   b. ____ the date of the filing of this petition.
   c. ____ other *{date}*_____ *{explain}* _____.

2. _____Petitioner requests that the Court award child support to be paid beyond the age of 18 years because:

   a.____ the following child(ren) *{name(s)}* _____
   is (are) dependent because of a mental or physical incapacity which began before the age of 18. *{explain}* _____
   _____.

   b.____ the following child(ren) *{name(s)}*_____is (are) dependent in fact, is (are) in high school, and  are between the ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.

3. _____Petitioner  requests that the Court award a child support amount that is more than or less than Florida's child support guidelines and  understands that a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, **must** be filed before the Court will consider this request.

4. _____Petitioner  requests that medical/dental insurance for the minor child(ren) be provided by:
   *{Choose only **one**}*
   a. ____ Petitioner
   b. ____ Respondent.

5. _____Petitioner  requests that uninsured medical/dental expenses for the child(ren) be paid:
   *{Choose only **one**}*
   a. ____by Petitioner;
   b. ____by Respondent;
   c. ____equally by the spouses *{each spouse pays one-half}*.
   d. ____according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
   e. ____Other *{explain}*: _____
   _____
   _____

6. _____Petitioner requests that life insurance to secure child support be provided by the other spouse.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent  or Minor Child(ren)  (02/18)

- 27 -

**SECTION V.  OTHER**

1.  Petitioner requests to be known by the following  former legal name, which was: *{former legal name}*:_____.

2.  Other relief *{specify}* _____
    _____
    _____
    _____

**SECTION VI.  REQUEST**

*{This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.}*

 Petitioner requests that the Court enter an order dissolving the marriage **and**:
{*Indicate **all** that apply*}

1.  _____distributing marital assets and liabilities as requested in Section I of this petition;
2.  _____awarding spousal support (alimony) as requested in Section II of this petition;
3.  _____ adopting or establishing a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren) common to both parties, as requested in Section III of this petition;
4.  _____establishing child support for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;
5.  _____restoring Petitioner's former name as requested in Section V of this petition;
6.  _____awarding other relief as requested in Section V of this petition; and any other terms the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated_____          _____
                                               Signature of Petitioner
                                               Printed Name: _____
                                               Address: _____
                                               City, State, Zip: _____
                                               Telephone Number: _____
                                               Fax Number: _____
                                               Designated E-mail Address(es): _____
                                               _____

STATE OF FLORIDA
COUNTY OF _____
Sworn to or affirmed and signed before me on _____ by_____.

                                               _____
                                               NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

____ Personally known
____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}*_____ *{state}*_____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (02/18)

- 29 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(2)
# PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
# (02/18)

## When should this form be used?

This form may be used when you are filing for a **dissolution of marriage**, and you and your spouse have **marital assets** and/or **marital liabilities,** but you do not have any minor or dependent children and neither of you is pregnant. You or your **spouse** must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a **Petition for Simplified Dissolution of Marriage**, Florida Family Law Rules of Procedure Form 12.901(a); however, you cannot file a Petition for a Simplified Dissolution of Marriage if any of the following are true:

- You disagree about property, debts, or other matters and wish to have a judge settle them for you.
- Either you or your spouse is seeking spousal support (**alimony**).
- You would like to ask questions and get documents concerning your spouse's income, expenses, assets, debts, or other matters before having a trial or settlement.
- You would like to reserve your rights to have any matters reconsidered or appeal the judge's decision.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should file the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. Because you are filing the **petition** in this proceeding, you may also be referred to as the **petitioner** and your spouse as the **respondent**.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the **petition**. If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if your spouse resides in another state or country; however, if constructive service is used, other than granting a divorce, the court may only grant limited relief which cannot include spousal support (alimony). For more information on

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

constructive service, see **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT**. If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED**. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with **mandatory disclosure** and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General),** Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED**. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms**. The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO**. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren),** Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you and your spouse have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 32 -

**Alimony**.  Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and also finds that the other spouse has the ability to pay.  **If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).**  You may request **permanent alimony**, **bridge-the-gap alimony**, **durational alimony**, and/or **rehabilitative alimony**. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both.

**Marital/Nonmarital Assets and Liabilities**. Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**.  "Equitable" does not necessarily mean "equal."  Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities.  **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties.  If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief.** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c).  For more information, see the instructions for that form.

**Marital Settlement Agreement**. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Property But No Dependent or Minor Child(ren),** Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both spouses must sign this agreement before a **notary public** or **deputy clerk**.  Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Forms**. These family law forms contain a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren),** Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested),** Florida Supreme Court Approved Family Law Form 12.990(b)(2).  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer**.  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 33 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____

In re: The Marriage of:                      Division: _____

_____,
                    Petitioner,
        and

_____,
                    Respondent.

# PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}* _____, the
 Petitioner, being sworn, certify that the following statements are true:

1. JURISDICTION/RESIDENCE
_____ Petitioner _____ Respondent _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2. Petitioner _____ is or _____ is not a member of the military service.
    Respondent _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
Date of marriage*: {month, day, year}* _____
Date of separation: *{month, day, year}* _____ {_____Indicate if approximate}
Place of marriage: *{county, state, country}* _____

4.  THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND NEITHER SPOUSE IS PREGNANT.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

6.  THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:

_____ The marriage is irretrievably broken.
**OR**
_____ One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition.  A copy of the Judgment of Incapacity is attached.

Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 34 -

**SECTION I. MARITAL ASSETS AND LIABILITIES**

1.\_\_\_\_ There are no marital assets or liabilities.

**OR**

2.\_\_\_\_ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case. *{Indicate **all** that apply}*

    a. _____ All marital assets and debts have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.902(f)(3) or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2)).

    b. _____ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

    c. Petitioner should be awarded an interest in \_\_\_\_\_ the other spouse's property because:_____
_____
_____.

**SECTION II. SPOUSAL SUPPORT (ALIMONY)**

1. \_\_\_\_\_ Petitioner forever gives up any right to spousal support (alimony) from the other spouse.

**OR**

2. \_\_\_\_\_ Petitioner requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting and that the other spouse has the ability to pay that support. Spousal support (alimony) is requested in the amount of $ _____ every \_\_\_\_\_ week \_\_\_\_\_ other week \_\_\_\_\_ month, beginning *{date}* _____and continuing until *{date or event}*
_____.

Explain why the Court should order the other spouse to pay and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum):
_____
_____
_____
_____
_____.

3.\_\_\_\_\_Other provisions relating to alimony including any tax treatment and consequences:

Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 35 -

_____
_____
_____.

4.\_\_\_\_\_ Petitioner requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION III.  OTHER**

\_\_\_\_\_Petitioner requests to be known by the following former legal name, which was *{former legal name}* _____.

Other relief *{specify}:*
_____
_____
_____
_____
_____.

**SECTION IV.  REQUEST**
 *{This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.}*
\_\_\_\_\_Petitioner requests that the Court enter an order dissolving the marriage and:
*[Indicate **all** that apply]*

\_\_\_\_\_ distributing marital assets and liabilities as requested in Section I of this petition;
\_\_\_\_\_ awarding spousal support (alimony) as requested in Section II of this petition;
\_\_\_\_\_ restoring Petitioner's former name as requested in Section III of this petition;
\_\_\_\_\_ awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.

Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 36 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____       _____
                                      Signature of Petitioner
                                      Printed Name: _____
                                      Address: _____
                                      City, State, Zip: _____
                                      Telephone Number: _____
                                      Fax Number: _____
                                      Designated E-mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____

                                      _____
                                      NOTARY PUBLIC or DEPUTY CLERK


                                      _____
                                      *{Print, type, or stamp commissioned name of notary or deputy clerk.}*

____Personally known
____Produced identification
____Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in all blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(3)
## PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
## (02/18)

## When should this form be used?

This form may be used when you are filing for a **dissolution of marriage**, and you and your spouse have no **marital assets** or **marital liabilities**, no minor or dependent children, neither spouse is seeking spousal support (alimony), and neither spouse is pregnant.  You or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a **Petition for Simplified Dissolution of Marriage,** Florida Family Law Rules of Procedure Form 12.901(a); however, you cannot file a Petition for a Simplified Dissolution of Marriage if any of the following are true:

- Either you or your spouse is seeking spousal support (**alimony**).
- You would like to ask questions and get documents concerning your spouse's income, expenses, assets, debts, or other matters before having a trial or settlement.
- You would like to reserve your rights to have any matters reconsidered or appeal the judge's decision.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.  Because you are filing the **petition** in this proceeding, you may also be referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the **petition**.  If you know where he or she lives, you should use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  You may also be able to use constructive service if your spouse resides in another state or country.  However, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include spousal support (alimony).  For more information on constructive service, see **Notice of Action for Dissolution of Marriage (No Child or**

Instructions to Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

**Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT.** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of

Instructions to Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

- 39 -

Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)

**Final Judgment** **Form.** These family law forms contain a **Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Instructions to Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions to Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

- 41 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: The Marriage of:                              Case No: _____
                                                     Division: _____

_____,
                    Petitioner,
        and

_____,
                    Respondent.


# PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY

I, *{full legal name}* _____, the
Petitioner, certify that the following statements are true:

1.  JURISDICTION/RESIDENCE
    _____ Petitioner _____ Respondent _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2.  Petitioner _____ is or _____ is not a member of the military service.
    Respondent _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
    Date of marriage: *{month, day, year}* _____
    Place of marriage: *{county, state, country}*_____

4.  THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND NEITHER SPOUSE IS PREGNANT.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

6.  THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:

    a.  _____ The marriage is irretrievably broken.

        **OR**

    b.  _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition.  A copy of the Judgment of Incapacity is attached.

Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

7.  THERE ARE NO MARITAL ASSETS OR LIABILITIES.

8.  **PETITIONER FOREVER GIVES UP ANY RIGHTS TO SPOUSAL SUPPORT (ALIMONY) FROM THE OTHER SPOUSE.**

9.  _____Petitioner requests to be known by the following former legal name, which was *{former legal name}* _____.

10. Other relief *{specify}*: _____
   _____
   _____
   _____
   _____
   _____.


 **REQUEST**
*{This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.}*

_____Petitioner requests that the Court enter an order dissolving the marriage **and**:

*[Indicate all that apply]*
1.  ____ restoring Petitioner's former name as specified in paragraph 9 of this petition;

2.  ____ awarding other relief as specified in paragraph 10 of this petition; and any other terms the Court deems necessary.

Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

- 43 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____        _____
                                      Signature of Petitioner

                                      Printed Name: _____
                                      Address: _____
                                      City, State, Zip: _____
                                      Telephone Number: _____
                                      Fax Number: _____
                                      Designated E-mail Address(es): _____
                                      _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                      _____
                                      NOTARY PUBLIC or DEPUTY CLERK


                                      _____
                                      *{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

- 44 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(d)
# UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT
# (02/18)

## When should this form be used?

This form should be used in any case involving parental responsibility for, custody of, or time-sharing or visitation with, any minor child(ren).  This **affidavit** is **required** even if the parental responsibility for, custody of, or time-sharing or visitation with, the minor child(ren) is not in dispute.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should then **file** it with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516.  You may find this rule at www.flcourts.org through the link to the Rules of

Instructions for Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (02/18)

- 45 -

Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see sections 61.501-61.542, Florida Statutes.

## Special notes...

With this form, you must also file a **Notice of Confidential Information within Court Filing,** Florida Rules of Judicial Administration Appendix to Rule 2.420 Form.

Effective October 1, 2008, terms such as custodial parent, noncustodial parent, primary residential parent, secondary residential parent, and visitation were removed from Chapter 61, Florida Statutes; however, because the UCCJEA uses the terms, custody and visitation, they are included in this form. Parents must develop a Parenting Plan that includes, among other things, their time-sharing schedule with the minor child(ren). If the parents cannot agree, a parenting plan will be established by the Court.

If you are the petitioner in an injunction for protection against domestic violence case and you have filed **a Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this form that would require you to write the address where you are currently living.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (02/18)

- 46 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

1. The number of minor child(ren) subject to this proceeding is _____. The name, place of birth, birth date, and sex of each child; the present address, periods of residence, and places where each child has lived **within the past five (5) years**; and the name, present address, and relationship to the child of each person with whom the child has lived during that time are:

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # __1__:**

Child's Full Legal Name: _____
Place of Birth: _____ Date of Birth: _____ Sex: _____

**Child's Residence for the past 5 years:**

| Dates (From/To) | Address (including city and state) where child lived | Name and present address of person child lived with | Relationship to child |
|---|---|---|---|
| _____/present* | | | |
| ____/____ | | | |
| ____/____ | | | |
| ____/____ | | | |
| ____/____ | | | |

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (02/18)

| ____/____ | | | |
|---|---|---|---|

**\* If you are the petitioner in an injunction for protection against domestic violence case and you have filed a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this form that would require you to enter the address where you are currently living.**

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # _____ :**

Child's Full Legal Name: _____

Place of Birth: _____ Date of Birth: _____ Sex: _____

**Child's Residence for the past 5 years:**

| Dates (From/To) | Address (including city and state) where child lived | Name and present address of person child lived with | Relationship to child |
|---|---|---|---|
| _____/present | | | |
| ____/____ | | | |
| ____/____ | | | |
| ____/____ | | | |
| ____/____ | | | |
| ____/____ | | | |

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # _____ :**

Child's Full Legal Name: _____

Place of Birth: _____ Date of Birth: _____ Sex: _____

**Child's Residence for the past 5 years:**

| Dates (From/To) | Address (including city and state) where child lived | Name and present address of person child lived with | Relationship to child |
|---|---|---|---|
| _____/present | | | |
| ____/____ | | | |
| ____/____ | | | |
| ____/____ | | | |

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (02/18)

| ___/___ | | | |
| --- | --- | --- | --- |
| ___/___ | | | |

2. **Participation in custody or time-sharing proceeding(s):**
   *[Choose only **one**]*
   _____ I HAVE NOT participated as a party, witness, or in any capacity in any other litigation or custody proceeding in this or any other state, jurisdiction, or country, concerning parental responsibility for, custody of, or time-sharing or visitation with a child subject to this proceeding.

   _____ I HAVE participated as a party, witness, or in any capacity in any other litigation or custody proceeding in this or another state, jurisdiction, or country, concerning parental responsibility for, custody of, or time-sharing or visitation with a child subject to this proceeding. *Explain:*
   a. Name of each child: _____
   b. Type of proceeding: _____
   c. Court and state: _____
   d. Date of court order or judgment (if any): _____

3. **Information about custody or time-sharing proceeding(s):**
   *[Choose only **one**]*
   _____ I HAVE NO INFORMATION of any parental responsibility, custody, time-sharing, or visitation proceeding pending in a court of this or any other state, jurisdiction, or country concerning a child subject to this proceeding.

   _____ I HAVE THE FOLLOWING INFORMATION concerning a parental responsibility, custody, time-sharing, or visitation proceeding pending in a court of this or another state concerning a child subject to this proceeding, other than set out in item 2. *Explain:*
   a. Name of each child involved in said litigation: _____
   b. Type of proceeding: _____
   c. Court and state: _____
   d. Date of court order or judgment (if any): _____
   e. Case Number: _____

4. **Persons not a party to this proceeding:**
   *[Choose only **one**]*
   _____ I DO NOT KNOW OF ANY PERSON in this or any other state, jurisdiction, or country, who is not a party to this proceeding and who has physical custody or claims to have parental responsibility for, custody of, or time-sharing or visitation with respect to any child subject to this proceeding.

   _____ I KNOW THAT THE FOLLOWING NAMED PERSON(S), not a party to this proceeding, has (have) physical custody or claim(s) to have parental responsibility for, custody of, or time-sharing or visitation with respect to any child subject to this proceeding:

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (02/18)

- 49 -

a. Name and address of person: _____

_____

_____ has physical custody
_____ claims parental responsibility or custody rights
_____ claims time-sharing or visitation
Name of each child: _____
Relationship to child, if any:_____

b. Name and address of person: _____

_____

_____ has physical custody
_____ claims parental responsibility or custody rights
_____ claims time-sharing or visitation
Name of each child: _____
Relationship to child, if any:_____

c. Name and address of person: _____

_____

_____ has physical custody
_____ claims parental responsibility or custody rights
_____claims time-sharing or visitation
Name of each child: _____
Relationship to child, if any: _____

5. **Knowledge of prior child support proceedings:**
   *[Choose only **one**]*
   _____The child(ren) described in this affidavit are NOT subject to existing child support order(s) in this or any other state, jurisdiction, or country.

   _____The child(ren) described in this affidavit are subject to the following existing child support order(s):
   a. Name of each child: _____
   b. Type of proceeding: _____
   c. Court and address: _____
   d. Date of court order/judgment (if any): _____
   e. Amount of child support ordered to be paid and by whom: _____

6. **I acknowledge that I have a continuing duty to advise this Court of any parental responsibility, custody, time-sharing or visitation, child support, or guardianship proceeding (including dissolution of marriage, separate maintenance, child neglect, or dependency) concerning the child(ren) in this state or any other state about which information is obtained during this proceeding.**

7. A completed Notice of **Confidential Information within Court Filing**, Florida Rules of Judicial Administration Appendix to Rule 2.420 Form, is filed with this Affidavit.

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (02/18)

I certify that a copy of this document was _____ e-served _____ mailed _____ faxed and mailed _____ hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

|  | _____ |
|--|--|
|  | Signature of Party |
|  | Printed Name: _____ |
|  | Address: _____ |
|  | City, State, Zip: _____ |
|  | Telephone Number: _____ |
|  | Fax Number: _____ |
|  | Designated E-mail Address(es):_____ |
|  | _____ |

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known
_____ Produced identification
          Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (02/18)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the *{choose only **one}*_____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ___, *{zip code}*_____, *{telephone number}*_____.

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (02/18)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1)
## MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
## (02/18)

## When should this form be used?

This form should be used when a **Petition for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been **filed** and **the parties** have reached an agreement on some or all of the issues at hand.

This form should be typed or printed in black ink. **Both** parties must sign the agreement and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial**

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 53 -

**Administration. .** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

With this form you must also file a **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.

**This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 54 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In re: The Marriage of:

_____,
Petitioner,

and

_____,
Respondent.

# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

We, *{Petitioner's full legal name}*_____, and
*{Respondent's full legal name}*,_____, being sworn, certify that the
following statements are true:

1. We were married to each other on *{date}* _____.

2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.

3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.

4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.

### SECTION I. MARITAL ASSETS AND LIABILITIES

**A. Division of Assets.** We divide our assets (everything we own and that is owed to us) as follows: Any personal item(s) not listed below is (are) the property of the party currently in possession of the item(s).

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

1. Petitioner shall receive as his/her own and Respondent shall have no further rights or responsibilities regarding these assets:

| ASSETS: DESCRIPTION OF ITEM(S) PETITIONER SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is in one spouse's name, or in both spouses' names. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | _____ |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 56 -

| ASSETS:  DESCRIPTION OF ITEM(S) PETITIONER SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers.  Where applicable, include whether the name on any title/deed/account described below is in one spouse's name, or in both spouses' names. | Current Fair Market Value |
|---|---|
| Collectibles | |
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| | |
| | |
| **Total Assets to Petitioner** | **$ _____** |

2. Respondent shall receive as his/her own and Petitioner shall have no further rights or responsibilities regarding these assets:

| ASSETS:  DESCRIPTION OF ITEM(S) RESPONDENT SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers.  Where applicable, include whether the name on any title/deed/account described below is in one spouse's name, or in both spouses' names. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | _____ |
| | |
| Notes (money owed to you in writing) | |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 57 -

| ASSETS: DESCRIPTION OF ITEM(S) RESPONDENT SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is in one spouse's name, or in both spouses' names. | Current Fair Market Value |
|---|---|
|  |  |
|  |  |
| Money owed to you (not evidenced by a note) |  |
|  |  |
|  |  |
| Real estate: (Home) |  |
| (Other) |  |
|  |  |
| Business interests |  |
|  |  |
| Automobiles |  |
|  |  |
|  |  |
| Boats |  |
| Other vehicles |  |
|  |  |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) |  |
|  |  |
|  |  |
| Furniture & furnishings in home |  |
|  |  |
| Furniture & furnishings elsewhere |  |
|  |  |
| Collectibles |  |
|  |  |
| Jewelry |  |
|  |  |
| Life insurance (cash surrender value) |  |
|  |  |
| Sporting and entertainment (T.V., stereo, etc.) equipment |  |
|  |  |
|  |  |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

| ASSETS: DESCRIPTION OF ITEM(S) RESPONDENT SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is in one spouse's name, or in both spouses' names. | Current Fair Market Value |
|---|---|
| | |
| Other assets | |
| | |
| | |
| | |
| **Total Assets to Respondent** | $ _____ |

**B. Division of Liabilities/Debts.** We divide our liabilities (everything we owe) as follows:

1. Petitioner shall pay as his/her own the following and will not at any time ask Respondent to pay these debts/bills:

| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY PETITIONER<br>Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any mortgage, note, or account described below is in one spouse's name or in both spouses' names. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | _____ | _____ |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY PETITIONER<br>**Please describe each item as clearly as possible. You do not need to list account numbers.  Where applicable, include whether the name on any mortgage, note, or account described below is in one spouse's name or in both spouses' names.** | Monthly Payment | Current Amount Owed |
|---|---|---|
|  |  |  |
| Judgments |  |  |
|  |  |  |
|  Other |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **Total Debts to Be Paid by Petitioner** | $ | $ |

2.  Respondent  shall pay as his/her own the following and will not at any time ask Petitioner to pay these debts/bills:

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY RESPONDENT<br>**Please describe each item as clearly as possible. You do not need to list account numbers.  Where applicable, include whether the name on any mortgage, note or account described below is in one spouse's name, or in both spouses' names.** | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) |  |  |
|  | _____ | _____ |
|  Charge/credit card accounts |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| Auto loan |  |  |
| Auto loan |  |  |
| Bank/credit union loans |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY RESPONDENT **Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any mortgage, note or account described below is in one spouse's name, or in both spouses' names.** | Monthly Payment | Current Amount Owed |
|---|---|---|
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Respondent** | $ | $ |

C.   **Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:**

_____

_____

_____

_____

_____ .

D. **Beneficiary Designation** *{Complete only if beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.}*

_____The spouses agree that the designation providing for the payment or transfer at death of an interest in the assets set forth below to or for the benefit of the deceased party's former spouse **SHALL NOT BE VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect:

\_\_\_\_\_1. The \_\_\_\_\_Petitioner \_\_\_\_\_Respondent shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust. This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

not exist upon his/her death and unless precluded by statute. *{Describe the assets with specificity}:*

_____

_____

_____

_____.

_____2. The _____Petitioner _____Respondent shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}:*

_____

_____

_____

_____.

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)** (If you have not agreed on this matter, write n/a on the lines provided.)

1. **_____Each of us forever gives up any right to spousal support (alimony) that we may have.**

   **OR**

2. _____ Petitioner _____ Respondent (hereinafter "Obligor") agrees to pay spousal support (alimony) in the amount of $ _____every _____ week _____ other week _____month, or _____ other _____, beginning *{date}* _____and continuing until *{date or event}* _____.

   Explain type of alimony (such as, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum) and any other specifics: _____

   _____

3. _____ Other provisions relating to alimony, including any tax treatment and consequences:

   _____

   _____.

4. Life insurance in the amount of $_____ to secure the above support, will be provided by the Obligor.

**SECTION III.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1. **The parties' minor child(ren) are:**

   | **Name** | **Birth date** |
   | --- | --- |
   |  |  |
   |  |  |
   |  |  |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 62 -

_____

_____

_____

_____

2. The parties shall have time-sharing and parental responsibility in accordance with the Parenting Plan attached as Exhibit _____.

**SECTION IV.  CHILD SUPPORT**

1. _____ Petitioner _____ Respondent (hereinafter "Obligor") will pay child support, under Florida's child support guidelines, section 61.30, Florida Statutes, to the other parent.  The Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is completed and attached.

   Child support established at the rate of $_____ per month for the _____children {*total number of parties' minor or dependent children*} shall be paid commencing_____ {*month, day, year*} and terminating _____ {*month, day, year*}. Child support shall be paid in the amount of $ _____ per _____ {*week, month, other*} which is consistent with the Obligor's current payroll cycle.

   Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining _____ children {*total number of remaining children*} shall be paid commencing_____ {*month, day, year*} and terminating _____ {*month, day, year*}. This child support shall be paid in the amount of $ _____ per _____ {*week, month, other*} consistent with Obligor's current payroll cycle.

   ***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.  Please indicate whether the schedule _____ appears below or _____ is attached as part of this form}***
   _____
   _____
   _____
   _____
   _____
   _____

   The Obligor shall pay child support until all the minor or dependent child(ren): reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is: dependent in fact; between the ages of 18 and 19; and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 63 -

If the child support amount above deviates from the guidelines by 5% or more, explain the reason(s) here:

_____

_____

_____

_____

2. **Retroactive Child Support or Arrearages.**
   There is currently retroactive child support in the amount of $_____. There is an arrearage of previously ordered unpaid child support in the amount of $_____.

   The total of $ _____ in retroactive and unpaid child support shall be paid at the rate of $ _____every _____week _____ other week _____month,
   beginning *{date}* _____, until paid in full including statutory interest.

3. **Health Insurance.**
   _____ Petitioner _____ Respondent will maintain health insurance for the parties' minor child(ren).  The party providing coverage will provide insurance cards to the other party showing coverage.

   **OR**
   _____ Health insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreimbursed medical costs for the minor child(ren) shall be assessed as follows:
   *a.* _____Shared equally by the spouses*. {each spouse pays one-half}*
   b. _____Prorated according to the child support guideline percentages.
   c. _____Other *{explain}*: _____
   As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

4. **Dental Insurance.**
   _____ Petitioner _____ Respondent will maintain dental insurance for the parties' minor child(ren). The party providing coverage will provide insurance cards to the other party showing coverage.

   **OR**
   _____ Dental insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreimbursed dental costs for the minor child(ren) shall be assessed as follows:
   a. _____Shared equally by the spouses*. {each spouse pays one-half}*
   b. _____Prorated according to the child support guideline percentages.
   c. _____Other *{explain}*: _____
   As to these uninsured/unreimbursed dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 64 -

30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. **Life Insurance.** _____ Petitioner _____ Respondent will maintain life insurance for the benefit of the parties' minor child(ren) in the amount of $ _____ until the youngest child turns 18, becomes emancipated, marries, joins the armed services, or dies.

6. **IRS Income Tax Exemption(s).** The assignment of any tax exemptions for the child(ren) shall be as follows: *{explain}* _____

_____
The other parent will convey any applicable IRS form regarding the income tax exemption.

7. Other provisions relating to child support (e.g., uninsured medical/dental expenses, health or dental insurance, life insurance to secure child support, orthodontic payments, college fund, etc.):

 

**SECTION V. OTHER**

 

**SECTION VI.** We have not agreed on the following issues:

 

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 65 -

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ____,*{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

**I certify that I have been open and honest in entering into this settlement agreement.  I am satisfied with this agreement and intend to be bound by it.**


Dated: _____

_____
Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

____ Personally known
____ Produced identification
Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(2)
# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
# (02/18)

## When should this form be used?

This form should be used when a **Petition for Dissolution of Marriage with Property but no Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.901(b)(2), has been **filed** and the **parties** have reached an agreement on some or all of the issues at hand.

This form should be typed or printed in black ink. **Both** parties must sign the agreement and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should file the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 68 -

permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

**This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 69 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In re: The Marriage of:

_____,
Petitioner,

and

_____,
Respondent.

# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

We, *{Petitioner's full legal name}*_____, and
*{Respondent's full legal name}* _____, being sworn, certify
that the following statements are true:

1. We were married to each other on *{date}* _____.

2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.

3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.

4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.

**SECTION I. MARITAL ASSETS AND LIABILITIES**

**A. Division of Assets.** We divide our assets (everything we own and that is owed to us) as follows: Any personal item(s) not listed below is the property of the party currently in possession of the item(s).
   1. Petitioner shall receive as his/her own and Respondent shall have no further rights or responsibilities regarding these assets:

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

| ASSETS: DESCRIPTION OF ITEM(S) PETITIONER SHALL RECEIVE<br>Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is in one spouse's name or both spouses' names. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| Other assets | |
| | |
| | |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

| | |
|---|---|
| | |
| | |
| **Total Assets to Petitioner** | $ _____ |

2. Respondent shall receive as his/her own and Petitioner shall have no further rights or responsibilities regarding these assets:

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 72 -

| ASSETS: DESCRIPTION OF ITEM(S) RESPONDENT SHALL RECEIVE<br>Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is in one spouse's name or both spouses' names. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

| | |
|---|---|
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| **Total Assets to Respondent** | $ _____ |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 74 -

**B. Division of Liabilities/Debts.** We divide our liabilities (everything we owe) as follows:

1. Petitioner shall pay as his/her own the following and will not at any time ask Respondent to pay these debts/bills:

| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY PETITIONER<br>Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any mortgage, note, or account described below is in one spouse's name or in both spouses' names. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | _____ | _____ |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Petitioner** | **$** | **$** |

2. Respondent shall pay as his/her own the following and will not at any time ask Petitioner to pay these debts/bills:

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 75 -

| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY RESPONDENT<br>Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any mortgage, note, or account described below is in one spouse's name or in both spouses' names. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | _____ | _____ |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Respondent** | **$** | **$** |

**C. Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:**

_____

_____

_____

_____

_____ .

**D. Beneficiary Designation** *{Complete only if beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.}*

_____The spouses agree that the designation providing for the payment or transfer at death of an interest in the assets set forth below to or for the benefit of the deceased party's former spouse **SHALL NOT BE VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 76 -

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect:

_____1. The _____Petitioner _____Respondent shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust.  This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless precluded by statute. *{Describe the assets with specificity}:*
_____
_____
_____
_____.

_____2. The _____Petitioner _____Respondent shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}:*
_____
_____
_____
_____.

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)** (If you have not agreed on this matter, write n/a on the lines provided.)

1.  _____ **Each of us forever gives up any right to spousal support (alimony) that we may have.**

    **OR**

2.  _____Petitioner _____ Respondent (hereinafter "Obligor") agrees to pay spousal support (alimony) in the amount of $_____every _____week _____other week _____ month, or _____ other _____beginning *{date}* _____ and continuing until *{date or event}*_____.

    Explain type of alimony (permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum) and any other specifics: _____
    _____
    _____
    _____

3.  _____Other provisions relating to alimony, including any tax treatment and consequences:
    _____
    _____
    _____
    _____

4.  _____ Petitioner _____ Respondent will provide life insurance in the amount of $ _____ to secure the above support.

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

**SECTION III.  OTHER**

_____
_____
_____
_____
_____
_____
_____.

**SECTION IV.**  We have not agreed on the following issues:

_____
_____
_____
_____
_____
_____.

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 78 -

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**

Dated: _____

Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner
This form was completed with the assistance of: _____,
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**


Dated: _____

          _____
Signature of Respondent
Printed name:_____
Address:_____
City, State, Zip:_____
Telephone number:_____
Fax number_____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____


Sworn to or affirmed and signed before me on _____ by _____.



          _____
NOTARY PUBLIC or DEPUTY CLERK


          _____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
    Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}*_____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(i),
# AFFIDAVIT OF CORROBORATING WITNESS
# (02/18)

## When should this form be used?

This form may be used to corroborate residency in a **dissolution of marriage** proceeding. To get a dissolution (divorce) in Florida, either party must have lived in Florida for at least 6 months before filing the petition. Residency may be corroborated by a valid Florida's driver's license, Florida identification card, or voter's registration card (issue date of document must be at least 6 months before the date the case is actually filed with the clerk of the circuit court), or the testimony or **affidavit** of someone other than you or your spouse.  This form is used to corroborate residency by affidavit. The person signing this form must know that you have lived in the State of Florida for at least 6 months before the date you filed your **petition** for dissolution of marriage.

This form should be typed or printed in black ink, and signed in the presence of a **notary public** or **deputy clerk**.  After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for you records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed,  or hand delivered to the other party in your case, if it is not **served** on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of

Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: The Marriage of:

_____,
Petitioner,

and

_____,
Respondent.

# AFFIDAVIT OF CORROBORATING WITNESS

I, *{full legal name}* _____, being sworn, certify that the following statements are true: I have known *{name}* _____ since *{approximate date}*_____; to the best of my understanding the petition in this action was filed on *{date}*_____; and I know of my own personal knowledge that this person has resided in the State of Florida for at least 6 months immediately prior to the date of filing of the petition.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Corroborating Witness
Printed Name:_____
Address: _____
City, State, Zip: _____
Telephone Number: _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

Florida Supreme Court Approved Family Law Form 12.902(i), Affidavit of Corroborating Witness (02/18)

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]
This form was prepared for the: *{choose only **one**}* _____ Affiant _____ Petitioner _____Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(a)
# ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
# (02/18)

## When should this form be used?

This form should be used when you have been served with a **petition** for **dissolution of marriage** and you do not wish to **contest** it or appear at a **hearing**.  If you file this form, you are admitting all of the allegations in the **petition**, saying that you do not need to be notified of or appear at the **final hearing**, and that you would like a copy of the **final judgment** mailed to you.

This form should be typed or printed in black ink, and your signature should be witnessed by a **notary public** or **deputy clerk**.  After completing this form, you should sign the form before a notary public.  You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.  The person filing the **petition** in a dissolution of marriage proceeding is also referred to as the **petitioner** and his or her **spouse** as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to **answer** after being **served** with your spouse's petition.  A copy of this form, along with all of the other forms required with this **answer** and **waiver**, must be mailed, e-mailed, or hand delivered to your spouse.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (02/18)

- 85 -

certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

With this form, you may also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know your spouse's income, you may file this worksheet after your spouse's financial affidavit has been served on you).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (02/18)

- 86 -

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit,** Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting Plan and Time-Sharing.** By filing this answer and waiver, you are agreeing to any parenting plan and time-sharing requests in the petition. The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your answer to the petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support.** By filing this answer and waiver, you are agreeing to any requests for child support in the petition. **Both parents are required to provide financial support for their minor or dependent child(ren)**; however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (02/18)

- 87 -

support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony.** By filing this answer and waiver, you are agreeing to any requests for alimony in the petition. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in a counterpetition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony,** and/or **rehabilitative alimony**. If alimony is awarded, the judge may order periodic payments, lump sum payments. Or both.

**Marital/Nonmarital Assets and Liabilities.** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities.

**Final Judgment.** You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should contact the clerk's office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (02/18)

- 88 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

In re: the Marriage of:

_____,
Petitioner ,

and

_____,
Respondent

# ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1. I answer the Petition for Dissolution of Marriage filed in this action and admit all the allegations. By admitting all of the allegations in the petition, I agree to all relief requested in the petition including any requests regarding parenting and time-sharing, child support, alimony, distribution of marital assets and liabilities, and temporary relief.

2. I hereby waive notice of hearing as well as all future notices in connection with the Petition for Dissolution of Marriage, as filed and also waive my appearance at the final hearing.

3. I request that a copy of the Final Judgment of Dissolution of Marriage entered in this case be provided to me at the address below.

4. If this case involves minor child(ren), a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.

6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), _____ is filed with this answer or _____ will be timely filed.

Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (02/18)

- 89 -

I certify that a copy of this document was _____ mailed _____ faxed and mailed _____ e-mailed _____hand delivered to the person(s) listed below on {date} _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                       Signature of Respondent
                                       Printed Name: _____
                                       Address: _____
                                       City, State, Zip: _____
                                       Telephone Number: _____
                                       Fax Number: _____
                                       Designated E-mail Address(es): _____
                                       _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}*, _____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (02/18)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
# FAMILY LAW FORM 12.903(b)
# ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE
# (02/18)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** and you wish to admit or deny all of the allegations in the petition but you do not plan to file a **counterpetition** seeking relief.  You can use this form to answer any petition for dissolution of marriage, whether or not there are minor child(ren).

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.  This must be done within 20 days of receiving the petition.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this **answer**, must be mailed, e-mailed, or hand delivered to the other party in your case.  You have 20 days to answer after being served with the other party's petition.  After you file your answer, the case will generally proceed in one of the following two ways:

**UNCONTESTED...**  If you file an answer that agrees with everything in the other party's petition **and** you have complied with **mandatory disclosure** and filed all of the required papers, either party may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  If you request the final hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (02/18)

- 91 -

**CONTESTED…** If you file an answer which disagrees with or denies anything in the petition, **and** you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes…

With this form, you may also need to file the following:

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (02/18)

- 92 -

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren).  (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting and Time-sharing.** If you and your **spouse** are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan.  The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests.  Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case.  This means that a neutral person will review your situation and report to the judge concerning parenting issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served.  For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to the entry of a final judgment.  You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your answer to the petition.  **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (02/18)

- 93 -

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support. Both parents are required to provide financial support for their minor or dependent child(ren)**; however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony.** Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in a counterpetition.** Florida Supreme Court Approved Family Law Form 12.903(c)(1) (with dependent or minor child(ren)), or Florida Supreme Court Approved Family Law Form 12.903(c)(2) (no dependent or minor child(ren)). **If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony, bridge-the-gap alimony, durational alimony,** and/or **rehabilitative alimony.** If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both.

**Marital/Nonmarital Assets and Liabilities.** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, any parenting plan and time-sharing schedule, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief.** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (02/18)

- 94 -

support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a), or, if there are no dependent or minor child(ren), **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.

**Marital Settlement Agreement.**  If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2).  Both parties must sign this agreement before a **notary public** or **deputy clerk**.  Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form.**  These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), and **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1), **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(2), or **Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should contact the clerk, family law intake staff, or judicial assistant to see if you need to bring a **final judgment** with you to the **hearing**.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (02/18)

- 95 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: The Marriage of

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE

I, *{full legal name}* _____, Respondent, being sworn, certify that the following information is true:

1. I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*
   _____
   _____

2. I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}*
   _____
   _____

3. I currently am unable to admit or deny the allegations raised in the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____
   _____

4. If this case involves a dependent or minor child(ren), a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.

5. If this case involves a dependent or minor child(ren), a completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is *[choose **one** only]* ____ filed with this answer or ____ will be filed after the other party serves his or her financial affidavit.

6. If necessary a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.

7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), *[Choose only **one**]* ____ is filed with this answer or ____ will be timely filed.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____.

**Petitioner or his/her attorney:**

Name: _____

Address: _____

City, State, Zip: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Respondent

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es**):_____**

**_____**

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

___ Personally known
___ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (02/18)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1)
# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
# (02/18)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** with dependent or minor child(ren) and you are asking the court for something not contained in the petition. The **answer** portion of this form is used to admit or deny the allegations contained in the petition, and the **counterpetition** portion of this form is used to ask for whatever you want the court to do for you.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records. The person filing the **petition** in a dissolution of marriage proceeding is also referred to as the **petitioner** and his or her **spouse** as the **respondent.** The person filing a **counterpetition** is also referred to as the **counterpetitioner** and his or her spouse as the **counterrespondent.**

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with your spouse's petition. A copy of this form must be mailed, e-mailed, or hand delivered to your spouse. After you file an answer and counterpetition your case will then generally proceed as follows:

The other party is required to answer your counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

**UNCONTESTED.** Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 98 -

other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** Your dissolution is contested if you and your spouse disagree on any issue raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know your spouse's income, you may file this worksheet after your spouse's financial affidavit has been served on you.)
- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues.
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.9.995(a), **Safety-Focused Parenting Plan**, Form 12.995(b), or **Relocation/Long-Distance Parenting Plan**, Form 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan **may** be filed.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting Plan and Time-Sharing.** If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a **judge** will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 100 -

Listed below are some terms with which you should become familiar before completing your petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support. Both parents are required to provide financial support for their minor or dependent child(ren)**; however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony.** Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony,** and/or **rehabilitative alimony**. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both.

**Marital/Nonmarital Assets and Liabilities.** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. Equitable does not necessarily mean equal. Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Parenting Plan.** In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 101 -

proposed Parenting Plan **may** be filed. **If you and your spouse cannot agree, a Parenting Plan will be established by the court.**

**Temporary Relief.** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.

**Marital Settlement Agreement.** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form.** These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should contact the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 102 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In re: the Marriage of:

_____,
  Petitioner/Counter-Respondent,

and

_____,
  Respondent/Counter-Petitioner.

# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}* _____, Respondent/Counter-Petitioner being sworn, certify that the following information is true:

**ANSWER TO PETITION**

1.  I **agree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____

    _____.

2.  I **disagree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}* _____

    _____.

3.  I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____

    _____.

**COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN)**

1.  JURISDICTION/RESIDENCE
    _____ Respondent/Counter-Petitioner _____ Petitioner/Counter-Respondent _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2.  Respondent/Counter-Petitioner _____ is or _____ is not a member of the military service.
    Petitioner/Counter-Respondent _____ is or _____ is not a member of the military service.

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Property with Dependent or Minor Child(ren) (02/18)

- 103 -

3. MARRIAGE HISTORY
   Date of marriage: *{month, day, year}* _____
   Date of separation: *{month, day, year}* _____ (_____Indicate if approximate)
   Place of marriage: *{county, state, country}* _____

4. DEPENDENT OR MINOR CHILD(REN)
   *[Indicate **all** that apply]*

   a. _____ Respondent/Counter-Petitioner is pregnant.  Baby is due on: *{date}* _____

   b. _____Petitioner/Counter-Respondent is pregnant. Baby is due on: *{date}*_____

   c. _____The minor (under 18) child(ren) common to both parties are:

   **Name**                                              **Birth date**
   _____
   _____
   _____
   _____
   _____
   _____

   d. _____The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

   **Name**                                              **Birth date**
   _____
   _____

   The birth parent(s) of the above minor child(ren) is (are) *{name and address}* _____
   _____

   e. _____ The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:

   **Name**                                              **Birth date**
   _____
   _____

5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition. (You **must** complete and attach this form in a dissolution of marriage with minor child(ren).

6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) _____ is filed or _____ will be timely filed.

8. This counterpetition for dissolution of marriage should be granted because:

    a. _____The marriage is irretrievably broken.

       **OR**

    b. _____One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this counterpetition. A copy of the Judgment of Incapacity is attached.

## SECTION I. MARITAL ASSETS AND LIABILITIES

1. ____There are no marital assets or liabilities.

   **OR**

2. _____There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
   *[Indicate **all** that apply]*

    a. _____All marital assets and liabilities have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1)).

    b. _____The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

    c. Counter-Petitioner should be awarded an interest in the other spouse's property because:
    _____
    _____
    _____.

## SECTION II. SPOUSAL SUPPORT (ALIMONY)

1**. Respondent/Counter-Petitioner forever gives up any right to spousal support (alimony) from the other spouse.**

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Property with Dependent or Minor Child(ren) (02/18)

- 105 -

**OR**

2. Respondent/Counter-Petitioner requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**. Spousal support (alimony) is requested in the amount of $_____ every _____ week _____ other week _____ month, or _____ other _____, beginning *{date}*_____ and continuing until *{date or event}* _____.

Explain why the Court should order Petitioner/Counter-Respondent to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum): _____
_____
_____.

3. _____Other provisions relating to alimony including any tax treatment and consequences:
_____
_____.

4. _____ Respondent/Counter-Petitioner requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION III.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1. The minor child(ren) currently reside(s) with
   _____Respondent/ Counter-Petitioner
   _____ Petitioner/Counter-Respondent
   _____ Other: *{explain}* _____.

2. **Parental Responsibility.**  It is in the child(ren)'s best interests that parental responsibility be:
   *[Choose only **one**]*
   a. _____shared by both parents.

   b. _____awarded solely to _____ Respondent/Counter-Petitioner _____ Petitioner/Counter-Respondent.  Shared parental responsibility would be detrimental to the child(ren) because:
   _____
   _____
   _____
   _____.

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Property with Dependent or Minor Child(ren) (02/18)

3. **Parenting Plan and Time-Sharing.** It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____does not include parental time-sharing with the child(ren). For the purposes of a Parenting Plan, the Respondent/Counter-Petitioner will be referred to as *{name or designation}* _____ and the Petitioner/Counter-Respondent will be referred to as *{name or designation}* _____. The Counter-Petitioner states that it is in the best interests of the child(ren) that:
*[Choose only **one**]*

a. _____The attached proposed Parenting Plan should be adopted by the court. The parties _____have _____ have **not** agreed to the Parenting Plan.

b. _____Each child will have time-sharing with both parents as follows:

_____
_____
_____
_____

(_____ Indicate if a separate sheet is attached.)

c. _____The court should establish a Parenting Plan with the following provisions for:
*{Insert the name of designation of the appropriate parent in the space provided.}*
_____ No time-sharing for Parent_____
_____ Limited time-sharing with Parent _____
_____ Supervised time-sharing for Parent_____
_____ Supervised or third-party exchange of the child(ren).
_____ Time-sharing as follows:
_____
_____
_____
_____

Explain why this request is in the best interests of the child(ren): _____
_____
_____
_____
_____
_____
_____

## SECTION IV.  CHILD SUPPORT
*[Indicate **all** that apply]*

1. Respondent/Counter-Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed. Such support should be ordered retroactive to:
a. _____ the date of separation *{date}*_____

b. _____ the date of the filing of this petition.

c. _____other *{date}*_____*{explain}* _____
_____

2. Respondent/Counter-Petitioner requests that the Court award child support to be paid beyond the age of 18 years because:

   a. _____the following child(ren) *{name(s)}* _____
   _____
   is (are) dependent because of a mental or physical incapacity which began before the age of 18. *{explain}* _____

   b. _____the following child(ren) *{name(s)}* _____
   is (are) dependent in fact; is (are) in high school, and are between the ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.

3. Respondent/Counter-Petitioner requests that the Court award a child support amount that is more than or less than Florida's child support guidelines and understands that a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, **must** be filed before the Court will consider this request.

4. Respondent/Counter-Petitioner requests that medical/dental insurance for the minor child(ren) be provided by:
   *[Choose only **one**]*
   a. _____Respondent/Counter-Petitioner

   b. _____Petitioner/Counter-Respondent

5. Respondent/Counter-Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid:
   *[Choose only **one**]*
   a. _____ by Respondent/Counter-Petitioner
   b. _____ by Petitioner/Counter-Respondent
   *c.* _____ by both spouses equally *(each spouse pays one-half.)*
   d. _____ according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
   e. _____ Other {explain}: _____

6. Counter-Petitioner requests that life insurance to secure child support be provided by:

   a. _____ Respondent/Counter-Petitioner
   b. _____Petitioner/Counter-Respondent
   c. _____ Both.

**SECTION V.  OTHER**

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Property with Dependent or Minor Child(ren) (02/18)

- 108 -

1. Respondent/Counter-Petitioner requests to be known by the following former legal name, which was *{former full legal name}* : _____.

2. Other relief *{specify}*: _____

_____

_____

_____

_____

_____

## SECTION VI.   REQUEST

(This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

I request that the Court enter an order dissolving the marriage **and**:
*[Indicate **all** that apply]*
1. _____ distributing marital assets and liabilities as requested in Section I of this petition;
2. _____ awarding spousal support (alimony) as requested in Section II of this petition;
3. _____ adopting or establishing a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren) common to both parties, as requested in Section III of this petition;
4. _____ establishing child support for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;
5. _____ restoring Counter-Petitioner's former name as requested in Section V of this petition;
6. _____ awarding other relief as requested in Section V of this petition; and any other terms the Court deems necessary.

I certify that a copy of this document was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the person(s) listed below on *{date}* _____.

**Petitioner/Counter-Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Property with Dependent or Minor Child(ren) (02/18)

- 109 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

_____
Signature of Respondent/Counter-Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the Respondent/Counter-Petitioner
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(2)
# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
# (02/18)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** with property but no dependent or minor child(ren) and you are asking the court for something not contained in the petition. The **answer** portion of this form is used to admit or deny the allegations contained in the petition, and the **counterpetition** portion of this form is used to ask for whatever you want the court to do for you.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records. The person filing the **petition** in a dissolution of marriage proceeding is also referred to as the **petitioner** and his or her **spouse** as the **respondent**. The person filing the **counterpetition** is referred to as the **counterpetitioner** and his or her spouse as the **counterrespondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with your spouse's petition. A copy of this form must be mailed, e-mailed, or hand delivered to your spouse. After you file an answer and counterpetition your case will then generally proceed as follows:

Your spouse is required to answer your counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

**UNCONTESTED.** Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** Your dissolution is contested if you and your spouse disagree on any issue raised in the petition or counterpetition. If you are unable to settle the disputed issues, either spouse may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 112 -

# Special notes...

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Alimony.** Alimony may be awarded to one spouse if the judge finds that one spouse has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony,** and/or **rehabilitative alimony**. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both.

**Marital/Nonmarital Assets and Liabilities.** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. Equitable does not necessarily mean equal. Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief.** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.

**Marital Settlement Agreement.** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both of you must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but no Dependent or Minor Child(ren) (02/18)

**Final Judgment Forms.** These family law forms contain a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should contact the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but no Dependent or Minor Child(ren) (02/18)

- 114 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No:_____
Division:_____

In re: the Marriage of

_____,
Petitioner/Counter-Respondent,
and

_____
Respondent/Counter-Petitioner.

# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}* _____,
Respondent/Counter-Petitioner being sworn, certify that the following information is true:

**ANSWER TO PETITION**

1.  I **agree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*
    _____
    _____.

2.  I **disagree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}*
    _____
    _____.

3.  I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}*
    _____
    _____.

**COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)**

1.  JURISDICTION/RESIDENCE
    _____Respondent/Counter-Petitioner _____ Petitioner/Counter-Respondent _____ Both has

(have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2. Respondent/Counter-Petitioner _____ is or _____ is not a member of the military service.
   Petitioner/Counter-Respondent _____ is or _____ is not a member of the military service.

3. MARRIAGE HISTORY
   Date of marriage: *{month, day, year}* _____
   Date of separation: *{month, day, year}* _____(_____Indicate if approximate)
   Place of marriage: *{county, state, country}* _____

4. THERE ARE NO MINOR (UNDER 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND NEITHER SPOUSE IS PREGNANT.

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

6. This counterpetition for dissolution of marriage should be granted because:

   a. _____ The marriage is irretrievably broken.

   **OR**

   b. _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this counterpetition.  A copy of the Judgment of Incapacity is attached.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**
*[Choose only **one**]*
 1. _____ There are no marital assets or liabilities.

 2. _____ There are marital assets or liabilities.  All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
   *[Indicate **all** that apply]*
   a. _____ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage.  (The parties may use Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).

   b. _____The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

   c. Respondent/Counter-Petitioner should be awarded an interest in the other spouse's property

Florida Supreme Court Approved Family Law Form 12.903(c)(2) Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Children (02/18)

- 116 -

because:

_____
_____
_____.

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)**

1. **Respondent/Counter-Petitioner forever gives up any right to spousal support (alimony) from the other spouse.**


   **OR**

2. Respondent/Counter-Petitioner requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**. Spousal support (alimony) is requested in the amount of $_____ every _____ week _____ other week _____ month, _____ other _____beginning *{date}* _____ and continuing until *{date or event}* _____.

   Explain why the Court should order Petitioner/Counter-Respondent to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum):

   _____
   _____
   _____
   _____.

3. _____Other provisions relating to alimony including any tax treatment or consequences:

   _____
   _____
   _____.

4. Respondent/Counter-Petitioner requests life insurance on the other spouse's life, provided by that spouse, to secure such support.


**SECTION III.  OTHER**

1. Respondent/Counter-Petitioner requests to be known by the following former legal name, which was *{former legal name}*_____.

2. Other relief *{specify}*:

   _____
   _____
   _____

Florida Supreme Court Approved Family Law Form 12.903(c)(2) Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Children (02/18)

_____
_____
_____

**SECTION IV.   REQUEST** (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

Respondent/Counter-Petitioner requests that the Court enter an order dissolving the marriage **and**:
1. _____ distributing marital assets and liabilities as requested in Section I of this petition;
2. _____ awarding spousal support (alimony) as requested in Section II of this petition;
3. _____ restoring Respondent/Counter-Petitioner's former name as requested in Section III of this petition;
4. _____ awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.

I certify that a copy of this document was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand delivered to the person(s) listed below on *{date}*_____.

**Petitioner/Counter-Respondent or his/her attorney:**

Printed Name: _____

Address: _____

City, State, Zip: _____

Fax Number: _____

Designated E-mail Address(es):_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                     Signature of Respondent/Counter-Petitioner
                                     Printed Name:  _____
                                     Address:_____
                                     City, State, Zip:_____
                                     Telephone Number:_____
                                     Fax Number: _____
                                     Designated E-mail Address(es): _____
                                     _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

\_\_\_\_    Personally known
\_\_\_\_    Produced identification
\_\_\_\_    Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Respondent/Counter-Petitioner
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.903(c)(2) Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Children (02/18)

- 119 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(3)
# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY (02/18)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** with no dependent or minor child(ren) or property and you are asking the court for something not contained in the petition. The **answer** portion of this form is used to admit or deny the allegations contained in the petition, and the **counterpetition** portion of this form is used to ask for whatever you want the court to do for you such as restoring your former name.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with the other party's petition. A copy of this form must be mailed, e-mailed, or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:

The other party is required to answer your counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

**UNCONTESTED.** Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

**CONTESTED.** Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form, you must also file the following:

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Alimony.** By using this form, you are forever giving up your rights to spousal support (alimony) from petitioner. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in your counterpetition.** (See the other answer and counterpetition forms for the appropriate form.) **If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).**

**Marital/Nonmarital Assets and Liabilities.** By using this form, you are stating that there are no **marital assets** and/or **liabilities**.

**Final Judgment Form.** These family law forms contain a **Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should contact the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

- 122 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In re: The Marriage of:

_____,
            Petitioner/Counter-Respondent,

            and

_____,
            Respondent/Counter-Petitioner

# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY

I, *{full legal name}* _____, Respondent/Counter-Petitioner, being sworn, certify that the following information is true:

## ANSWER TO PETITION

1.      I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _
_____ .

2.      I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}* _
_____ .

3.      I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____
_____ .

## COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY

1.      JURISDICTION/RESIDENCE
        _____Respondent/Counter-Petitioner _____Petitioner/Counter-Respondent _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

Marriage.

2.  Respondent/Counter-Petitioner _____ is or _____ is not a member of the military service.
    Petitioner/Counter-Respondent _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
    Date of marriage: *{month, day, year}* _____
    Place of marriage: *{city, state, country}* _____
    Date of separation: *{month, day, year}* _____ (_____Indicate if approximate)

4.  THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND NEITHER SPOUSE IS PREGNANT.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

6.  THIS COUNTERPETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:

    a. _____The marriage is irretrievably broken.

    **OR**

    b. _____One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this counterpetition. A copy of the Judgment of Incapacity is attached.

7.  THERE ARE NO MARITAL ASSETS OR LIABILITIES.

8.  **RESPONDENT/COUNTER-PETITIONER FOREVER GIVES UP ANY RIGHTS TO SPOUSAL SUPPORT (ALIMONY) FROM PETITIONER/COUNTER-RESPONDENT.**

9.  _____Respondent/Counter-Petitioner wants to be known by the former legal name, which was *{former legal name}* _____.

10. Other relief *{specify}*: _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

**REQUEST** (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

- 124 -

Respondent/Counter-Petitioner requests that the Court enter an order dissolving the marriage **and**:

1. _____restoring Respondent/Counter-Petitioner's  former name as specified in paragraph 9 of this petition;

2. \_\_\_\_\_ awarding other relief as specified in paragraph 10 of this petition; and any other terms the Court deems necessary.

I certify that a copy of this document was \_\_\_\_\_ mailed \_\_\_\_\_ faxed and mailed \_\_\_\_\_e-mailed \_\_\_\_\_ hand delivered to the person(s) listed below on *{date}* _____.

**Petitioner/Counter-Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Respondent/Counter-Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Addresses: _____

_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary*

*or clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Respondent/Counter-Petitioner
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (02/18)

- 126 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(d) ANSWER TO COUNTERPETITION (02/18)

## When should this form be used?

This form should be used by a **petitioner** to respond to the **respondent**'s **counterpetition**. You should use this form to admit or deny the allegations contained in the counterpetition.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with the other party's counterpetition. A copy of this form must be mailed, e-mailed, or hand delivered to the other party.

To proceed with your case, you should refer to the instructions to your petition regarding setting a case for trial under **UNCONTESTED** and **CONTESTED**.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified

process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: The Marriage of:

_____,
Petitioner/Counter-Respondent,

and

_____,
Respondent/Counter-Petitioner.

# ANSWER TO COUNTERPETITION

I, *{full legal name}* _____, Petitioner/Counter-Respondent, being sworn, certify that the following information is true:

1.  I **agree** with Respondent as to the allegations raised in the following numbered paragraphs in the Counterpetition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*
    _____.

2.  I **disagree** with Respondent as to the allegations raised in the following numbered paragraphs in the Counterpetition and, therefore, **deny** those allegations: *{indicate section and paragraph number}*
    _____.

3.  I am currently unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____
    _____.

I certify that a copy of this document was _____mailed _____ faxed and mailed _____ e-mailed _____hand-delivered to the person(s) listed below on *{date}* _____.

**Respondent/Counter-Petitioner or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

Florida Supreme Court Approved Family Law Form 12.903(d), Answer to Counterpetition (02/18)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:

_____

_____
Signature of Petitioner/Counter-Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner/Counter-Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(e), ANSWER TO SUPPLEMENTAL PETITION (02/18)

## When should this form be used?

This form should be used when you are responding to a **supplemental petition** for modification of Parenting Plan, time-sharing schedule, child support, or alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a **counterpetition**. There is no form for a counterpetition to a supplemental petition in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and counterpetition using the pertinent sections contained in the **Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.903(c)(1), or **Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.903(c)(2).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the case was filed and keep a copy for your records. This must be done within 20 days of receiving the supplemental petition.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this **answer**, must be mailed, e-mailed, or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other **party**'s supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways:

**UNCONTESTED.** If you file an answer that agrees with everything in the other party's supplemental petition **and** you have complied with **mandatory disclosure** and filed all of the required papers, either party may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** If you file an answer which disagrees with or denies anything in the supplemental petition, **and** you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. If you request the hearing, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail**

**Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

With this form, you may also need to file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves child(ren).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if child support is an issue. (If you do not know the other party=s income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Settlement Agreement**, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with [Property but] No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting and Time-Sharing.** If you and the other party are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A **parenting course** may be required prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

Listed below are some terms with which you should become familiar before completing your

supplemental petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

**Shared Parental Responsibility**
**Sole Parental Responsibility**
**Supervised Time-Sharing**
**No contact**
**Parenting Plan**
**Parenting Plan Recommendation**
**Time-Sharing Schedule**

**Child Support. Both parents are required to provide financial support for their minor or dependent children;** however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief.** If you need temporary relief regarding parental responsibility and time-sharing with child(ren), child support or alimony, you may file a **Motion for Temporary Support with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor child(ren), you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.

**Settlement Agreement.** If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Forms.** These family law forms contain a **Supplemental Final Judgment Modifying**

**Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule or Other Relief**, Florida Supreme Court Approved Family Law Form 12.993(a), a **Supplemental Final Judgment Modifying Child Support**, Florida Supreme Court Approved Family Law Form 12.993(b), and a **Supplemental Final Judgment Modifying Alimony**, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use, as appropriate. You should contact the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ANSWER TO SUPPLEMENTAL PETITION

I, *{full legal name}* _____, being sworn, certify that
the following information is true:

1. I **agree** with the allegations raised in the following numbered paragraphs in the Supplemental Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*
_____.

2. I **disagree** with the allegations raised in the following numbered paragraphs in the Supplemental Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}* _____.

3. I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____.

4. If not previously filed in this case, a completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) _____, is filed with this answer, or _____will be timely filed.

5. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.

6. _____*{If applicable}* This case involves minor child(ren), and a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.

7. _____*{If applicable}* This case involves child support, and a completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),_____ is filed or _____ will be timely filed with the court.

I certify that a copy of this document was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand delivered to the person(s) listed below on *{date}* _____.

**Other Party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose one}* _____ Petitioner _____ Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (02/18)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a)(1), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (02/18)

## When should this form be used?

This form may be used to ask the court to enter a support **order** if your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. You can **only** use this form if a **dissolution of marriage** has not been filed **and** based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this **petition**. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.

This petition cannot address the issues of property, debts, or parental responsibility and time-sharing with child(ren). It only deals with **alimony** and **child support**.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. Because you are filing this **petition,** you are also referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a)(1) Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Children (02/18)

- 138 -

For your case to proceed, you must properly notify your spouse of the petition. Because this petition concerns child support and alimony, you should use **personal service**.  If your spouse is in the military service of the United States, additional steps for service may be required. See **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue.

Your spouse has 20 days to **answer** after being served with your petition.  Your case will then generally proceed in one of the following three ways:

**DEFAULT.**  If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.**  If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there.  For further information, see section 61.09, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a)(1) Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Children (02/18)

- 139 -

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form you must also file the following:

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a)(1) Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Children (02/18)

- 140 -

spouse's income, you may file this worksheet after your spouse's financial affidavit has been served on you.)

**Alimony.** Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony, bridge-the-gap alimony, durational alimony,** and/or **rehabilitative alimony.** If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both.

**Child Support.  Both parents are required to provide financial support for their minor or dependent children; however,** the court may order one parent to pay child support to the other parent.  Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent.  You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same.  From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief.**  If you need temporary relief regarding child support or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.

**Final Judgment Forms.**  These family law forms contain a **Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a)(1) Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Children (02/18)

- 141 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: the Marriage of:

Case No: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}*_____, the Petitioner, being sworn, certify that the following statements are true:

1. JURISDICTION
   _____ Petitioner _____ Respondent _____ Both live in Florida at the filing of this Petition for Support Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.

2. Petitioner _____ is or _____ is not a member of the military service.
   Respondent _____ is or _____ is not a member of the military service.

3. MARRIAGE HISTORY
   Date of marriage: *{month, day, year}* _____
   Date of separation: *{month, day, year}* _____ (_____Indicate if approximate).
   Place of marriage: *{county, state, country}* _____.

4. MINOR CHILD(REN)
   *[Indicate **all** that apply]*

   a_____Petitioner is pregnant. The baby is due on: *{date}* _____

   b._____Respondent is pregnant. The baby is due on: *{date}*_____

   c. _____The minor (under 18) child(ren) common to both parties, conceived or born during the marriage, are:

**Name**                          **Birth Date**

_____

_____

_____

_____

d. ____The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical incapacity are:

**Name**                   **Birth Date**

_____

_____

_____

_____

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) _____ is filed with this petition or _____ will be timely filed.

7. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), _____ is filed with this petition, or _____ will be timely filed.

8. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

## SECTION I. SPOUSAL SUPPORT (ALIMONY)

1. **Petitioner does not request spousal support (alimony) from Respondent at this time**.

**OR**

2. Respondent has the ability to contribute to Petitioner's support and has failed to do so. Petitioner requests that the Court order Respondent to pay spousal support (alimony) to Petitioner, who claims that he or she has an actual need for the support that he or she is requesting. Spousal support (alimony) is requested in the amount of $ _____ every _____ week _____ other week _____ month, or _____ other _____, beginning *{date}*_____, and continuing until *{date or event}*_____ _____.

Florida Supreme Court Approved Family Law Form 12.904(a)(1), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 143 -

Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, bridge-the-gap, durational, and/or lump sum): _____

_____
_____.

3. _____Other provisions relating to alimony including any tax treatment and consequences:

_____
_____
_____

4. Petitioner requests life insurance on Respondent's life, provided by Respondent, to secure such support.

## SECTION II.  CHILD SUPPORT

 1. Respondent has the ability to contribute to the support of his or her minor child(ren) and has failed to do so.

*[Indicate **all** that apply]*

2._____ Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.

3. _____Petitioner requests that the Court award child support to be paid beyond the age of 18 years by Respondent because:

> a.____the following child(ren), *{name(s)}*_____,
> is (are) dependent because of a mental or physical incapacity which began prior to the age of 18 *{explain}:* _____
>
> _____
> _____.
>
> b.____the following child(ren), *{name(s)}* _____,
> is (are) dependent in fact, is (are) in high school and is (are) between the ages of 18 and 19; said child(ren) is (are) performing in good faith with a reasonable expectation of graduation before the age of 19.

4._____ Petitioner requests that medical/dental insurance for the minor child(ren) be provided by: *[**Choose only one**]*
> a. ____ Petitioner .
>
> b. ____ Respondent.

5._____ Petitioner requests that uninsured medical/dental expenses for the  child(ren) be paid: *[**Choose only one**]*

> a. ____ by Petitioner

Florida Supreme Court Approved Family Law Form 12.904(a)(1), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 144 -

b. _____ by Respondent

c. _____ equally (each spouse pays one-half)

d. _____ according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).

e. _____ Other *{explain}*: _____.

6. Petitioner requests that life insurance to secure child support be provided by Respondent.

**SECTION III. OTHER RELIEF**

_____
_____
_____
_____
_____

**SECTION IV. REQUEST**

(This section summarizes what you are asking the Court to include in the order for support.)

Petitioner requests that the Court enter an order establishing support **and**:

*[Indicate **all** that apply]*

a. _____ awarding spousal support (alimony) as requested in Section I of this petition;

b. _____ establishing child support for the minor child(ren) common to both parties, as requested in Section II of this petition;

c. _____ awarding other relief as requested in Section III of this petition; and any other items the Court deems necessary.

Florida Supreme Court Approved Family Law Form 12.904(a)(1), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 145 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose one}* _____ Petitioner _____ Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.904(a)(1), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 146 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a)(2),
# PETITION FOR SUPPORT AND PARENTING PLAN UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
# (02/18)

## When should this form be used?

This form may be used to ask the court to enter a support **order** if your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. It may also be used to establish a Parenting Plan with a time-sharing schedule. You can **only** use this form if a **dissolution of marriage** has not been filed **and** based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this **petition**. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.

This petition cannot address the issues of property or debts. It only deals with **alimony, child support, and Parenting Plans**.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. Because you are filing this **petition,** you are also referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the petition. Because this petition concerns child support and alimony, you should use **personal service**. If your spouse is in the military service of the United States, additional steps for service may be required. See **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 147 -

Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue.

Your spouse has 20 days to **answer** after being served with your petition.  Your case will then generally proceed in one of the following three ways:

**DEFAULT.**  If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.**  If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.**  If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there.  For further information, see section 61.09, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 148 -

through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form you must also file the following:

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after your spouse's financial affidavit has been served on you.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), (b), or (c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 149 -

**Alimony.** Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony, bridge-the-gap alimony, durational alimony,** and/or **rehabilitative alimony.** If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both.

**Child Support. Both parents are required to provide financial support for their minor or dependent children;** however, **t**he court may order one parent to pay child support to the other parent.  Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent.  You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same.  From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Parenting Plan and Time-Sharing. If** you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan.  The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests.  Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served.  For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment.  You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your petition.  **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 150 -

**Temporary Relief.**  If you need temporary relief regarding child support or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a).  For more information, see the instructions for that form.

**Final Judgment Forms.**  These family law forms contain a **Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 151 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA


In re: the Marriage of:                                    Case No: _____
                                                           Division: _____


_____,
                    Petitioner,
         and

_____,
                    Respondent.


# PETITION FOR SUPPORT AND PARENTING PLAN UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}*_____, the Petitioner, being sworn, certify that the following statements are true:


1. JURISDICTION
_____ Petitioner _____ Respondent ____ Both live in Florida at the filing of this Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.


2. Petitioner _____ is or _____ is not a member of the military service.
   Respondent _____ is or _____ is not a member of the military service.


3.  MARRIAGE HISTORY

Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}* _____ (____Indicate if approximate).
Place of marriage: *{county, state, country}* _____.


4.  MINOR CHILD(REN)
*[Indicate **all** that apply]*
a.  ____Petitioner is pregnant.  The baby is due on: *{date}* _____

b.  _____Respondent is pregnant. The baby is due on: *{date}*_____

c.____The minor (under 18) child(ren) common to both parties, conceived or born during the marriage, are:


Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

**Name**                                          **Birth date**

_____
_____
_____
_____

   d._____The child(ren) common to both parties who are 18 or older but who are dependent
   upon the parties due to a mental or physical incapacity are:

**Name**                                          **Birth date**

_____
_____
_____
_____

   5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form
      12.902(j), is filed with this petition.

   6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b)
   or (c) _____ is filed with this petition or _____ will be timely filed.

   7. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form
   12.902(e), _____ is filed with this petition, or _____ will be timely filed.

   8. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
   Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

**SECTION I.  SPOUSAL SUPPORT (ALIMONY)**

   1. **Petitioner does not request spousal support (alimony) from Respondent at this time**.

                                    **OR**

   2. Respondent has the ability to contribute to Petitioner's support and has failed to do so. Petitioner
   requests that the Court order Respondent to pay spousal support (alimony) to Petitioner, who claims
   that he or she has a need for the support that he or she is requesting.  Spousal support (alimony) is
   requested in the amount of $_____ every _____ week _____ other week _____ month, or
   _____other _____, beginning *{date}_____, and continuing until *{date or event}*
   _____.

   Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony
   (temporary, permanent, rehabilitative, bridge-the-gap, durational, and/or lump sum): _____
   _____
   _____
   _____
   _____.

   3. _____Other provisions relating to alimony including any tax treatment and consequences:

Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan
Unconnected with Dissolution of Marriage (02/18)

_____
_____
_____

4. Petitioner requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION II. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1. The minor child(ren) currently reside(s) with _____ Petitioner _____ Respondent _____ Other: *{explain}* _____

   _____

2. **Parental Responsibility.** It is in the child(ren)'s best interests that parental responsibility be: *{Choose only **one**}*
   c. ____ shared by both parents;

   d. ____ awarded solely to _____ Petitioner _____ Respondent . Shared parental responsibility would be  detrimental to the child(ren) because:_____
   _____
   _____
   _____.

3. **Parenting Plan and Time-Sharing.** It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____ does not include parental time-sharing with the child(ren). For purposes of a Parenting Plan, the Petitioner will be referred to as *{name or designation}*_____, and the Respondent will be referred to as *{name or designation}*_____. The Petitioner states that it is in the best interests of the child(ren) that:

   *{Choose only **one**}*
   a.____ The attached proposed Parenting Plan should be adopted by the court.  The parties
       *{Choose only one}* _____ have _____ have **not** agreed to the Parenting Plan.

   b. _____Each child will have time-sharing with both parents as follows: _____

       _____
       _____
   _____
   (_____ Indicate if a separate sheet is attached.)

   c. ____ The court should establish a Parenting Plan with the following provisions for:
       *{Insert name or designation of the appropriate parent in the space provided}*
       ____ No time-sharing for Parent _____
       ____ Limited time-sharing with Parent _____
       ____ Supervised Time-Sharing for Parent _____Parent_____;
       ____ Supervised or third-party exchange of the child(ren).
       ____ Explain:

       _____
       _____
       _____.

4. Explain why this request is in the best interests of the child(ren): _____

Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 154 -

_____
_____
_____
_____

**SECTION III.  CHILD SUPPORT**

  1. Respondent has the ability to contribute to the support of his or her minor child(ren) and has failed to do so. Based upon the time-sharing schedule, the Petitioner is entitled to child support.

*[Indicate **all** that apply]*
2._____ Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.

3. _____Petitioner requests that the Court award child support to be paid beyond the age of 18 years by Respondent because:

> a.____the following child(ren), *{name(s)}*_____,
> is (are) dependent because of a mental or physical incapacity which began prior to the age of 18 *{explain}:* _____
> _____
> _____;
>
> b.____the following child(ren), *{name(s)}* _____,
> is (are) dependent in fact, is (are) in high school and is (are) between the ages of 18 and 19; said child(ren) is (are) performing in good faith with a reasonable expectation of graduation before the age of 19.

4._____ Petitioner requests that medical/dental insurance for the minor child(ren) be provided by: *[**Choose only one**]*
> c.   ____ Petitioner.
>
> d.   ____ Respondent.

5._____ Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid:  *[**Choose only one**]*

> f.   ____ by Petitioner
>
> g.   ____ by Respondent
>
> h.   ____ equally  (each spouse pays one-half)
>
> i.   ____according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
>
> j.   ____Other *{explain}*: _____.

6. _____ Petitioner requests that life insurance to secure child support be provided by:
  _____ Respondent
  _____ both spouses.

Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 155 -

**SECTION IV. OTHER RELIEF**

_____
_____
_____
_____

**SECTION V. REQUEST**
 (This section summarizes what you are asking the Court to include in the order for support.)

Petitioner requests that the Court enter an order:

*{Indicate **all** that apply}*

1.____ awarding spousal support (alimony) as requested in Section I of this petition;

2. ____ adopting or establishing a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren), as requested in Section II of this petition;

3.____ establishing child support for the minor child(ren), as requested in Section III of this petition;

4. ____ awarding other relief as requested in Section IV of this petition; and any other items the Court deems necessary.

Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY    PUBLIC    or    DEPUTY    CLERK
_____
*{[Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____  Personally known
_____  Produced identification
       Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
 *{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.904(a)(2), Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(b),
## PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)
## (02/18)

### When should this form be used?

This form may be used if a **dissolution of marriage** has not been filed, and you are requesting **alimony**. If a petition for dissolution has been filed, you should file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c), instead of using this **petition**. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.

This petition does not address the issues of property or debts. It only deals with alimony.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. Because you are filing the **petition** in this proceeding, you are referred to as the **petitioner** and your **spouse** as the **respondent.**

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### What should I do next?

For your case to proceed, you must properly notify your spouse of the petition. Because this petition concerns alimony, you should use **personal service**. If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue.

Your spouse has 20 days to **answer** after being served with your petition. Your case will then generally proceed in one of the following three ways:

Instructions for Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 158 -

**DEFAULT.** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please

Instructions for Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 159 -

**CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form you must also file the following:

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)

**Alimony.** Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony,** and/or **rehabilitative alimony**. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both.

**Temporary Relief.** If you need temporary relief regarding alimony, you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.

**Final Judgment Forms.** These family law forms contain a **Final Judgment of Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.994(b), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 160 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: the Marriage of:

Case No: _____

Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)

I, {full legal name} _____, the
[Choose only one] Petitioner, being sworn, certify that the following statements are true:

1. JURISDICTION
   _____ Petitioner _____ Respondent _____ Both live in Florida at the filing of this Petition for Support Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.

2. Petitioner _____ is or _____ is not a member of the military service.
   Respondent _____ is or _____ is not a member of the military service.

3. MARRIAGE HISTORY
   Date of marriage: {month, day, year} _____
   Date of separation: {month, day, year} (___Indicate if approximate) _____)

4. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c),_____ is filed with this petition  or _____ will be timely filed.

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), _____is filed with this petition or _____ will be timely filed.

**SECTION I.  SPOUSAL SUPPORT (ALIMONY)**

1. _____Respondent has the ability to contribute to Petitioner's support and has failed to do so. Petitioner requests that the Court order Respondent to pay spousal support (alimony) to Petitioner, who claims that he or she has an actual need for the support that he or she is requesting.  Spousal support (alimony) is requested in the amount of $_____every _____ week _____ other week _____ month, or _____ other _____ beginning {date} _____, and continuing until {date or event}_____.

Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 161 -

Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum):

_____
_____
_____
_____
_____
_____.

2. _____ Other provisions relating to alimony including any tax treatment and consequences:

_____
_____
_____.

3. _____ Petitioner requests life insurance on Respondent's life, provided by that spouse, to secure such support.

**SECTION II.  OTHER RELIEF**

_____
_____
_____
_____

**SECTION III.  REQUEST** (This section summarizes what you are asking the Court to include in the order for support.)

Petitioner requests that the Court enter an order establishing support **and**:
*[Indicate **all** that apply]*
1._____ awarding spousal support (alimony) pursuant to Section I of this petition;

2._____ awarding other relief as specified in Section II of this petition; and any other terms the Court deems necessary.

Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 162 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____   _____
Signature of Petitioner

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Addresses): _____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____   Personally known
_____   Produced identification
_____   Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the: *{choose only **one**}* Petitioner
This form was completed with the assistance of:
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 163 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In Re: The Marriage of:

_____,
Petitioner,

and

_____,
Respondent.

# TEMPORARY ORDER OF SUPPORT, TIME-SHARING, AND OTHER RELIEF WITH DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court for a hearing on a Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren).  The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:

The Court has jurisdiction over the subject matter and the parties.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.  Injunction.**
1. _____ Petitioner _____ Respondent is (are) prohibited and enjoined from disposing of any marital assets without the written permission of the other party or a court order.  If indicated here ____, the person(s) prohibited and enjoined from disposing of any marital assets may continue to pay all ordinary and usual expenses.
2. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.
3. Violation of this injunction may constitute criminal contempt of court.
4. Bond.  This order is conditioned upon _____ Petitioner _____ Respondent posting bond in the sum of $_____ with the clerk of this Court.

**B.  Temporary Use of Assets.**
1. The assets listed below are temporarily determined to be marital assets.  Each party shall temporarily have the use of, as his/her own, the assets awarded in this section, and the other party shall temporarily have no further use of said assets.  **Any personal property not listed below shall be for the use of party currently in possession of that item(s), and he or she may not dispose of that item(s) without the written permission of the other party or**

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

- 164 -

**a court order.**

| ASSETS: DESCRIPTION OF ITEM(S)<br>(Please describe each item as clearly as possible. You do not have to list account numbers.) | Petitioner Shall Have Temporary Use | Respondent Shall Have Temporary Use |
|---|---|---|
| Automobiles | | |
| | | |
| | | |
| | | |
| Furniture & furnishings in home | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Furniture & furnishings elsewhere | | |
| | | |
| | | |
| | | |
| Jewelry | | |
| Business interests | | |
| | | |
| Other Assets | | |
| | | |

**C. Temporary Responsibility for Liabilities/Debts.**

1. The liabilities listed below are temporarily determined to be marital. Each party shall pay as his or her own the marital liabilities indicated below and shall keep said payments current. The other party shall temporarily have no further responsibility for the payment of these debts.

| LIABILITIES: DESCRIPTION OF DEBT(S)<br>(Please describe each item as clearly as possible. You do not have to list account numbers.) | Current Amount Owed | Petitioner Shall Pay | Respondent Shall Pay |
|---|---|---|---|
| Mortgages on real estate: (home) | $ | $ | $ |
| | | | |
| | _____ | _____ | _____ |
| Charge/credit card accounts | | | |
| | | | |
| Auto loan | | | |
| Auto loan | | | |
| Bank/Credit Union loans | | | |
| | | | |

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

| LIABILITIES:  DESCRIPTION OF DEBT(S) (Please describe each item as clearly as possible. You do not have to list account numbers.) | Current Amount Owed | Petitioner Shall Pay | Respondent Shall Pay |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
| Money owed (not evidenced by a note) |  |  |  |
|  |  |  |  |
| Other |  |  |  |
|  |  |  |  |
|  |  |  |  |

## SECTION II.  TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME

*[Indicate **all** that apply]*

1. _____ Petitioner _____Respondent shall have temporary exclusive use and possession of the dwelling located at: *{address}* _____

   until: *{date or event}* _____

   _____ .

2. _____ Petitioner _____Respondent may make a visit to the premises described in the paragraph above for the purpose of obtaining his or her clothing and items of personal health and hygiene and to obtain any items awarded in this order.  This visit shall occur after notice to the person granted temporary exclusive use and possession of the dwelling and at the earliest convenience of both parties.

3. _____Other:

   _____

   _____

   _____

## SECTION III.   TEMPORARY PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN) *{Insert the name or designation of each parent in the spaces provided below}*

1. **Jurisdiction.**  The Court has jurisdiction to determine temporary parental responsibility and time-sharing for the parties' minor child(ren) listed in paragraph 2 below.

2. **The parties' dependent or minor child(ren) is (are):**

   **Name**                                                    **Birth date**

   _____

   _____

   _____

   _____

   _____

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

3. **Temporary Parental Responsibility for the Minor Child(ren).**
   *{Choose only **one**}{Insert the name or designation of each parent in the space provided}*
   a. _____ The parties shall have temporary **shared parental responsibility** for the parties' minor child(ren).

   b. _____Parent _____ shall have temporary **sole parental responsibility** for the parties' minor child(ren).  Temporary shared parental responsibility would be detrimental to the child(ren) at this time because: _____
   _____
   _____
   _____.

   c. _____ Parent _____ shall have ultimate decision making authority regarding the following:_____
   _____
   _____.

   d. **Other provisions:** _____
   _____
   _____.

4. **Temporary Time-sharing Schedule with Minor Child(ren).**  The parent(s) shall have:
   *{Choose only **one**}{Insert the name or designation of each parent in the space provided.}*

   a. **_____ reasonable** time-sharing schedule with the parties' minor child(ren) as agreed to by the parties, subject to any limitations in paragraph 5 below.  The Court reserves jurisdiction to set a specific schedule.

   b. _____the following **specified time-sharing schedule** with the parties' minor child(ren), subject to any limitations set out in paragraph 5 below: *{specify days and times}*
   _____
   _____.

   **Parent *{name or designation}*_____'s Temporary Time-Sharing Schedule**.
   _____
   _____
   _____
   _____.

   **Parent *{name or designation}*_____'s Temporary Time-sharing Schedule**.
   _____
   _____
   _____
   _____.

c. _____ Time-sharing in accordance with the temporary **Parenting Plan** attached as Exhibit _____.

d. _____ Parent *{name or designation}* _____ shall have **no contact** with the parties' minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren): *{explain}:* _____

_____

_____

5. **Limitations on Time-sharing.** *{If applicable}*
Neither parent shall take the child(ren) from the other parent, any child care provider, or other person entrusted by the other parent with the care of the child(ren) without the agreement of the other party during the other party's time-sharing. The above time-sharing shall be:
*{Insert the appropriate information in the space provided.}*

a. _____ **supervised by a responsible adult** who is mutually agreeable to the parties. If the parties cannot agree, the supervising adult shall be: *{name}* _____.

b. _____ at a **supervised visitation/time-sharing** center located at: *{address}* _____ _____, subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by
_____ Parent *{name or designation}* _____
_____ Both parents.

6. **Communication Arrangements, Parental Responsibility and Time-sharing with Minor Child(ren).** *{Indicate **if** applicable}*

a. _____ The parties' communications to arrange time-sharing and discuss issues relating to the child(ren) (if temporary shared parenting, or time-sharing is provided in paragraph 3 above) are restricted as follows: _____ telephone, _____ fax, _____ e-mail, or _____ letter, _____ a responsible person shall coordinate the time-sharing arrangements of the minor child(ren). If the parties cannot agree, the responsible person shall be: *{name}* _____

b. _____ Other conditions for arrangements or discussions: *{explain}* _____
_____
_____
_____.

7. **Exchange of Minor Child(ren).** The exchange of the minor child(ren) shall be on time as scheduled and as agreed to by the parties. The following conditions, if indicated below, shall also apply. *{Indicate **all** that apply}*
*{Insert the name or designation of each parent in the space provided.}*

a. _____ The parties shall temporarily exchange the child(ren) at the following location(s):
_____

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

- 168 -

b. _____ Parent *{name or designation}* _____ shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the child(ren) are exchanged.

c. _____ A responsible person shall conduct all exchanges of the child(ren). Parent *{name or designation}* _____ shall not be present during the exchange. If the parties cannot agree, the responsible person shall be: *{name}* _____

d. _____ Other conditions for exchange of the child(ren) are as follows: _____
_____
_____
_____
_____
_____
_____

8. _____ **Injunction Prohibiting Removing the Child(ren).** The Court hereby temporarily prohibits and enjoins
_____ Parent *{name or designation}* _____
_____ Both parents from removing the minor child(ren) from the State of Florida without a court order or the written consent of the other party.

9. _____ **Other Temporary Provisions Relating to the Minor Child(ren).**
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**SECTION IV.  TEMPORARY ALIMONY**

1. _____ The Court denies the request(s) for temporary alimony.

   **OR**

2. _____ The Court finds that there is a need for, and that _____ Petitioner _____ Respondent, hereinafter Obligor, has/had the present ability to pay temporary alimony as follows: *{Indicate **all** that apply}*

   a. _____ **Temporary Periodic.** Obligor shall pay temporary periodic alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}*
   _____,

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

- 169 -

beginning *{date}* _____. This temporary periodic alimony shall continue until modified by court order, the death of either party, or until, _____, *{date or event}* whichever occurs first.

b. _____ **Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}* _____ through *{date}* _____, which shall be paid pursuant to paragraph 4 below.

3. **Reasons for Awarding/Denying Temporary Alimony Award.**
   The reasons for awarding/denying temporary alimony are as follows:
   a. _____ length of the marriage of the party receiving temporary alimony: years_____;
   b. _____ age of party receiving temporary alimony: _____ years;
   c. _____ health of party receiving temporary alimony: _____ excellent _____ good _____ poor _____ other_____;
   d. _____ other factors _____
   _____

   _____ Please indicate here if additional pages are attached.

4. **Retroactive Alimony.** _____ Petitioner _____ Respondent shall pay to the other party the temporary retroactive alimony of $_____, as of *{date}* _____. This amount shall be paid in the amount of $_____ per month, payable in accordance with Obligor's employer's payroll cycle, and in any event at least once a month, or _____ other *{explain}*

   _____

   beginning: *{date}* _____, until paid in full including statutory interest.

5. **Insurance.**
   *{Indicate **all** that apply}*
   a. _____ **Health Insurance.** _____ Petitioner _____ Respondent shall temporarily be required to pay health insurance premiums for the other party not to exceed $_____ per month. Further, _____ Petitioner _____ Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not exceed $_____ per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.

   b. _____ **Life Insurance (to secure payment of support).** To secure the temporary alimony obligations set forth in this order, the Obligor shall temporarily maintain life insurance on his/her life, naming the Obligee as the sole irrevocable beneficiary, so long as reasonably available. This temporary insurance shall be in the amount of at least $_____ and shall remain in effect until this temporary obligation for alimony terminates.

6. _____Other provisions relating to temporary alimony including any tax treatment and consequences:_____

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

- 170 -

_____ .

**SECTION V.  TEMPORARY CHILD SUPPORT**

1.  The Court finds that there is a need for temporary child support and that the _____ Petitioner _____ Respondent (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Petitioner _____ Respondent are correct

    **OR**

    The Court makes the following findings:
    Petitioner's net monthly income is $_____.
    Respondent's net monthly income is $_____.
    Monthly child care costs are $_____.
    Monthly health/dental insurance costs are $_____.

2.  **Amount.**

    Child support established at the rate of $_____per month for the _____children *{total number of minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle.

    Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining _____ children *{number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* This child support shall be paid in the amount of $ _____ per _____ *{week, month, other}* consistent with Obligor's current payroll cycle.

    ***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule ____appears below or____ is attached as part of this form}***

    _____
    _____
    _____
    _____
    _____
    _____.

    The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

- 171 -

dependent in fact, between the ages of 18 and 19, and is still in high school performing in good faith with a reasonable expectation of graduation before age 19.

If the temporary child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____

_____

_____ .

3. **Retroactive Child Support.**
   *{Indicate **if** applicable}*
   _____Petitioner _____ Respondent shall pay to the other party the temporary retroactive child support of $_____, as of *{date}* _____. This amount shall be paid in the amount of $_____ per month, payable in accordance with Obligor's employer's payroll cycle, and in any event at least once a month, or _____ other *{explain}* _____ beginning *{date}* _____, until paid in full including statutory interest.

4**. Insurance.**
   *[Indicate **all** that apply]*

   _____**Health/Dental Insurance.** _____ Petitioner _____ Respondent shall be required to temporarily maintain_____ health _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey cards showing coverage to the other party.

   **OR**

   _____ Health _____ dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

   Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall temporarily be assessed as follows:
   _____ Shared equally by both parents.
   _____ Prorated according to the child support guideline percentages.
   _____ Other *{explain}*: _____

   _____
   As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5**. _____Life Insurance (to secure payment of support).** To secure the temporary child support obligations in this order, _____ Petitioner _____ Respondent _____ Each party shall temporarily maintain life insurance, in an amount of at least $_____, on _____ his/her life naming the _____ minor child(ren) as the beneficiary (ies) **OR** naming the
   _____Petitioner _____ Respondent _____other *{name}*: _____ as trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

- 172 -

insurance coverage shall continue until the Court orders otherwise or until *{date/event}*
_____.

6. IRS Income Tax Exemption(s). The assignment of any tax exemption for the child(ren) shall be as follows: _____
_____.

7. _____Other provisions relating to temporary child support**:** _____
_____.

## SECTION VI.  METHOD OF PAYMENT

Obligor shall pay any temporary court-ordered child support/alimony and arrears, if any, as follows:

1. **Place of Payment**

    a. _____ Obligor shall pay temporary court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

    b. _____ Both parties have requested and the court finds that it is in the best interests of the child(ren) that temporary support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

    _____ **Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately.  Obligor is individually responsible for paying this temporary support obligation until all of said support is deducted from Obligor's income. Until temporary support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

    _____ **Deferred.**  Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs.  Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*
    _____
    _____
    _____

    **AND**
    there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
    **AND**

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

- 173 -

_____ there is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance

**OR**

_____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment.** _____

_____

_____

## SECTION VII.  TEMPORARY ATTORNEY'S FEES, COSTS, AND SUIT MONEY

1. _____Petitioner's _____Respondent's request(s) for temporary attorney's fees, costs, and suit money is (are) denied because _____

_____

**OR**

2. _____ The Court finds there is a need for and an ability to pay temporary attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent is hereby ordered to pay to the other party $_____ in temporary attorney's fees, and $_____ in costs.  The Court further finds that the temporary attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____reasonable hours.  Other provisions relating to temporary attorney's fees, costs, and suit money are as follows: _____

_____

_____.

## SECTION VIII.  OTHER PROVISIONS

**Other Provisions:** _____

_____

_____

_____.

DONE AND ORDERED in _____, Florida on *{date}* _____.

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

I certify that a copy of this *{name of document(s)}* _____
was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties or entities
listed below on *{date}*_____.

by _____
*{Clerk of court or designee}*

Petitioner (or his or her attorney)
Respondent (or his or her attorney)
State Disbursement Unit
Central depository
Other: _____

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing and Other Relief with Dependent or Minor Child(ren) (02/18)

- 175 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

In Re: The Marriage of:

_____,
Petitioner,
and

_____,
Respondent.

# ORDER FOR TEMPORARY SUPPORT AND OTHER RELIEF
# WITH NO DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court for a hearing on a Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren). The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:

The Court has jurisdiction over the subject matter and the parties.

### SECTION I.  MARITAL ASSETS AND LIABILITIES

**A.  Injunction.**
1. _____ Petitioner _____ Respondent is (are) prohibited and enjoined from disposing of any marital assets without the written permission of the other party or a court order; however, _____Petitioner _____Respondent may continue to pay all ordinary and usual expenses.

2. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.

3. Violation of this injunction may constitute criminal contempt of court.

**4.** Bond.  This order is conditioned upon _____ Petitioner _____ Respondent posting bond in the sum of $_____ with the clerk of this Court.

**B.  Temporary Use of Assets.**
1. The assets listed below are temporarily determined to be marital assets.  Each party shall temporarily have the use of, as his/her own, the assets awarded in this section, and the other party shall temporarily have no further use of said assets.  **Any personal property not listed below shall be for the use of party currently in possession of that item(s), and he or she may not dispose of that item(s) without the written permission of the other party or a court order.**

Florida Supreme Court Approved Family Law Form 12.947(d), Temporary Order of Support and Other Relief with No Dependent or Minor Child(ren) (02/18)

| ASSETS:  DESCRIPTION OF ITEM(S) (Please describe each item as clearly as possible. You do not need to list account numbers.) | Petitioner Shall Have Temporary Use | Respondent Shall Have Temporary Use |
|---|---|---|
| Automobiles | | |
| | | |
| | | |
| | | |
| Furniture & furnishings in home | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Furniture & furnishings elsewhere | | |
| | | |
| | | |
| | | |
| Jewelry | | |
| Business interests | | |
| | | |
| Other Assets | | |

C.  **Temporary Responsibility for Liabilities/Debts.**
    1.  The liabilities listed below are temporarily determined to be marital.  Each party shall pay as his or her own the marital liabilities indicated below and shall keep said payments current.  The other party shall temporarily have no further responsibility for the payment of these debts.

| LIABILITIES:  DESCRIPTION OF DEBT(S) (Please describe each item as clearly as possible. You do not need to list account numbers.) | Current Amount Owed | Petitioner Shall Pay | Respondent Shall Pay |
|---|---|---|---|
| Mortgages on real estate: (home) | $ | $ | $ |
| | | | |
| | _____ | _____ | _____ |
| Charge/credit card accounts | | | |

Florida Supreme Court Approved Family Law Form 12.947(d), Temporary Order of Support and Other Relief with No Dependent or Minor Child(ren) (02/18)

| LIABILITIES:  DESCRIPTION OF DEBT(S) (Please describe each item as clearly as possible. You do not need to list account numbers.) | Current Amount Owed | Petitioner Shall Pay | Respondent Shall Pay |
|---|---|---|---|
|  |  |  |  |
| Auto loan |  |  |  |
| Auto loan |  |  |  |
| Bank/Credit Union loans |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Money owed (not evidenced by a note) |  |  |  |
|  |  |  |  |
| Other |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**SECTION II.  TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**

*{Indicate **all** that apply}*

1. _____Petitioner _____ Respondent shall have temporary exclusive use and possession of the dwelling located at: *{address}* _____

    _____

    until *{date or event}* _____

    _____ .

2. _____ Petitioner _____Respondent may make a visit to the premises described in the paragraph above for the purpose of obtaining his or her clothing and items of personal health and hygiene and to obtain any items awarded in this order.  This visit shall occur after notice to the person granted temporary exclusive use and possession of the dwelling and at the earliest convenience of both parties.

3. _____ Other: _____

    _____

    _____ .

Florida Supreme Court Approved Family Law Form 12.947(d), Temporary Order of Support and Other Relief with No Dependent or Minor Child(ren) (02/18)

- 178 -

**SECTION III.  TEMPORARY ALIMONY**

1. _____ The Court denies the request(s) for temporary alimony.

   **OR**

2. _____The Court finds that there is a need for, and that _____ Petitioner _____ Respondent, hereinafter Obligor, has/had the present ability to pay, temporary alimony as follows: *{Indicate all that apply}*

   a. _____ **Temporary Periodic.** Obligor shall pay temporary periodic alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}* _____ beginning *{date}* _____. This temporary periodic alimony shall continue until modified by court order, the death of either party, or until *{date or event}* _____whichever occurs first.

   b. _____ **Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}* _____ through *{date}* _____, which shall be paid pursuant to paragraph 4 below.

3. **Reasons for Awarding/Denying Temporary Alimony Award.** The reasons for awarding/denying temporary alimony are as follows:
   a_____ length of the marriage of the party receiving temporary alimony: _____ years;
   b._____ age of party receiving temporary alimony: _____years;
   c._____ health of party receiving temporary alimony: _____ excellent _____ good _____ poor _____ other _____;
   d._____ other factors _____

   _____

   _____

   _____

   _____ Please indicate here if additional pages are attached.

4. **Retroactive Alimony.** _____ Petitioner _____ Respondent shall pay to the other party the temporary retroactive alimony of $_____, as of *{date}* _____. This amount shall be paid in the amount of $_____ per month, payable in accordance with Obligor's employer's payroll cycle, and in any event at least once a month (   ) other *{explain}:* _____

   _____,
   beginning *{date}* _____, until paid in full including statutory interest.

5. **Insurance.**
   *[Indicate all that apply]*
   a. _____ **Health Insurance.** _____ Petitioner _____ Respondent shall temporarily be required to pay health insurance premiums for the other party not to exceed $_____ per month. Further, _____ Petitioner _____ Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not exceed $_____per year.

Florida Supreme Court Approved Family Law Form 12.947(d), Temporary Order of Support and Other Relief with No Dependent or Minor Child(ren) (02/18)

- 179 -

As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.

b. \_\_\_\_\_ **Life Insurance (to secure payment of support).** To secure the temporary alimony obligations set forth in this order, the Obligor shall temporarily maintain any existing life insurance coverage on his/her life naming the Obligee as the sole irrevocable beneficiary, so long as reasonably available. This temporary insurance shall be in the amount of at least $_____ and shall remain in effect until this temporary obligation for alimony terminates.

6. \_\_\_\_\_ **Other provisions relating to temporary alimony including any tax treatment and consequences:**

_____

_____

_____ .

## SECTION IV. METHOD OF PAYMENT

Obligor shall pay any temporary court-ordered alimony and arrears, if any, as follows:

1. **Place of Payment.**

*[Indicate **if** applies]*

a. \_\_\_\_\_ Obligor shall pay temporary court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

b. \_\_\_\_\_ Both parties have requested and the Court finds that it is in the best interests that temporary support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

*[If applicable]*

a. \_\_\_\_\_ **Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this temporary support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

b. \_\_\_\_\_ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: there are no minor child(ren) common to the parties,

**AND**

Florida Supreme Court Approved Family Law Form 12.947(d), Temporary Order of Support and Other Relief with No Dependent or Minor Child(ren) (02/18)

- 180 -

there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,

**AND**

_____ there is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance

**OR**

_____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of temporary payment:** _____

_____

_____ .

## SECTION V. TEMPORARY ATTORNEY'S FEES, COSTS, AND SUIT MONEY

1. _____ Petitioner's _____ Respondent's request(s) for temporary attorney's fees, costs, and suit money is (are) denied because _____

_____ .

**OR**

2. _____ The Court finds there is a need for and an ability to pay temporary attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent is hereby ordered to pay to the other party $_____ in temporary attorney's fees, and $_____ in costs. The Court further finds that the temporary attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours. Other provisions relating to temporary attorney fees, costs, and suit money are as follows: _____

_____

_____ .

## SECTION VI. OTHER PROVISIONS

**Other Provisions:** _____

_____

_____

_____ .

Florida Supreme Court Approved Family Law Form 12.947(d), Temporary Order of Support and Other Relief with No Dependent or Minor Child(ren) (02/18)

- 181 -

DONE AND ORDERED in _____, Florida, on *{date}* _____.


_____
CIRCUIT JUDGE


I certify that a copy of this *{name of document}*_____
was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties or entities
listed below on *{date}*_____.


by_____
*{Clerk of court or designee}*


Petitioner (or his or her attorney)
Respondent (or his or her attorney)
State Disbursement Unit
Other: _____

Florida Supreme Court Approved Family Law Form 12.947(d), Temporary Order of Support and Other Relief with No Dependent or Minor Child(ren) (02/18)

- 182 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(a)
# AGREEMENT FOR RELOCATION WITH MINOR CHILD(REN)
# (02/18)

## When should this form be used?

This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor child(ren) are in agreement and are asking the court to permit the relocation of the child(ren)'s principal residence. "Other Person" means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). This form can be used at any time after either a petition or supplemental petition to relocate has been filed and the parties reach an agreement; OR can be used when the parties are in agreement and there is an existing cause of action, judgment, or decree of record pertaining to the child(ren)'s residence or time-sharing schedule. Either an agreement for relocation or a petition to relocate is required when:

1. You plan to relocate the child(ren)'s residence more than 50 miles from the child(ren)'s principal residence at the time of the last order which established or modified either a Parenting Plan or time-sharing schedule or at the time of filing of the pending action.

2. The court has not already entered an order granting permission to relocate.

3. The relocation will be for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren).

4. Your order or final judgment defining custody, primary residence, the Parenting Plan, or time-sharing was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); or was entered on or after October 1, 2009, or your case was pending on October 1, 2009.

5. If the visitation or time-sharing schedule will change due to the relocation, a Parenting Plan with a time-sharing schedule must be included with the Agreement. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

This form should be typed or printed in black ink. **You must fill in all sections of the form.** If you are an "other person" entitled to access, visitation, or time-sharing with the child(ren), substitute your name for a Parent in the form and "parties" for "parents." After completing the form, you should sign the form before a **notary public** or **deputy clerk.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (02/18)

- 183 -

**file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the court by filing the original of the Agreement and a **Motion for Order Permitting Relocation by Agreement**, Florida Supreme Court Approved Family Law Form, 12.950 (b), with the clerk of the circuit court of one of the following: the circuit court which has jurisdiction in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act; the circuit court in the county in which either parent and the child(ren) reside; or the circuit court in which the original action was adjudicated.  If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form.  You should file the original with the **clerk of the circuit court** and keep a copy for your records.

If the issue of the child(ren)'s physical residence is already before the court in an ongoing proceeding or through a judgment issued by the court, the court may enter an order adopting the Agreement without holding a hearing once both parties have signed it and neither has  requested a hearing.  When a hearing is not timely requested, the court shall presume that relocation is in the best interest of the child(ren) and may adopt the Agreement without holding a hearing.

 If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.  The court will then enter an order after the hearing.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (02/18)

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes.

If your case involves a modification of any provision relating to child support, you should also check with the clerk of the circuit court in the county in which you are filing this Agreement for Relocation to determine if any other forms must be filed.

If the parties agree to a modification of child support, the following forms should be filed with this Agreement:

- A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
- A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).

## Special notes...

The Agreement for Relocation with Minor Children must contain a **Parenting Plan** with a **time-sharing schedule**. At a minimum, the Parenting Plan must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The time-sharing schedule that specifies the time that the minor child(ren) will spend with each parent and every other person entitled to access or time-sharing,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, and any other activities,
- The methods and technologies that the parents will use to communicate with the child(ren), and
- Any transportation arrangements related to access or time-sharing.

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties' historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (02/18)

factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of the family as listed in s. 61.13(3), Florida Statutes.

This standard form does not include every possible issue that may be relevant to the facts of your case.  The Parenting Plan should be as detailed as possible to address the time-sharing schedule.  Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

The Parenting Plan and time-sharing schedule may be set forth in the body of the Agreement for Relocation with Minor Children or may be attached as a separate document.  You may attach a **Relocation/Long-Distance Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(c), or similar form.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

**Nonlawyer. . .** Remember, a person who is NOT an attorney is called a nonlawyer.  If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (02/18)

- 186 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                        Petitioner,
And

_____,
                        Respondent.

# AGREEMENT FOR RELOCATION WITH

# MINOR CHILD(REN) ___ INCLUDING OR__ NOT INCLUDING

# MODIFICATION OF CHILD SUPPORT

I, *{full legal name}* _____, Petitioner, referred to in the Parenting Plan as Parent *{name or designation}* _____and I, *{full legal name}* _____, Respondent, referred to in the Parenting Plan as Parent *{name or designation}*_____ being sworn, certify that the following information is true:

1. The parties to this action were granted a final judgment of:
   _____ dissolution of marriage
   _____ paternity
   on *{date}* _____.
   A copy of the final judgment and any modification(s) is/are attached.

2. *{If Applicable}*.  The following other person is an individual who is not a parent, but with whom the child resides pursuant to a court order, or who has the right of access to, time-sharing with, of visitation with the child(ren)_____.

3. Paragraph(s) _____of the _____ final judgment or _____ most recent modification thereof describes the present custody, visitation, or time-sharing schedule.

4. The dependent or minor child(ren) referred to in this Agreement are:

   **Name(s)**                                    **Birth Date(s)**

   _____
   _____
   _____
   _____
   _____

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (02/18)

**SECTION I. RELOCATION**

A. Both parties consent and stipulate to the following terms regarding modification of the final judgment or last modification thereof to allow Parent *{name or designation}* _____ to relocate with the minor child (ren) and modify the terms regarding visitation or time-sharing, with or without a hearing.

B. The following relocation information is true and correct:

1. The location of the intended new residence, including the state, city, and physical address, if known, is: _____

_____

2. The mailing address of the new physical residence, if not the same as the physical address, is: _____.

3. The telephone number of the intended new residence, if known is: is:_____.

4. The date of the intended move or proposed relocation is:_____

**SECTION II: JURISDICTION**

A. The United States is the country of habitual residence of the child(ren).

B. The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

C. This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.

D. Other: _____.

**SECTION III: PARENTAL RESPONSIBILITY AND TIME-SHARING SCHEDULE** *{Choose only **one**}*

A. _____Parental Responsibility and Time-Sharing shall remain the same as previously set out in the: *{choose only **one**}*
_____ Final Judgment of Dissolution;

_____ Final Judgment of Paternity;

_____ Other *{title of supplemental order of judgment}*_____

_____

dated *{date of order or judgment}*_____ and will continue without modification;

**OR**

B. _____The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit _____.

**OR**

C. _____The parties shall comply with the following Parenting Plan and time-sharing schedule set forth below.

**Parental Responsibility, Parenting Plan, and Time-Sharing Schedule**

1. **Parental Responsibility** *{Choose only one}*
   *{Insert the name or designation of the appropriate parent or other person}*

   _____ **Sole Parental Responsibility**.
   It is in the best interests of the child(ren) that Parent *{name or designation}* _____
   shall have sole authority to make major decisions for the child(ren.) It is detrimental to the
   child(ren) for the parents to share decision-making because: _____
   _____.

   _____ **Shared Parental Responsibility**.
   It is in the best interests of the child(ren) that the parents confer and **jointly** make all major decisions affecting the welfare of the child(ren). Major decisions include, but are not limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to this family.

   **_____ Shared Parental Responsibility with Decision-Making Authority**.
   It is in the best interests of the child(ren) that the parents confer and attempt to agree on the major decisions involving the child(ren).  If the parents are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

| Education/Academic decisions | Parent_____ | Parent_____ | Other Person_____ |
|---|---|---|---|
| Non-emergency health care | Parent_____ | Parent_____ | Other Person_____ |
| | Parent_____ | Parent_____ | Other Person _____ |
| _____ | Parent_____ | Parent_____ | Other Person_____ |

2. **Day-to-Day Decisions**

Unless otherwise specified in this Parenting Plan, each parent shall make decisions regarding day-to-day care and control of each child, including the performance of daily tasks, while the child is with that parent. Regardless of the allocation of decision making in the Parenting Plan, either parent may make emergency decisions affecting the health or safety of the child(ren) when the child is residing with that parent. A parent who makes an emergency decision shall share the decision with the other parent as soon as reasonably possible.

3. **Education**

a. **School Designation .** For purposes of school boundary determination and registration, Parent _____'s address shall be designated.

b. **Private or Home Schooling.** *{If Applicable}* The following provisions are made regarding private or home schooling:
_____
_____

c. **School Calendar**
If necessary, on or before _____ of each year, both parents should obtain a copy of the school calendars for the next school year. The parents shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.

The parents shall follow the school calendar of: *{Indicate **all** that apply}*
_____ the oldest child
_____ the youngest child
_____ the school calendar for _____ County
_____ the school calendar for _____ School

d. **Academic Break Definition**
When defining academic break periods, the period shall begin at the end of the last scheduled day of classes before the holiday or break and shall end on the first day of regularly scheduled classes after the holiday or break.

e. Other: _____
_____.

4. **Extracurricular Activities**

*{Indicate **all** that apply} {Insert the name or designation of the parent or other person}.*
_____Either parent may register the child(ren) and allow them to participate in the activity of the child(ren)'s choice.

_____The parents must mutually agree to all extra-curricular activities.

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (02/18)

\_\_\_\_\_The costs of the extra-curricular activities shall be paid by:

Parent_____ _____%

Parent_____ _____ %

\_\_\_\_\_The uniforms and equipment required for the extra-curricular activities shall be paid by:

Parent_____%

Parent_____ _____%

\_\_\_\_Other: _____

5. **Information Sharing**.
*{The following shall apply unless the court orders otherwise}*

Unless otherwise prohibited by law, both parents shall have access to medical and school records pertaining to the child(ren) and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parents shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that both parents have access to said records.

Each parent shall be responsible for obtaining records and reports directly from the school and health care providers.

Both parents have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

Both parents shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.

Both parents shall be listed as "emergency contacts" for the child(ren).

Each parent has a continuing responsibility to provide a residential and mailing address, and contact telephone number(s) to the other parent. Each parent shall notify the other parent in writing within 24 hours of any changes. Each parent shall notify the court in writing within seven (7) days of any changes.

Other: _____

6**. Time-Sharing Schedule:**
*{Insert the name or designation of each parent or other person. There must be a time-sharing schedule for each parent or other person.*

   a. **Weekday and Weekend Schedule:**
   The following schedule shall apply beginning on *{date}* _____ with Parent *{insert name of parent or other person}*_____ and continue as follows:

i. The child(ren) shall spend time with Parent *{name or designation}_* _____
on the following dates and times:

   **WEEKENDS**: _____ Every _____ Every Other _____ Other (*Specify*):

   _____
   From_____ to _____

   **WEEKDAYS**: *{Specify days}* _____
   From _____ to _____

   **OTHER**: *{Specify}* _____

ii. The child(ren) shall spend time with Parent *{name or designation}* _____ on the
following dates and times:

   **WEEKENDS**: _____ Every _____ Every Other _____ Other *{specify}*:

   _____
   From_____ to _____

   **WEEKDAY**S: *{Specify days}* _____
   From _____ to _____

   **OTHER**: *{specify}* _____

   _____

iii. *{If applicable}* The child(ren) shall spend time with the Other Person *{name or designation}*
_____ on the following dates and times:

   **WEEKENDS:** _____ Every _____ Every Other _____ Other *{specify}*:

   _____
   From _____to_____

   **WEEKDAYS:** *{Specify days}*_____
   From _____to_____

   **OTHER:** *{specify}* _____

b. **Please indicate below if there is a different time-sharing schedule for any child. Complete a separate Attachment for each child for whom there is a different time- sharing schedule.**

   _____ There is a different time-sharing schedule for the following child(ren) in Attachment _____.

_____, and _____.
*{Name of Child}*                                                 *{Name of Child}*

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (02/18)

c. **Holiday Schedule** *{Choose only **one**}*

_____No holiday time sharing shall apply. The regular time-sharing schedule set forth above shall apply.

_____Holiday time-sharing shall be as the parties agree.

_____Holiday time-sharing shall be in accordance with the following schedule.  The holiday schedule will take priority over the regular weekday, weekend, and summer schedules.  Fill in the blanks with the name or designation of the appropriate parent or the other person,  to indicate where the child(ren) will be for the specific  holiday.  Provide the beginning and ending times. If a holiday is not specified as even, odd, or every year with one parent, then the emain with the parent in accordance with the regular schedule

| **Holidays** | **Even Years** | **Odd Years** | **Every Year** | **Begin/End Time** |
|---|---|---|---|---|
| New Year's Day | *{name}* | *{name}* | *{name}* | *{from/to}* |
| Martin Luther King Wknd | | | | |
| President's Day Wknd | | | | |
| Easter | | | | |
| Passover | | | | |
| Mother's Day | | | | |
| Memorial Day Wknd | | | | |
| Father's Day | | | | |
| 4th of July | | | | |
| Labor Day Weekend | | | | |
| Rosh Hashanah | | | | |
| Yom Kippur | | | | |
| Columbus Day Wknd | | | | |
| Veteran's Day | | | | |
| Thanksgiving | | | | |
| Hanukkah | | | | |
| Christmas | | | | |
| Other _____ | | | | |
| Children's Birthday's | | | | |

d. **Winter Break**

Winter Break
*{Choose only **one**}{Insert the name or designation of parent or other person.}*

_____Parent *{name or designation}* _____ shall have the child(ren) from the day and time school is dismissed until December _____ at _____ a.m./p.m in _____odd-numbered years _____ even-numbered years _____ every year. The other parent will have the children

for the second portion of the Winter Break. The parties shall alternate the arrangement each year.

_____Parent *{name or designation}* _____ shall have the child(ren) for the entire Winter Break during _____ odd-numbered years _____ even-numbered years _____ every year.

_____Other: _____

Specific Winter Holidays
If not addressed above, specific Winter Holidays such as Christmas, New Year's Eve, Hanukkah, Kwanzaa, etc. shall be shared as follows: _____
_____

e. **Spring Break**
*{Choose only **one**} {Insert the name or designation of parent or other person}*

_____The parents shall follow the regular schedule.

_____The parents shall alternate the entire Spring Break with Parent *{name or designation}* _____ having the child(ren) during the _____ odd-numbered _____ even-numbered years.

_____Parent *{name or designation}*_____ shall have the child(ren) for the entire Spring Break every year.

_____The Spring Break will be evenly divided. The first half of the Spring Break will go to the parent whose regularly scheduled weekend falls on the first half with the second half going to the parent whose weekend falls during the second half.

_____ Other: _____

f. **Summer Break**
*{Choose only **one**}{Insert the name or designation of parent or other person}*

_____ The parents shall follow the regular time-sharing schedule through the summer.

_____ Parent *[name or designation]* _____ shall have the entire Summer Break from _____ after school is out until _____ before school starts.

_____The parents shall equally divide the Summer Break. During _____ odd-numbered years _____ even-numbered years, Parent*{name or designation}* _____ _____ shall have the child(ren) from _____ before after school is out until_____. The other parent shall have the child(ren) for the second half of the summer break. The parents shall alternate the first and second halves of Summer Break each year unless otherwise agreed. During the extended periods of time-sharing, the other parent shall have the child(ren)_____.

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (02/18)

_____ Other: _____.

7. **Number of Overnights:**
   *{Insert name or designation of parent or other person}*
   Based upon the time-sharing schedule, Parent *{name or designation}* _____
   has a total of _____ overnights per year and Parent *{name or designation}* _____
   has a total of _____ overnights per year. **Note: The two numbers must equal 365.**

8. **Schedule Changes** *{Indicate **all** that apply}*

   _____A parent making a request for a schedule change will make the request as soon as possible, but in any event, except in cases of emergency, no less than _____ before the change is to occur.

   _____A parent requesting a change of schedule shall be responsible for any additional child care, or transportation costs caused by the change.

   _____ Other _____.

9. **Transportation and Exchange of Children**
   *{Insert the name or designation of the parent or other person}*

   Both parents shall have the child(ren) ready on time with sufficient clothing packed and ready at the agreed upon time of exchange. All necessary information and medicines will accompany the child(ren).

   The parties shall exchange travel information and finalize travel plans at least _____ days in advance of the date of travel. Except in cases of emergency, any parent requesting a change of travel plans after the date of finalization shall be solely responsible for any additional costs.

   a. **Automobile Transportation and Exchange**

   If a parent is more than _____ minutes late without contacting the other parent to make other arrangements, the parent with the child(ren) may proceed with other plans and activities. *{Choose only **one**} {Insert the name or designation of parent or other person}*

   _____Parent *{name or designation}* _____ shall provide all transportation.

   _____Parent *{name or designation}* _____ shall pick up the child(ren) at the beginning of the visit and the other parent shall pick up the child(ren) at the end of the visit. The exchange shall take place:

   _____At the parents' homes unless otherwise agreed

_____At the following location unless the parties agree in advance to a different place_____.

_____The parents shall meet at the following central location:

_____.

_____Other: _____.

**b.  Airplane and Other Public Transportation and Exchange**

Airline regulations govern the age at which a child may fly unescorted. An older child or children may fly under such regulations as each airline may establish.

Airline reservations should be made well in advance, and preferably non-stop.

All flight information shall be sent to the other party(ies) at least _____days in advance of the flight by the party purchasing the tickets.

If the child(ren) are flying accompanied by a party, the parent picking up the child(ren) shall exchange the child(ren) with the other parent at _____and the parent returning the child(ren) shall exchange the child(ren) at_____.

If the exchange is to be made at the airport, the party flying in to pick up or drop off the child(ren) from/to the airport must notify the other party of any flight delays.

Unless otherwise agreed in advance, if the child(ren) are flying unaccompanied, the parent taking the child(ren) to the airport must call the other parent immediately upon departure to notify the other parent that the child(ren) is/are arriving, and the parent who meets the child(ren) must immediately notify the other parent upon the child(ren)'s arrival. *{Indicate **all** that apply}*

_____Until a child reaches the age of _____, the parties agree that the child(ren) shall take a direct flight and/or fly accompanied by _____.

_____Once a child reaches the age of _____ the child shall be permitted to fly accompanied by an airline employee.

_____Once a child reached the age of _____ the child shall be permitted to fly unescorted.

_____Other: _____.

**c.  Costs of Airline and Other Public Transportation**

The parents shall work together to purchase the most convenient and least expensive tickets.

Unless otherwise agreed or in the case of an unavoidable emergency, any costs incurred by a missed travel connection shall be the sole responsibility of the parent who failed to timely deliver the child(ren) to the missed connection.
*{Indicate **all** that apply} {Insert name or designation of parent or other person}*

_____ Transportation costs are included in the Child Support Worksheets and/or the Order for Child Support and should not be included here.

_____ Parent _____ shall pay _____% and Parent _____ shall pay _____ % of the transportation costs.

_____ Parent_____ shall pay _____% and Parent _____ shall pay _____% of the transportation costs for an adult to accompany the child(ren) during travel.

_____ If the parents are sharing travel costs, the non-purchasing parent shall reimburse the other parent within _____ days of receipt of documentation establishing the travel costs.

_____ Other: _____.

10. **Foreign and Out-Of-State Travel**
    *{Indicate **all** that apply}*

    _____ Either parent may travel within the United States with the child(ren) during his/her time-sharing. The parent traveling with the child(ren) shall give the other parent at least _____ days written notice before traveling out of state unless there is an emergency, and shall provide the other parent with a detailed itinerary, including locations and telephone numbers where the child(ren) and parent can be reached at least _____ days prior to traveling.

    _____ Either parent may travel out of the country with the child(ren) during his/her time-sharing.  At least _____ days prior to traveling, the parent shall provide a detailed itinerary, including locations, and telephone numbers where the child(ren) and parent may be reached during the trip.  Each parent agrees to provide whatever documentation is necessary for the other parent to take the child(ren) out of the country.

    _____ If a parent wishes to travel out of the country with the child(ren), he/she shall provide the following security for the return of the child(ren) _____
    _____.

    _____ Other _____.

11. **Other travel and exchange arrangements**:
    _____
    _____
    _____.

## 12. Communication

_____**Between Parents**

All communications regarding the child(ren) shall be between the parents.  The parents shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes. The parents shall communicate with each other by: *{Indicate **all** that apply}*
_____in person
_____  by telephone
_____  by letter
_____  by e-mail
_____  Other:_____.

_____**Between Parent and Child(ren)**

Both parents shall keep contact information current.  Telephone or other electronic communication between the child(ren) and the other parent shall not be monitored by or interrupted by the other parent.  "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face to face contact.

_____The child(ren) may have _____ telephone _____ e-mail _____ other electronic communication in the form of _____ with the other parent:{*(Choose only **one***
_____Anytime
_____Every day during the hours of _____ to _____.
_____On the following days_____
during the hours of _____ to _____.
_____  Other: _____.

## 13. Costs of Electronic Communication

The costs of electronic communication between parents and the minor child(ren) shall be allocated as follows:

_____
_____
_____.

## 14. Designation for Other Legal Purposes

*{Insert name or designation of parent or other person.}*

The child(ren) named in this Parenting Plan  are scheduled to reside the majority of the time with Parent _____. This majority designation is **SOLELY** for purposes of all other state and federal laws which require such designation. **This designation does not affect either parent's rights or responsibilities under this Relocation Agreement.**

## 15. Changes or Modifications of the Parenting Plan

Temporary changes may be made informally without a written document.  When the parents do not agree, the Parenting Plan remains in effect until further order of the court.

Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.

**16. Disputes or Conflict Resolution**

Parents shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parents may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

**SECTION IIV: CHILD SUPPORT AND INSURANCE**
*{Insert the name or designation of the appropriate parent in the spaces provided.}*

1.  **Modification of Child Support**
    If the requested modification is granted, the parties:

    _____agree that child support should be modified, consistent with the modification of the time-sharing schedule

    _____ agree that child support will **NOT** be modified.

2.  **Amount of Child Support**

    Parent *{name or designation}* _____ (hereinafter "Obligor") will pay child support, under Florida's child support guidelines, section 61.30, Florida Statutes, to the other parent. The Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is completed and attached.

    This parent shall be obligated to pay child support at the rate of $_____, per month for the _____children *{number of parties' minor or dependent children}* beginning *{month, day, year}* _____ and  terminating _____*{month, day, year}*. Child support shall be paid in the amount of $_____ per _____ *{week, month, other}*, which is consistent with the Obligor's current payroll cycle.

    Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining_____ children *{total number of remaining children}* shall be paid beginning _____ *{month, day, year}* and terminating _____ *{month, day, year}*. This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

    ***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule either _____ appears below or _____is attached as part of this form.}***

The Obligor shall pay child support until all the minor or dependent children: reach the age of 18, become emancipated, marry, die, joins the armed services; or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18, and until high school graduation for any child who is: dependent in fact; between the ages of 18 and 19; and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support amount above deviates from the guidelines by 5% or more, explain the reason(s) here: _____
_____
_____.

3. **Retroactive Child Support and/or Arrearages.**
   a. _____ There is no retroactive child support or child support arrearage at the time of this Agreement.

   b. _____ Petitioner _____ Respondent shall pay child support to the other party in the amount of:
   $_____for retroactive child support, as of *{date}* _____
   $_____ for previously ordered unpaid child support, as of *{date}* _____.
   The total of $ _____ in retroactive and unpaid child support shall be paid at the rate of $ _____every: _____ week _____ other week _____ month, beginning *{date}* _____, until paid in full including statutory interest.

4. **Health Insurance.**
   *{Choose one only} {Insert the name or designation of the parent or other person}*

   Parent *{name or designation}* _____ will maintain health insurance for the parties' minor child(ren). The party providing health insurance will provide insurance cards to the other party showing coverage.

   **OR**

   _____ Health insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreimbursed medical costs for the minor child(ren) shall be assessed as follows

   _____Shared equally by both parents.

   _____Prorated according to the child support guideline percentages.

   _____Other *{explain}*: _____

   As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5.  **Dental Insurance.**
    *{Choose only **one**} {Insert the name or designation of the parent or other person}*

    Parent *{name or designation}* _____ will maintain dental insurance for the parties' minor child(ren).  The party providing dental insurance will provide insurance cards to the other party showing coverage.

    **OR**

    _____ Dental insurance is either not reasonable in cost or available to the children at this time. Any uninsured/unreimbursed dental costs for the minor child(ren) shall be assessed as follows:

    _____Shared equally by both parents.

    _____Prorated according to the child support guideline percentages.

    _____Other *{explain}*: _____

    As to these uninsured/unreimbursed dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

6.  **Life Insurance**.  *{Insert the name or designation of the parent or other person}*

    Parent *{name or designation}* _____shall be required to maintain life insurance coverage for the benefit of the parties' minor child(ren) in the amount of $ _____ until the youngest child turns 18, becomes emancipated, marries, joins the armed services, or dies.


**SECTION VII: OTHER**

_____
_____
_____
_____
_____
_____

**I certify that I have been open and honest in entering into this relocation agreement. I am satisfied with this agreement and intend to be bound by it.**


Dated: _____

_____
Signature of Petitioner/Parent_____
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

____ Personally known
____ Produced identification
____ Type of identification produced _____

**I certify that I have been open and honest in entering into this relocation agreement. I am satisfied with this agreement and intend to be bound by it.**


Dated: _____

_____
Signature of Respondent/Parent_____
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks]
This form was prepared for the: *{choose only one}* _____Petitioner _____Respondent _____Other Person.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}*_____,*{ zip code}* _____,*{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (02/18)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(b)
# MOTION FOR ORDER PERMITTING RELOCATION BY AGREEMENT
# (02/18)

## When should this form be used?

This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor child(ren) are in agreement and are asking the court to permit the relocation of the child(ren).  "Other Person" means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren).  You may file a Motion for Order Permitting Relocation with Agreement if the following are true:

- One of the parents or a person entitled to access to or time-sharing with the children wishes to relocate the child(ren) to a residence more than 50 miles from the child(ren)'s principal place of residence at the time of the last order establishing or modifying time-sharing or at time of filing of the pending action.

- There is an existing cause of action, judgment, or decree of record pertaining to the child(ren)'s residence or time sharing schedule.

- The parents and every other person entitled to access to or time-sharing with the children have signed a written agreement, **Agreement for Relocation with Minor Child(ren),** Florida Supreme Court Approved Family Law Form, 12.950(a), or similar form which:
    1. Reflects the consent to the relocation;
    2. Defines an access or time-sharing schedule for the non-relocating parent and any other persons who are entitled to access or time-sharing; and
    3. Describes, if necessary, any transportation arrangements related to access or time-sharing.

- Your order regarding custody, primary residence, the parenting plan, time-sharing, or access to or with the child(ren) was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); was entered on or after October 1, 2009; or your case was pending on October 1, 2009.

This form should be typed or printed in black ink.  **You must fill in all sections of the form**.  If you are an "other person" entitled to access, visitation, or time-sharing with the child(ren), substitute your name for Petitioner or Respondent  in the form.  After completing the form, you should sign the form before a **notary public** or **deputy clerk.** You should **file** the form in the county where the original order or judgment was entered.  If the order or judgment was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form.

Instructions for Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b) (02/18)

- 204 -

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

After completing this form, you should file the original with the **clerk of the circuit court** where there is an existing cause of action, judgment, or decree of record pertaining to the child(ren)'s residence or time-sharing schedule and keep a copy for your records. The original Agreement for Relocation with Minor Child(ren) should be attached to Motion or filed with the clerk of the circuit court at the same time.

If both parties agree, the court may ratify the Agreement without the necessity of an evidentiary hearing. You should check with the clerk, family law intake staff, or judicial assistant for the proper way to submit the Motion and a proposed **Final Judgment/Supplemental Final Judgment Granting**

Instructions for Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b) (02/18)

**Relocation**, Florida Supreme Court Approved Family Law Form 12.950(i), to the judge. If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. The court will then enter an order after hearing. If a hearing is not timely requested, the court shall presume that relocation is in the best interest of the child(ren) and may ratify the Agreement without an evidentiary hearing

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

If your case involved a modification of any provision relating to child support, you should also check with the clerk of the circuit court in the county in which you are filing the Motion for Order Permitting Relocation with Minor Child(ren) and Agreement for Relocation with Minor Child(ren) to determine if any other forms must be filed.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Former 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b) (02/18)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No:_____
Division:_____

_____,
                    Petitioner,
And

_____,
                    Respondent.

# MOTION FOR ORDER PERMITTING RELOCATION WITH AGREEMENT

We, Petitioner, *{full legal name}* _____,
Respondent, *{full legal name}* _____, and/or
_____ *{full legal name}* of Other Person entitled to
Access or Time-Sharing with child(ren),  being sworn, certify that the following  information is true: *{fill in **all** blanks}*

1.  We are asking the Court to permit relocation of the minor child(ren) to a residence at least 50 miles from the child(ren)'s principal place of residence at the time of entry of the last order establishing or modifying time-sharing, or at the time of filing of the pending action.

2.  There is an existing cause of action, judgment, decree of record pertaining the child(ren)'s residence or time-sharing schedule.

3.  **WE CONSENT TO THE RELOCATION OF THE MINOR CHILD(REN)** to the following address:
    _____.

4.  The dependent or minor child(ren) is (are):
    **Name(s)**                                              **Birth Date(s)**

    _____
    _____
    _____
    _____
    _____

5.  **Agreement.** A written **Agreement for Relocation with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.950(a) or similar form, is filed with this motion which reflects consent to the relocation; defines an access or time-sharing schedule for the non-relocating parent and any other persons who are entitled to access or time-sharing; and describes, if necessary, any transportation arrangements related to access or time-sharing.

Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b) (02/18)

6. The specific reasons for the proposed relocation of the child(ren) are:_____
_____
_____
_____
_____
_____
Attach additional sheets if necessary.

7. This modification is in the best interests of the child (ren) because: *{explain}*_____
_____
_____
_____
_____

8. **Hearing.** We seek ratification of the agreement by court order: *{choose only* **one***}*
   a._____ With hearing

   b._____ Without hearing

9. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this Agreement.

10. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this Agreement.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____
                                        Signature of PETITIONER
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip:_____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es): _____
                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____by _____


                                        _____
                                        NOTARY PUBLIC OR DEPUTY CLERK


                                        _____
                                        *{Print, type, or stamp commissioned name of notary or deputy clerk.}*


_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(c), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) AND RELOCATION (02/18)

## When should this form be used?

This form should be used when you are filing for **dissolution of marriage,** there are dependent or minor children, and pursuant to Section 61.13001, Florida Statutes:

1. You plan to relocate your residence more than 50 miles from the principal place of residence you have at the time of filing this petition; and

2. The change of location is for at least 60 consecutive days, not including a temporary absence from your principal place of residence for purposes of vacation, education or the provision of health care for the minor child(ren).

You or your **spouse** must have lived in Florida for at least 6 months before filing for dissolution of marriage in Florida.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public or deputy clerk.** You should file the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 210 -

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

For your case to proceed, you must properly notify your spouse and every other person entitled to access or time-sharing with the child(ren) of the petition. "Other Person" means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). If you know where your spouse lives, you should use **personal service**. If you absolutely do not know where your spouse lives, you may use **constructive service**. You may also be able to use constructive service if your spouse or the other person resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see **Notice of Action for Dissolution of Marriage**, Florida Supreme Court Approved Family Law Form 12.913(a), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, the **respondent** has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT.** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 211 -

**mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), Safety-Focused Parenting Plan, Form 12.995(b), or Relocation/Long-Distance Parenting Plan, Form 12.995(c). If the

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 212 -

parents have reached an agreement, a signed and notarized Parenting Plan should be attached.   If the parents have not reached an agreement, a proposed Parenting Plan may be filed.

**Updating Information.**  A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known.

**Parenting Plan and Time-Sharing. If** you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan.  The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served.  For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment.  You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your petition.  **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support. Both parents are required to provide financial support for their minor or dependent child(ren**); however, the court may order one parent to pay child support to the other parent.  Florida has adopted guidelines for determining the amount of child support to be paid.  These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent.  You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same.  From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony.**  Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay.  **If you want alimony, you must request it in writing in**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent  or Minor Child(ren) and Relocation (02/18)

- 213 -

the original petition. **If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request permanent **alimony**, **bridge-the-gap alimony, durational alimony,** and/or **rehabilitative alimony**. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both.

**Marital/Nonmarital Assets and Liabilities.** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief.** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility, relocation and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a) and a **Motion for Temporary Relocation**, Florida Supreme Court Approved Family Law From 12.950(e). For more information, see the instructions for those forms.

**Marital Settlement Agreement.** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Parenting Plan.** In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. As you are seeking to relocate, the Parenting Plan must include a post-relocation schedule for access and time-sharing together with the necessary transportation arrangements. If you and your spouse have reached an agreement, you should file a **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), a **Safety-Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b), or a **Relocation/Long-Distance Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a **Parenting Plan will be established by the court.**

**Final Judgment Form.** These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 214 -

**Nonlawyer.**   Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent  or Minor Child(ren) and Relocation (02/18)

- 215 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

In Re: The Marriage of

_____,
Petitioner,
And

_____,
Respondent.

# PETITION FOR DISSOLUTION OF MARRIAGE
# WITH DEPENDENT OR MINOR CHILD(REN) AND RELOCATION

I, *{full legal name}* _____, the
Petitioner, being sworn, certify that the following statements are true:

1. JURISDICTION/RESIDENCE
   _____ Petitioner _____ Respondent _____ Both Spouses has/have lived in Florida for at least six (6) months before the filing of this Petition for Dissolution of Marriage.

2. Petitioner *{Choose only **one**}* _____ is _____ is not a member of the military service.
   Respondent *{Choose only **one**}* _____ is _____ is not a member of the military service.

3. MARRIAGE HISTORY
   Date of marriage: *{month, day, year}*_____.
   Place of marriage: *{city, county, state}*_____.
   Date of separation: *{month, day, year}* _____ _____ *(Indicate if approximate).*

4. DEPENDENT OR MINOR CHILD(REN)
   *{Indicate **all** that apply}*
   a. _____ Petitioner is pregnant. Baby is due on: *{date}* _____
   b. _____ Respondent is pregnant. Baby is due on: *{date}* _____
   c. _____ The minor (under 18) child(ren) common to both parties are:

   **Name(s)**                                                      **Birth Date(s)**
   _____
   _____
   _____
   _____
   _____

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

d. _____The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

**Name(s)**                                                    **Birth Date(s)**

_____
_____

The birth parent(s) of the above minor child(ren) is/are *{name(s) and address(es)}*:

_____
_____
_____

e. _____ The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:

**Name(s)**                                                    **Birth Date(s)**

_____
_____

5.  A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c) *{Choose only **one**}*____ has been filed or ____ will be filed.

6.  A completed **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You **must** complete and attach this form in a dissolution of marriage with minor child(ren)).

7.  A completed **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

8.  This petition for dissolution of marriage should be granted because:
    *{Choose only **one**}*
    c.  _____ The marriage is irretrievably broken.

        **OR**

    d.  _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this petition. A copy of the Judgment of Incapacity is attached to this Petition.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**
*{Choose only **one**}*
1.  _____ There are no marital assets or liabilities.

        **OR**

2.  _____ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
    *{Choose **all** that apply}*

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 217 -

a. _____ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached, to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1)).

b. _____ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

c. Petitioner should be awarded an interest in the other spouse's property because:
_____
_____
_____
_____.

### SECTION II.  SPOUSAL SUPPORT (ALIMONY)

*{Choose only **one***

1. _____ **Petitioner forever gives up any right to spousal support (alimony) from Respondent.**

**OR**

2. _____ Petitioner requests that the Court order Respondent to pay spousal support (alimony) to Petitioner, who claims that he or she has a need for the support that he or she is requesting **and that Respondent has the ability to pay that support**.  Spousal support (alimony) is requested in the amount of $_____ every _____ week _____ other week _____month, or _____ other _____ beginning *{date}*_____ and continuing until *{date or event}* _____.

Explain why the Court should order the other spouse to pay and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum):
_____
_____
_____
_____
_____
_____
_____.

*{Indicate if applicable}* _____ Petitioner requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

### SECTION III.  RELOCATION

1. Petitioner seeks to relocate his/her residence to a place more than 50 miles from his/her place of residence at the time of filing of the Petition.  The change of location is for a period of at least consecutive 60 days, not including a temporary absence from the principal residence for purposes of vacation, education, or the provision of health care for the child(ren).

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 218 -

2. *{If applicable}* The following other person is an individual who is not a parent but with whom the child resides pursuant to a court order, or who has the right of access to, time-sharing with, or visitation with the child(ren)_____.

3. Pursuant to Section 61.13001(3), Florida Statutes, the following information is provided:

   a. The location of the intended new residence, including the state, city, and physical address, if known, is:

   _____
   _____
   _____

   b. The mailing address of the new physical residence, if not the same as the physical address, is:

   _____
   _____
   _____

   c. The home telephone number of the intended new residence, if known, is: _____.

   d. The date of the intended move or proposed relocation is: _____.

   e. The specific reasons for the proposed relocation are:

   _____
   _____
   _____
   _____.
   Attach additional sheets, if necessary.

   f. One of the reasons for the proposed relocation is a job
   _____ Yes _____ No. A copy of the written job offer is attached to this Petition.

4. The relocation and time-sharing have been agreed to by the parties. *{Choose only **one**}* _____ Yes _____ No. If yes, attach a copy of the Agreement for Relocation to the Petition.

**Failure to obtain an Order prior to the relocation renders the petition to relocate legally insufficient.**

**SECTION IV. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1. The minor child(ren) currently reside(s) with _____ Petitioner _____ Respondent
   _____ Other Person: *{explain}* _____.

2. **Parental Responsibility.**
   It is in the child(ren)'s best interests that parental responsibility be: *{Choose only **one**}*

   a.____ shared by both parents;

   b.____ awarded solely to _____ Petitioner _____ Respondent. Shared parental responsibility would be detrimental to the child(ren) because: _____

   _____
   _____
   _____.

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 219 -

3. **Parenting Plan and Time-Sharing.**
It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____ does not include parental time-sharing with the child(ren). For purposes of a Parenting Plan, the Petitioner will be referred to as Parent *{name or designation}* _____ _____, and the Respondent will be referred to as Parent *{name or designation}* _____. Petitioner states that it is in the best interests of the child(ren) that:

*{Choose only **one**}*
   a. _____ The attached proposed Parenting Plan should be adopted by the court.
   The parties: *{Choose only one}* _____ have _____ have **not** agreed to the Parenting Plan.

   b. _____ Each child will have time-sharing with both parents as follows: _____
   _____
   _____
   _____
   (_____ Indicate if a separate sheet is attached.)

   c. _____ The court should establish a Parenting Plan with the following provisions for:
   *{Insert name or designation of the appropriate parent in the space provided}*
   _____ No time-sharing for Parent _____
   _____ Limited time-sharing with Parent _____
   _____ Supervised Time-Sharing for Parent _____
   _____ Supervised or third-party exchange of the child(ren)
   _____ Time-Sharing Schedule as follows:
   _____
   _____
   _____.

4. The proposed post-relocation transportation arrangements are as follows: _____
_____
_____
_____
_____.

5. Explain why the relocation time-sharing schedule is in the best interests of the child(ren): _____
_____
_____
_____
_____.

**SECTION V.  CHILD SUPPORT**
*{Indicate **all** that apply}*
1. _____ Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.  A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed.  Such support should be ordered retroactive to:
   a. ____ the date of separation *{date}* _____
   b. ____ the date of the filing of this petition.
   c. ____ other *{date}*_____ *{explain}* _____

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 220 -

2. ___ Petitioner requests that the Court award child support to be paid beyond the age of 18 years because:

a. _____ the following child(ren): *{name(s)}* _____ is (are) dependent because of a mental or physical incapacity which began before the age of 18. *{explain}*_____ _____

b. _____ the following child(ren): *{name(s)}* _____ is (are) dependent in fact;  is (are) in high school; between the ages of 18 and 19; and is (are) performing in good faith with reasonable expectation of graduation before the age of 19.

3. ____Petitioner requests that the Court award a child support amount that is more than or less than Florida's child support guidelines.  Petitioner understands that Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, **must** be filed before the court will consider this request.

4. ____Petitioner requests that medical/dental insurance for the minor child(ren) be provided by: *{Choose only **one**}*
a. ____ Petitioner
b.____ Respondent.

5. ____Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid: *{Choose only **one**}*
a. _____by Petitioner;
b. _____by Respondent;
c. _____by the parties equally  *{each spouse pays one-half}*;
d. _____according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e);
e. _____Other *{explain}*:  _____ _____ _____

6. _____ Petitioner requests that life insurance to secure child support be provided by:
a. ____Petitioner;
b. ____Respondent;
c. ____Both.

**SECTION VI.  OTHER**
1. _____ Petitioner requests to be known by the following former name, which was *{full legal name}* _____.

2. Other relief *{specify}*:
_____ _____ _____ _____.

**SECTION VII.  REQUEST**

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 221 -

*{This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.}*

_____Petitioner requests that the Court enter an order dissolving the marriage **and**:

*{Indicate **all** that apply}*

1. _____distribute marital assets and liabilities as requested in Section I of this petition;
2. _____award spousal support (alimony) as requested in Section II of this petition;
3. _____adopt or establish a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;
4. _____permit relocation in accordance with Section III of this petition;
5. _____establish child support for the dependent or minor child(ren) common to both parties, as requested in Section V of this petition;
6. _____restore Petitioner's former name as requested in Section VI of this petition;
7. _____award other relief as requested in Section VI of this petition; and any other terms the Court deems necessary.

**A RESPONSE TO THE PETITION OBJECTING TO THE RELOCATION MUST BE MADE IN WRITING, FILED WITH THE COURT, AND SERVED ON THE SPOUSE SEEKING TO RELOCATE WITHIN 20 DAYS AFTER SERVICE OF THIS PETITION TO RELOCATE. IF YOU FAIL TO TIMELY OBJECT TO THE RELOCATION, THE RELOCATION WILL BE ALLOWED, UNLESS IT IS NOT IN THE BEST INTERESTS OF THE CHILD, WITHOUT FURTHER NOTICE AND WITHOUT A HEARING.**

The Response is in the form of an Answer and it must be sworn to under oath and must include the specific factual basis supporting the reasons for objecting to the relocation, including a statement of the amount of participation or involvement you currently have or have had in the life of the child(ren).

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 222 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____
                                        Signature of Petitioner

                                        Printed Name: _____

                                        Address: _____

                                        City, State, Zip: _____

                                        Telephone Number: _____

                                        Fax Number: _____

                                        Designated E-mail Address(es):_____

                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


                                        _____
                                        *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* ____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (02/18)

- 223 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(d)
# SUPPLEMENTAL PETITION TO PERMIT RELOCATION WITH MINOR OR DEPENDENT CHILD(REN)
# (02/18)

## When should this form be used?

This form should be used when you are asking the court to permit the relocation of your principal residence and:

1. You plan to relocate your residence more than 50 miles from your principal residence at the time of entry of the last order which established or modified primary residence, custody, visitation, or time-sharing;

2. The court has not entered an order granting permission to relocate.

3. The relocation will be for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren).

4. Your order regarding custody, primary residence, visitation, time-sharing or parenting plan was entered before October 1, 2009, and the order does not expressly govern the relocation of the child(ren); was entered on or after October 1, 2006; or your case was pending on October 1, 2009.

This form should be typed or printed in black ink. **You must fill in all sections of the form.** After completing the form, you should sign the form before a **notary public** or **deputy clerk.** You should **file** this form in the county where the original order was entered.  If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form.  You should file the original with the **clerk of the circuit court** and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Minor or Dependent Child(ren) (02/18)

- 224 -

circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

For your case to proceed, you must properly notify the other parent and every other person entitled to, access, time-sharing, or visitation with the child(ren) in your case of the **supplemental petition**. "Other Person" means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, the court may only grant limited relief. For more information on constructive service, see **Notice of Action For**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). The law regarding constructive service and service on an individual in the military service is very complex. If you have any questions about service, you may wish to consult an attorney regarding these issues.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT.** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.** If the **respondent** files either an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Minor or Dependent Child(ren) (02/18)

- 225 -

filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** If the respondent files either an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If there is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone number, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Agreement for Relocation,** if you have reached an agreement on any or all of the issues attach the proposed Agreement For Relocation with Minor Child(ren). Florida Supreme Court Approved Family Law 12.950(a). Both parties must sign this agreement before a **notary public**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Minor or Dependent Child(ren) (02/18)

- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Updating Information.**  A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known.

**Parenting and Time-Sharing.**  If you and the other parent and every other person entitled to access to or time-sharing with the child(ren) are unable to agree on the parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan.  The judge will decide the parenting arrangements and a time-sharing schedule based upon the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

**Failure to obtain an Order prior to relocation renders the supplemental petition to relocate legally insufficient.**

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served.  For more information, you may consult section 61.13, Florida Statutes.

If one has not already been completed, the court may require the completion of a **parenting course** before a final hearing is set.  You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

**Child Support.  Both parents are required to provide financial support for their minor or dependent child(ren);** however, the court may order one parent to pay child support to the other parent.  Florida has adopted guidelines for determining the amount of child support to be paid.  These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent.  You must file a **Family Law Financial Affidavit.** Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same.  From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief.**  If you need temporary relief regarding relocation of the minor child(ren), complete paragraph eleven contained in the Supplemental Petition To Permit Relocation of Minor Child(ren).

**Final Judgment Form.**  These family law forms contain a **Final Judgment/Supplemental Final Judgment Permitting Relocation,** Florida Supreme Court Approved Family Law Form 12.950(i), which the judge may use.  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing.  If so, you should type or print the heading, including the circuit,

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Minor or Dependent Child(ren) (02/18)

- 227 -

county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Minor or Dependent Child(ren) (02/18)

- 228 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
And

_____,
Respondent.

# SUPPLEMENTAL PETITION TO PERMIT RELOCATION
# WITH MINOR CHILD(REN)

I, *{full legal name}* _____, being sworn, certify that the
following information is true:

1.  The parties to this action were granted a final judgment of:
    _____ dissolution of marriage
    _____ paternity
    on *{date}* _____.
    A copy of the final judgment and any modification(s) is/are attached to this supplemental
    petition.

2.  *{If applicable}* The following other person is an individual who is not a parent but with
    whom the child resides pursuant to court order, or who has the right of access to, time-
    sharing with, or visitation with the
    child(ren)_____.

3.  Paragraph(s) _____ of the _____ final judgment or _____ most recent
    modification thereof describes the present custody, visitation, and/or time-sharing ordered.

4.  The parties _____have _____have not reached an agreement on relocation. If yes, a copy
    of the agreement is attached to this supplemental petition.

5.  The parties' dependent or minor child(ren) is (are):
    **Name**                                                           **Birth Date**

    _____
    _____
    _____
    _____
    _____

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation
with Minor or Dependent Child(ren) (02/18)

6. I seek to relocate my principal residence at least 50 miles from my principal residence established in the final judgment or last modification thereof. This relocation is for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren). Pursuant to Section 61.13001(3), Florida Statutes, the following information is provided:

   a. The location of the intended new residence, including the state, city, and physical address, (if known), is:_____
   _____

   b. The mailing address of the new physical residence, if not the same as the physical address, is: _____
   _____
   _____

   c. The home telephone number of the intended new residence, (if known), is: _____

   d. The date of the intended move or proposed relocation is: _____

7. The specific reasons for the proposed relocation are: _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.
   Attach additional sheets if necessary.

8. One of the reasons for the proposed relocation is a job offer. *{Choose only one}* ____ Yes _____ No. The job offer is in writing. *{Choose only one}* _____ Yes _____ No. A copy of the written job offer is attached to this supplemental petition.

9. I ask the Court to modify access and time-sharing as follows:

   _____
   _____
   _____
   _____
   _____.

10. This modification is in the best interests of the child(ren) because: *{explain}* _____
   _____
   _____
   _____
   _____.

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Minor or Dependent Child(ren) (02/18)

- 230 -

11. \_\_\_\_\_ *{Indicate if applicable}* If the requested modification is granted, I request that child support be modified, consistent with the modification of visitation or time-sharing.  A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), \_\_\_\_\_is, or _____will be filed.

12. I am requesting a temporary relief hearing to permit relocation prior to the final hearing. *{Choose only **one**}* \_\_\_\_\_ Yes  \_\_\_\_\_ No.  If yes, explain why you cannot wait for a final hearing date.

_____
_____
_____
_____.

**Failure to obtain an Order prior to relocation renders the supplemental petition to relocate legally insufficient.**

13. A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), \_\_\_\_\_is, or \_\_\_\_\_will be, filed.

14. A completed **Uniform Child Custody Jurisdiction and Enforcement Act** (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

15. If not previously filed in this case, a completed **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

16. Other: _____
_____.

**A RESPONSE TO THE SUPPLEMENTAL PETITION OBJECTING TO RELOCATION MUST BE MADE IN WRITING, FILED WITH THE COURT, AND SERVED ON THE PARENT OR OTHER PERSON SEEKING TO RELOCATE WITHIN 20 DAYS AFTER SERVICE OF THIS SUPPLEMENTAL PETITION TO RELOCATE.  IF YOU FAIL TO TIMELY OBJECT TO THE RELOCATION, THE RELOCATION WILL BE ALLOWED, UNLESS IT IS NOT IN THE BEST INTERESTS OF THE CHILD, WITHOUT FURTHER NOTICE AND WITHOUT A HEARING.**

A response is in the form of an Answer and it must be sworn to under oath and must include the specific factual basis supporting the reasons for objecting to the relocation, including a statement of the amount of participation or involvement you currently have or have had in the life of the child(ren).

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Minor or Dependent Child(ren) (02/18)

- 231 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address:_____
City, State, Zip:_____
Telephone Number:_____
Fax Number: _____
Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was prepared for the _____Petitioner _____Respondent This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Minor or Dependent Child(ren) (02/18)

- 232 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(a) PETITION FOR TEMPORARY CUSTODY BY EXTENDED FAMILY (02/18)

## When should this form be used?

This form should be used by an **extended family member** to obtain temporary custody of a child or children pursuant to Chapter 751, Florida Statutes. This form **should not** be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
**OR**
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

You may file a Petition for Temporary Custody if:
You have the signed, notarized consents of the child(ren)'s legal parents;
**OR**
You are an extended family member who is caring full time for the child(ren) in the role of a substitute parent and with whom the child(ren) is (are) presently living.

If one of the minor child(ren)'s parents objects to the Petition, the court shall grant the Petition only upon a finding, by clear and convincing evidence, that the child(ren)'s parent or parents are unfit to provide for the care and control of the child(ren). In determining that a parent is unfit, the court must find that the parent has abused, abandoned, or neglected the child(ren), as defined in Chapter 39, Florida Statutes. If you do not have the parents' consents **you should consult a family law attorney before you file your papers.**

If you do not meet the qualifications above, you should talk to an attorney about other options. You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (02/18)

- 233 -

Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

**IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION**

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# What should I do next?

IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)'s parents, and the case is uncontested, you may contact the clerk, **family law intake staff**, or **judicial assistant**, to set a **final hearing.** You must notify the child(ren)'s parents of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

If one of the parents is deceased, you must file a certified copy of the proof of death.

IF YOU DO NOT HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)'s parents, you must properly notify the parents of the **petition**. If you know where he or she lives, you should use **personal service.** If you absolutely do not know where he or she lives after conducting a diligent search, you may use **constructive service.** You must complete all of the searches listed in the **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(c), and file the form with the clerk. You should seek legal advice on constructive service as this is a complicated area of the law. If the identity of one parent is unknown, you will need to seek legal advice to determine the proper way to serve an unknown parent. For more information, see Chapter 49, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (02/18)

If personal service is used, the **parents** have 20 days to answer after being served with your petition. Your case will generally proceed in one of the following ways:

**DEFAULT.** If after 20 days, no **answer** has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. You must file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924. Then, if you have filed all of the required papers, you may contact the clerk, **family law intake staff**, or **judicial assistant**, to set a **final hearing.** You must notify the child(ren)'s parents of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** If either parent files an answer which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you must file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, to request a final hearing. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, **family law intake staff**, or **judicial assistant** for instructions on how to set your case for **trial** (final hearing).

At any time, either or both of the child(ren)'s parents may petition the court to modify or terminate the order granting temporary custody. The court shall terminate the order upon a finding that the parent is a fit parent, or by the consent of the parties. The court may modify an order granting temporary custody if the parties consent or if the modification is in the best interest of the child(ren).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes.

## Special Notes. . .

If you do not have the money to pay the filing fee, you may obtain an application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this petition, you must file the following and provide a copy to the other party:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,** Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Related Cases**, Florida Family Law Rules of Procedure Form 12.900(h).
- **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928.
- **Non-Military Affidavit**, Florida Supreme Court Approved Family Law Form 12.912(b). (Required only for obtaining a default on petitions that have been personally or constructively served. Not required if both parents have signed a waiver and consent)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (02/18)

- 235 -

**must** also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (02/18)

- 236 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

IN THE INTEREST OF

_____,
Child(ren)

_____,
Petitioner,
and
_____,
Respondent/_____,

_____,
Respondent/ _____.

# PETITION FOR TEMPORARY CUSTODY BY EXTENDED FAMILY

Petitioner, *{full legal name}* _____, being sworn, certifies that the following information is true:

1.  This is an action for temporary custody pursuant to Chapter 751, Florida Statutes.

2.  Petitioner requests temporary custody of the following minor child(ren):
    Name                         Date of Birth              Current Address

    _____
    _____
    _____
    _____

3.  Petitioner completed a **Uniform Child Custody Jurisdiction and Enforcement Act Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), which was filed with this Petition. The affidavit includes the names and current addresses of the persons with whom the child(ren) has(have) lived during the past 5 years, the places where the child(ren) has(have) lived during the past 5 years, and information concerning any custody proceeding in this or any other state with respect to the child(ren). **If the Affidavit is not completely filled out, signed under oath, and filed with the Petition**, the case may be dismissed without hearing.

4.  Petitioner is an extended family member who is: *{Choose **one** only}*
    _____ Related to the minor child(ren) within the third degree by blood or marriage to a parent;

    **OR**

Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (02/18)

- 237 -

_____ The stepparent of the minor child(ren), is married to Respondent *{full legal name}*
_____
and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

5. Petitioner's relationship to the minor child(ren) is: _____.

6. The residence and post office address of the Petitioner is: _____
_____.

7. Petitioner is a proper person to be awarded temporary custody because: *{Choose **one** only}*
   ____ Petitioner has the signed, notarized consent from **both** of the child(ren)'s legal parents;

   **OR**
   ____ Petitioner is caring full time for the child(ren) in the role of a substitute parent and the child(ren) currently live with the Petitioner.

   **If Petitioner does not have the signed consents from both parents or is not caring for the child(ren) full time as a substitute parent, Petitioner cannot obtain temporary custody under Chapter 751, Florida Statutes.  Petitioner should consult an attorney about other options.**

8. The legal parents of the child(ren) are:
   a. _____, whose current address is: _____
   _____.

   b. _____, whose current address is: _____
   _____

9. The Consents of Respondent *{full legal name}* _____ and/or Respondent *{full legal name}* _____ is/are attached to the Petition.

   **OR**

   *{If Applicable}* The Consent of Parent *{full legal name}* _____ is not attached because that parent is deceased. A certified copy of the proof of death is attached.

   **OR**

   Consent has NOT been obtained from the parents.  The specific acts or omissions of the parents which demonstrate that the parents have abused, abandoned, or neglected the child(ren) as defined in Chapter 39, Florida Statutes are: (attach additional sheets if necessary) _____
   _____
   _____
   _____
   _____.

10. Petitioner requests temporary custody be granted for the following period of time:

_____.

The reasons that support this request are: _____

_____

_____

_____.

11. It is in the best interests of the child(ren) that the Petitioner have temporary custody of the child(ren) for the following reasons:

_____

_____

_____

_____.

12. **ORDER OF PROTECTION**

a._____Petitioner **IS NOT** aware of any temporary or permanent order for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction.

   **OR**

b._____Petitioner **IS** aware of the following temporary or permanent orders for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction. The court entering the order and the case number is: _____

_____

_____

_____

13. **TEMPORARY OR PERMANENT CHILD SUPPORT ORDERS**

a._____Petitioner **IS NOT** aware of any temporary or permanent orders for child support for the minor child(ren).

   **OR**

b._____Petitioner **IS** aware of the following temporary or permanent order for child support for the minor child(ren).  The court entering the order and the case number is: _____

_____

_____

_____.

14. **CHILD SUPPORT** *(Choose **one** only}*
(You must have proof or waiver of service of process upon the parent(s) or a Waiver of Service of Process and Consent for the court to consider an award for child support)

a._____Petitioner requests the court to order the parents to pay child support.

b._____Petitioner requests the court to redirect all or part of the parents' existing child support obligations to the Petitioner.

c._____Petitioner requests the court to redirect all or part of the parents' existing child support obligations to the Petitioner, and to award the Petitioner retroactive child support.

15. Petitioner _____ requests _____ does not request that the court establish reasonable visitation or a time-sharing schedule with the parents.

16. Other: _____
_____
_____.

WHEREFORE, Petitioner requests that this Court grant the Petitioner temporary custody of the child(ren) subject to this proceeding; award the Petitioner other relief as requested; and award any other relief that the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____        _____

                      Signature of Petitioner
                      Printed Name: _____
                      Address: _____
                      City, State, Zip Code: _____
                      Telephone Number: _____
                      Fax Number: _____
                      Designated E-Mail Address(es):_____
                      _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

                      _____
                      NOTARY PUBLIC OR DEPUTY CLERK

                      _____
                      *{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(b) PETITION FOR CONCURRENT CUSTODY BY EXTENDED FAMILY (02/18)

## When should this form be used?

This form should be used by an **extended family member** to obtain concurrent custody of a child or children pursuant to Chapter 751, Florida Statutes. This form **should not** be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children. "Concurrent custody" means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)'s parent or parents.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
**OR**
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

You may file a Petition for Concurrent Custody if:
You have the signed, notarized consents of the child(ren)'s legal parents;
**OR**
You are an extended family member who is caring full time for the child(ren) in the role of a substitute parent and with whom the child(ren) is (are) presently living.

In addition, you must currently have physical custody of the child(ren) and have had physical custody of the child(ren) for at least 10 days in any 30-day period within the last 12 months; and not have signed, written documentation from a parent which is sufficient to enable you to do all the things necessary to care for the child(ren).

If you do not meet the qualifications above, you should talk to an attorney about other options. You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of

Instructions for Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (02/18)

- 242 -

Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

**IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION**

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# What should I do next?

IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)'s parents, you may contact the clerk, **family law intake staff**, or **judicial assistant**, to set a **final hearing.** You must notify the child(ren)'s parents of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

If one of the parents is deceased, you must file a certified copy of the proof of death.

If one of the minor child(ren)'s parents objects to the Petition for Concurrent Custody in writing, the court may not grant the petition even if the other parent consents, in writing, to the entry of the order. If a parent objects, you have the option of converting the Petition to a **Petition for Temporary Custody by Extended Family,** Florida Supreme Court Approved Family Law Form 12.970(a)**.** If the Petition is not converted into a **Petition for Temporary Custody by Extended Family**, it shall be dismissed without prejudice.

At any time, the Petitioner or either or both of the child(ren)'s parents may move the court to terminate the order granting concurrent custody. The court shall terminate the order upon a finding that either or both of the child(ren)'s parents objects to the order. The fact that the order for concurrent custody has

Instructions for Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (02/18)

- 243 -

been terminated does not preclude any person who is otherwise eligible to petition for temporary custody from filing such petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes.

## Special Notes. . .

If you do not have the money to pay the filing fee, you may obtain an application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this petition, you must file the following and provide a copy to the other party:
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,** Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Related Cases**, Florida Family Law Rules of Procedure Form 12.900(h).
- **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928.
- **Non-Military Affidavit**, Florida Supreme Court Approved Family Law Form 12.912(b). (Required only for obtaining a default on petitions that have been personally or constructively served. Not required if both parents have signed a waiver and consent.)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (02/18)

- 244 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

IN THE INTEREST OF:

_____,
Child(ren)

_____,
Petitioner,
and
_____,
Respondent/_____,

_____,
Respondent/ _____.

# PETITION FOR CONCURRENT CUSTODY BY EXTENDED FAMILY

Petitioner, *{full legal name}* _____, being sworn, certifies that the following information is true:

1. This is an action for concurrent custody pursuant to Chapter 751, Florida Statutes.

2. Petitioner requests concurrent custody of the following minor child(ren):

   Name                      Date of Birth          Current Address

   _____
   _____
   _____
   _____

3. Petitioner completed a **Uniform Child Custody Jurisdiction and Enforcement Act Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), which was filed with this Petition. The affidavit includes the names and current addresses of the persons with whom the child(ren) has (have) lived during the past 5 years, the places where the child(ren) has(have) lived during the past 5 years, and information concerning any custody proceeding in this or any other state with respect to the child(ren). **If the Affidavit is not completely filled out, signed under oath, and filed with the Petition**, **the case may be dismissed without a hearing.**

4. Petitioner is an extended family member who is: *{Choose **one** only}*
   _____ Related to the minor child(ren) within the third degree by blood or marriage to a parent;
   **OR**

Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody by Extended Family (02/18)

- 245 -

_____ The stepparent of the minor child(ren), is married to Respondent *{full legal name}* _____ and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

5.  Petitioner's relationship to the minor child(ren) is: _____.

6.  The residence and post office address of the Petitioner is: _____
_____.

7.  The legal parents are:
    a.  _____, whose current address is:
        _____;

    b.  _____, whose current address is: _____
        _____

8.  Petitioner currently has physical custody of the child(ren) and has had physical custody of the child(ren) for at least 10 days in any 30-day period within the last 12 months. Detail the time periods during the past 12 months when the child(ren) have resided with the Petitioner:
_____
_____
_____.

9.  Petitioner does not have signed, written documentation from a parent which is sufficient to enable the Petitioner to do all of the things necessary to care for the child(ren).

10. *{If applicable}* Describe the type of documents, if any, provided by the parent or parents which enables the Petitioner to act on behalf of the child(ren): _____
_____.
These documents are attached to this Petition as Exhibit _____.

11. Petitioner is unable to obtain or undertake the following services or actions without an order of custody:
_____
_____
_____
_____.

12. The Consents of Parent *{full legal name}* _____ **and/or** Parent *{full legal name}* _____ is/are attached to the Petition.

    **OR**

    *{If applicable}* The Consent of Parent *{full legal name}* _____ is not attached because that parent is deceased. A certified copy of the proof of death is attached.

13. Petitioner requests concurrent custody be granted for the following period of time: _____

_____.

The reasons that support this request are: _____

_____

_____

_____.

14. It is in the best interests of the child(ren) that the Petitioner have concurrent custody of the child(ren) for the following reasons: _____

_____

_____

_____

15. **ORDER OF PROTECTION**

a._____Petitioner **IS NOT** aware of any temporary or permanent order for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction.

**OR**

b._____Petitioner **IS** aware of the following temporary or permanent orders for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction. The court entering the order and the case number is: _____

_____

_____

_____.

16**. TEMPORARY OR PERMANENT CHILD SUPPORT ORDERS**

a._____Petitioner **IS NOT** aware of any temporary or permanent orders for child support for the minor child(ren).

**OR**

b._____ Petitioner **IS** aware of the following temporary or permanent order for child support for the minor child(ren).  The court entering the order and the case number is: _____

_____

_____

_____.

17. **CHILD SUPPORT (If Petitioner is seeking child support)** *{Choose **one** only}*
(You must have proof of service upon or waiver of process by the parent(s) or a Waiver of Service of Process and Consent for the court to consider an award for child support)

a.____ Petitioner requests the court to order the parents to pay child support.

b.____ Petitioner requests the court to redirect all or part of the parents' existing child support obligations to the Petitioner.

c.____ Petitioner requests the court to redirect all or part of the parents' existing child support obligations to the Petitioner, **and** to award the Petitioner retroactive child support.

18. Petitioner ____ requests _____ does not request that the court establish reasonable visitation or a time-sharing schedule with the parents.

19. Other _____
_____
_____
_____.

**WHEREFORE**, Petitioner requests that this Court grant the Petitioner concurrent custody of the child(ren) subject to this proceeding; award the Petitioner other relief as requested; and award any other relief that the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____     _____
                                          Signature of Petitioner
                                          Printed Name: _____
                                          Address: _____
                                          City, State, Zip Code: _____
                                          Telephone Number: _____
                                          Fax Number: _____
                                          Designated E-mail Address(es):_____
                                          _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC OR DEPUTY CLERK

_____
*Print, type, or stamp commissioned name of notary or deputy clerk*.

____ Personally known
____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM, 12.970(c), WAIVER OF SERVICE OF PROCESS AND CONSENT FOR TEMPORARY CUSTODY BY EXTENDED FAMILY (02/18)

This form is to be completed and signed by a parent who agrees to grant temporary custody of a minor child or child(ren) to an **extended family member** and agrees to waive **service** of process. Service of process occurs when a summons and a copy of the petition (or other pleading) that has been filed with the court are delivered by a deputy or private process server.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
**OR**
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the **Petition for Temporary Custody by Extended Family,** Florida Supreme Court Approved Family Law Form 12.970(a) is filed and keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form, 12.970(c), Waiver of Service of Process and Consent for Extended Custody by Extended Family (02/18)

- 250 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

IN THE INTEREST OF

_____
Child(ren)

_____,
Petitioner,
and

_____,
Respondent/_____,

_____,
Respondent/_____.

# WAIVER OF SERVICE OF PROCESS AND CONSENT FOR TEMPORARY CUSTODY BY EXTENDED FAMILY

I, {*full legal name*} _____, the legal parent of {*child(ren)'s name)s)}* _____, having received a copy of the Petition for Temporary Custody by Extended Family filed herein and waived service of process, freely and voluntarily consent to the Petition filed by: {*Petitioner's full legal name*}

_____.

I realize that by signing this document, I am consenting to the Petitioner having temporary legal custody of the minor child(ren) and that such temporary custody is in the best interest of the child(ren). Upon entry of an Order, the Petitioner shall be able to:

1. Consent to all necessary and reasonable medical and dental care for the child(ren), including nonemergency surgery and psychiatric care;

2. Secure copies of the child(ren)'s records, held by third parties, that are necessary for the care of the child(ren), including, but not limited to:
   a. Medical, dental, and psychiatric records;
   b. Birth Certificates and other records, and
   c. Educational records.

3. Enroll the child(ren) in school and grant or withhold consent for the child(ren) to be tested or placed in special school programs, including exceptional education; and

4. Do all other things necessary for the care of the child(ren).

Florida Supreme Court Approved Family Law Form 12.970(c), Waiver of Service of Process and Consent for Temporary Custody By Extended Family (02/18)

I realize that the custody of my child(ren) by the Petitioner is temporary and that I may, at any time, petition the court to return legal custody to me.

Dated: _____         _____
                                 Signature of Parent
                                 Printed Name: _____
                                 Address: _____
                                 City, State, Zip Code: _____
                                 Telephone Number: _____
                                 Fax Number: _____
                                 Designated E-mail Address(es):_____
                                 _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                 _____
                                 NOTARY PUBLIC OR DEPUTY CLERK


                                 _____
                                 *Print, type, or stamp commissioned name of notary or deputy clerk.*

____ Personally known
____ Produced identification
Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only **one**}* _____ Petitioner _____ Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.970(c), Waiver of Service of Process and Consent for Temporary Custody By Extended Family (02/18)

- 252 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM, 12.970(d),
# WAIVER OF SERVICE OF PROCESS AND CONSENT FOR CONCURRENT CUSTODY BY EXTENDED FAMILY
# (02/18)

This form is to be completed and signed by a parent who agrees to grant **concurrent custody** of a minor child or child(ren) to an **extended family member** and who agrees to waive **service** of process.  Service of process occurs when a summons and a copy of the petition (or other pleading) that has been filed with the court are delivered by a deputy or private process server.  "Concurrent custody" means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)'s parent or parents.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
**OR**
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where the **Petition for Concurrent Custody by Extended Family,** Florida Supreme Court Approved Family Law Form 12.970(b) is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer.  If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms **must** also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(d), Waiver of Service of Process and Consent for Concurrent Custody by Extended Family (02/18)

- 253 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA


IN RE: THE INTEREST OF

Case No: _____
Division: _____

_____,
                        Petitioner,
and
_____,
Respondent/_____,

_____,
Respondent/_____.


# WAIVER OF SERVICE OF PROCESS AND CONSENT FOR CONCURRENT CUSTODY BY EXTENDED FAMILY


I, *{full legal name}*_____, the legal parent of
*{child(ren)'s name(s)}* _____, having received a copy of the
Petition for Concurrent Custody by Extended Family filed herein and waived service of process, freely
and voluntarily consent to the Petition filed by *{Petitioner's Name}* _____.

I realize that by signing this document, I am consenting to the Petitioner having temporary concurrent
custody of the minor child(ren) and that such concurrent custody is in the best interest of the child(ren).
Upon entry of an Order, the Petitioner shall be able to:

1. Consent to all necessary and reasonable medical and dental care for the child(ren), including
   nonemergency surgery and psychiatric care;

2. Secure copies of the child(ren)'s records, held by third parties, that are necessary for the care of
   the child(ren), including, but not limited to:
   a. Medical, dental, and psychiatric records;
   d. Birth Certificates and other records, and
   e. Educational records.

3. Enroll the child(ren) in school and grant or withhold consent for the child(ren) to be tested or
   placed in special school programs, including exceptional education; and

4. Do all other things necessary for the care of the child(ren).

Florida Supreme Court Approved Family Law Form 12.970(d), Waiver of Service of Process and Consent for
Concurrent Custody By Extended Family (02/18)

I realize that the concurrent custody of my child(ren) by the Petitioner is temporary and that I may, at any time, petition the court to return legal custody to me.


Dated: _____     _____
                                          Signature of Parent
                                          Printed Name: _____
                                          Address: _____
                                          City, State, Zip Code: _____
                                          Telephone Number: _____
                                          Fax Number: _____
                                          Designated E-mail Address(es):_____
                                          _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                          _____
                                          NOTARY PUBLIC OR DEPUTY CLERK


                                          _____
                                          Print, type, or stamp commissioned name of notary or
                                          deputy clerk.

_____ Personally known
_____ Produced identification
       Type of identification produced _____




**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only **one**}* _____ Petitioner _____ Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

IN THE INTEREST OF

_____
                                  Child(ren)

_____,
                                  Petitioner,
and

_____,
Respondent/_____,

_____,
Respondent/_____.

# ORDER GRANTING PETITION FOR
# TEMPORARY CUSTODY BY EXTENDED FAMILY

This case came before this Court for a hearing on a Petition for Temporary Custody by Extended Family. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

**SECTION I. FINDINGS:**

1.  The Court has jurisdiction over the subject matter and the parties.

2.  The minor child(ren) at issue in this matter are:
    Name                                        Date of Birth

    _____
    _____
    _____
    _____

3.  The Petitioner, *{full legal name}* _____ is the
    *{extended family relationship}*_____ of
    the child(ren).

4.  Parent *{full legal name}*_____, referred to as
    *{name or designation}* _____ of the child(ren):

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (02/18)

*{Choose **one** only}*

a.____ Filed a Waiver and Consent

b.____ Was served with the petition and failed to file an Answer

c.____ Is deceased as evidenced by: _____

d.____ Objected to the petition.  Based upon clear and convincing evidence, the Court finds that the Parent *{name or designation}* _____ is unfit to provide for the care and control of the child(ren).  Specifically, the Parent has abused, abandoned, or neglected the child(ren) as defined in Chapter 39, Florida Statutes.  It is in the best interest of the child(ren) that the Petitioner have temporary custody because: *{facts in support of finding}* _____
_____
_____
_____
_____.

5.  Parent *{full legal name}* _____, referred to as, *{name or designation}* _____ of the child(ren):
*{Choose **one** only}*

a.____ Filed a Waiver and Consent

b.____ Was served with the petition and failed to file an Answer

c.____ Is deceased as evidenced by:  _____

d.____ Objected to the petition.  Based upon clear and convincing evidence, the Court finds that Parent *{name or designation}* _____ is unfit to provide for the care and control of the child(ren).  Specifically, the Parent has abused, abandoned, or neglected the child(ren) as defined in Chapter 39, Florida Statutes. It is in the best interest of the child(ren) that the Petitioner have temporary custody because: *{facts in support of finding}* _____
_____
_____
_____
_____.

6.  It is in the best interest of the child(ren) for the Petitioner to have temporary custody.

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (02/18)

- 257 -

**SECTION II: TEMPORARY CUSTODY**

1.  The Petitioner, _____, is granted temporary custody of the minor child(ren).

2.  The Petitioner shall have all the rights and responsibilities of a legal parent.

3.  The Petitioner is authorized to make all reasonable and necessary decisions for the minor child(ren), including but not limited to:

    a.  Consent to all necessary and reasonable medical and dental care for the child(ren), including nonemergency surgery and psychiatric care;

    b.  Secure copies of the child(ren)'s records, held by third parties, that are necessary for the care of the child(ren), including, but not limited to: medical, dental, and psychiatric records; birth certificates and other records; and educational records;

    c.  Enroll the child(ren) in school and grant or withhold consent for the child(ren) to be tested or placed in special school programs, including exceptional education; and

    d.  Do all other things necessary for the care of the child(ren).

**SECTION III. TEMPORARY TIME-SHARING WITH MINOR CHILD(REN)**
*{Insert the name or designation of the appropriate parent in the spaces provided.}*
The parent(s) shall have: *{Choose **one** only}*

1.  _____ **reasonable** time-sharing with the minor child(ren) as agreed to by the parties, subject to the following limitations: _____ _____.

2.  _____ the following **specified time-sharing schedule**: *{specify days and times}* _____ _____.
    **Parent *{name or designation}*_____'s Temporary Time-Sharing Schedule**.

    _____
    _____
    _____.

    **Parent *{name or designation}* _____'s Temporary Time-Sharing Schedule.**

    _____

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (02/18)

- 258 -

_____
_____.

3. ____ Time-Sharing in accordance with the temporary **Parenting Plan** attached as
   Exhibit ____.

4. Parent *{name or designation}* _____ shall have **No Contact** with the
   minor child(ren) until further order of the Court, due to existing conditions that are
   detrimental to the welfare of the minor child(ren): *{explain}* _____
   _____
   _____.

**SECTION IV.  CHILD SUPPORT**
   *{Insert the name or designation of the appropriate parent in the spaces provided.}*
   1. The Petitioner _____ did _____ did not request the establishment of child support.

   2. **If child support is requested,** the parents have received personal or substituted service
      of process, the petition requests an order for support of the child(ren), and there is
      evidence of the parents' ability to pay the support ordered.  Parent(s) *{name or
      designation}* _____ has the present ability to pay
      child support.  *{Choose **one** only}*

      a. _____ The amounts in the Child Support Guidelines Worksheet, Florida Family Law
         Rules of Procedure Form 12.902(e) filed by Parent(s) *{name or designation}*
         _____ are correct;
         **OR**

      b. _____ The Court makes the following findings:
         Parent *{name or designation}* _____'s net monthly income
         is $_____, (Child Support Guidelines ____%).

         Parent *{name or designation}* _____'s net monthly income
         is $_____, (Child Support Guidelines ____%)

         Monthly child care costs are $_____.
         Monthly health/dental insurance costs are $_____.
         **OR**

      c. Parent *{name or designation}*_____ is currently ordered to pay child
         support to the other parent in the amount of $_____ per _____ as
         established in the case of *{style of case and number}* _____.
         _____ All of the child support or _____ a portion of the child support in the
         amount of $_____ shall be redirected to the Petitioner.

3. **Amount**

   a. **Parent *{name or designation}*_____'s Obligation**

   Parent *{name or designation}* _____ shall be obligated to pay child support at the rate of $_____ per month for the _____ children *{total number of parties' minor or dependent children}* commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with Parent *{name or designation}*_____'s current payroll cycle.

   Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining_____ children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* This child support shall be paid in the amount of $_____ per _____*{week, month, other}* consistent with Parent *{name or designation}* _____'s current payroll cycle.

   ***{Insert paragraph for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.}***

   Parent *{name or designation}* _____ shall pay child support until all minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

   If the child support ordered deviates from the guidelines more than 5%, the factual findings which support that deviation are: _____ _____ _____.

   b. **Parent *{name or designation}* _____'s Obligation**

   Parent *{name or designation}* _____ shall be obligated to pay child support at the rate of $_____ per month for the _____ children *{total number of parties' minor or dependent children}* commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with Parent *{name or designation}* _____'s current payroll cycle.

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (02/18)

- 260 -

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining _____ children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}*. This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with Parent *{name or designation}* _____'s current payroll cycle.

***{Insert paragraph for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children which shall be payable as the obligation for each child ceases.}***

Parent *{name or designation}* _____ shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines more than 5%, the factual findings which support that deviation are: _____
_____
_____.

4. **Retroactive Child Support and/or Arrearages**
   ***{If both parents are ordered to pay retroactive child support and/or arrearages, please include a separate paragraph for each parent.}***

   a. _____Parent *{name or designation}* _____ shall pay retroactive child support in the amount of $_____ as of *{date}* _____ to the Petitioner. The retroactive child support shall be paid in the amount of $_____ per month, payable _____ in accordance with the parent's employer's payroll cycle, and in any event at least once per month, or _____other *{explain}* _____ commencing *{date}* _____, until paid in full including statutory interest.

   b. _____ Parent *{name or designation}* _____ owes child support arrearages in the amount of $_____ as of *{date}* _____ to the other parent. The child support arrearages shall be paid in the amount of $_____ per month, payable _____ in accordance with the parent's employer's payroll cycle, and in any event at least once per month, or _____ other *{explain}* _____

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (02/18)

- 261 -

commencing *{date}* _____, until paid in full including statutory interest.

5. **Insurance**
   *{Indicate **all** that apply}*
   a. Parent *{name or designation}* _____ shall be required to maintain _____ health and/or _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the Petitioner and other parent.

      **OR**

      _____ health and/or _____ dental insurance is either not reasonable in cost or accessible to the child(ren) at this time.

   b. _____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows:
      _____ Shared equally by both parents.
      _____ Prorated according to the child support guidelines percentages.
      _____ Other *{explain}* _____

      As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the parent or parents within 30 days, and the parent or parents, within 30 days of receipt, shall submit the applicable reimbursement for that expense.

## SECTION V. METHOD OF PAYMENT

The parent(s) shall pay court-ordered child support and arrearages, if any, as follows:
1. **Place of Payment**

   a. _____ Parent(s) shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

      **OR**

   b. _____ The Petitioner and the Parent(s) have requested and the Court finds that it is in the best interest of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, any party may subsequently apply, pursuant to section 61.13(1)(d)(3), Florida Statutes, to require payment through either the State Disbursement Unit or the central depository.

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (02/18)

- 262 -

2. **Income Deduction**
   *(If applicable)*
   a. _____ **Immediate.**
      _____ Parent *{name or designation}* _____, and *{if applicable}*

      _____ Parent *{name or designation}* _____, hereinafter, Obligor(s), shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor(s) is (are) individually responsible for paying this support obligation until all of said support is deducted from his/her income. Until support payments are deducted, the Obligor(s) is (are) responsible for making timely payments directly to the State Disbursement Unit or the Petitioner as previously set forth in this Order.

   b. _____ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}* _____
      _____
      _____.
      **AND**
      There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,
      **AND**
      _____ there is an agreement by the Obligor(s) to advise the Title IV-D agency, the clerk of court, and the Petitioner of any change in Payor(s) and/or health insurance OR _____ there is a signed, written agreement providing an alternative arrangement between the Petitioner and the Obligor(s) and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered into the record by the court.

   c. **Bonus/one-time payments.**
      *{Choose **one** only}*

      _____ All
      _____ _____%
      _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Petitioner pursuant to the payment method prescribed above.

   d. **Other provisions relating to method of payment**: _____

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (02/18)

- 263 -

_____.

## SECTION VI.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY
*{Choose **one** only}*

1. The _____ Petitioner's _____Respondents' request(s) for attorney's fees, costs, and suit money is (are) denied because _____ _____.

2. _____ The Court finds there is a need for and ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent(s) is (are) ordered to pay the other party $_____ in attorney's fees, and $ _____ in costs.  The Court further finds that the attorney's fees are awarded based on the reasonable rate of $_____ per hour and _____ reasonable hours.  Other provisions relating to attorney's fees, costs, and suit money are as follows: _____ _____.

## SECTION VII. OTHER PROVISIONS

1. **Other Provisions** _____
_____
_____
_____.

2. The Court reserves jurisdiction to modify and enforce this Order for Temporary Custody.


**DONE AND ORDERED** in _____, Florida on *{date}* _____


_____
CIRCUIT JUDGE


I certify that a copy of this Order for Temporary Custody was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties and any entities listed below on *{date}* _____.


by _____
*{Clerk of court or designee}.*

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (02/18)

Petitioner (or his or her attorney)
Respondents (or his or her attorney(s))
_____State Disbursement Unit
_____Central Depository
_____Other _____

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (02/18)

- 265 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

IN THE INTEREST OF

_____
                    Child(ren)

_____,
                    Petitioner,
and

_____,
Respondent/_____,

_____,
Respondent/_____.

## ORDER GRANTING PETITION FOR
## CONCURRENT CUSTODY BY EXTENDED FAMILY

This case came before this Court for a hearing on a Petition for Concurrent Custody by Extended Family.  The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

**SECTION I. FINDINGS:**

1. The Court has jurisdiction over the subject matter and the parties.

2. The minor child(ren) at issue in this matter are:
   Name                                                    Date of Birth

   _____
   _____
   _____
   _____
   _____

3. The Petitioner, *{full legal name}* _____ is the
   *{extended family relationship}*_____ of the child(ren).

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (02/18)

- 266 -

4. The Petitioner currently has physical custody of the child(ren) and has had physical custody of the child(ren) for at least 10 days in any 30-day period within the last 12 months.

5. The Petitioner does not have signed, written documentation from the parent(s) which is sufficient to enable the custodian to do all the things necessary to care for the child(ren) which are available to custodians who have an order for temporary custody by extended family.

6. Parent *{full legal name}* _____ of the child(ren):
   *{Choose **one** only}*
   _____ Filed a Waiver and Consent

   _____ Was served with the petition and failed to file an Answer

   _____ Is deceased as evidenced by: _____

7. Parent *{full legal name}* _____ of the child(ren):
   *{Choose **one** only}*
   _____ Filed a Waiver and Consent

   _____ Was served with the petition and failed to file an Answer

   _____ Is deceased as evidenced by: _____

8. It is in the best interest of the child(ren) for the Petitioner to have concurrent custody.

## SECTION II: CONCURRENT CUSTODY

1. The Petitioner,_____, is granted concurrent custody of the minor child(ren).

2. The Petitioner shall have all the concurrent rights and responsibilities of a legal parent.

3. The Petitioner is authorized to make all reasonable and necessary decisions for the minor child(ren), including but not limited to:

   a. Consent to all necessary and reasonable medical and dental care for the child(ren), including nonemergency surgery and psychiatric care;

   b. Secure copies of the child(ren)'s records, held by third parties, that are necessary for the care of the child(ren), including, but not limited to: medical, dental, and psychiatric records; birth certificates and other records; and educational records;

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (02/18)

- 267 -

c. Enroll the child(ren) in school and grant or withhold consent for the child(ren) to be tested or placed in special school programs, including exceptional education; and

d. Do all other things necessary for the care of the child(ren).

**SECTION III. CHILD SUPPORT**

*{Insert the name or designation of the appropriate parent in the space provided}*

1. The Petitioner _____ did _____ did not request the establishment of child support.

2. _____ **If child support is requested,** the parents have received personal or substituted service of process, the petition requests an order for support of the child(ren), and there is evidence of the parents' ability to pay the support ordered.
   _____ Parent *{name or designation}* _____ and *{if applicable}*
   _____ Parent *{name or designation}* _____
   has the present ability to pay child support.
   *{Choose **one** only}*
   a._____ The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) filed by
   _____Parent *{name or designation}* _____
   _____ Parent *{name or designation}* _____
   are correct;
   **OR**
   b._____ The Court makes the following findings:
   Parent *{name or designation}* _____'s net monthly income is $_____, (Child Support Guidelines _____%).

   Parent *{name or designation}* _____'s net monthly income is $_____, (Child Support Guidelines _____%)

   Monthly child care costs are $_____.
   Monthly health/dental insurance costs are $_____.
   **OR**
   c._____ _____Parent *{name or designation}* _____ is currently ordered to pay child support to the other parent in the amount of $_____ per _____ as established in the case of *(style of case and number}* _____.
   _____ All of the child support or _____ a portion of the child support in the amount of $_____ shall be **redirected** to the Petitioner.

3. **Amount**
   a. **Parent *{name or designation}*** _____'s **Obligation**
   Parent *{name or designation}* _____ shall be obligated to pay child support at the rate of $_____ per month for the _____children *{total number of parties'*

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (02/18)

- 268 -

*minor or dependent children}* commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with Parent *{name or designation}* _____'s current payroll cycle.

Upon the termination of child support for one of the parties' children, child support in the amount of $_____ for the remaining _____ children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with Parent *{name or designation}* _____'s current payroll cycle.

***{Insert paragraph for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.}***

Parent *{name or designation}* _____ shall pay child support until all of the minor or dependent children:  reach the age of 18, become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines more than 5%, the factual findings which support that deviation are: _____
_____
_____.

b. **Parent *{name or designation}* _____'s Obligation**
Parent {name or designation} _____ shall be obligated to pay child support at the rate of $_____ per month for the _____children *{total number of parties' minor or dependent children}* commencing_____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____per _____*{week, month, other}* consistent with Parent *{name or designation}* _____'s  current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining _____ children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *month, day, year}.* This child support shall be paid in the amount of $_____ per _____

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (02/18)

*{week, month, other}* consistent with Parent {name or designation} _____'s current payroll cycle.

***{Insert paragraph for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.}***

Parent *{name or designation}* _____ shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines more than 5%, the factual findings which support that deviation are:_____ _____ _____.

4. **Retroactive Child Support and/or Arrearages**
   ***{If both parents are ordered to pay retroactive child support and/or arrearages, please include a separate paragraph for each parent*.}**

   a. _____ Parent *{name or designation}* _____ shall pay  retroactive child support in the amount of $_____ as of *{date}* _____ to the Petitioner. The retroactive child support shall be paid in the amount of $_____ per month, payable _____in accordance with the employer's payroll cycle, and in any event at least once per month _____   other *{explain}* _____commencing *{date}* _____, until paid in full including statutory interest.

   b. _____ Parent *{name or designation}* _____ _____owes child support arrearages in the amount of $_____ as of *{date}* _____ to the other parent. The child support arrearages shall be paid in the amount of $_____ per month, payable _____ in accordance with the parent's employer's payroll cycle, and in any event at least once per month, or ___other *{explain}* _____ commencing *{date}* _____, until paid in full including statutory interest.

5. **Insurance**
   *{Indicate **all** that apply}*
   b. _____ Parent *{name or designation}* _____
   _____ Parent *{name or designation}* _____

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (02/18)

- 270 -

shall be required to maintain _____ health and/or _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the Petitioner and other parent.

   **OR**

_____ health and/or _____ dental insurance is either not reasonable in cost or accessible to the child(ren) at this time.

c. _____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows:

_____ Shared equally by both parents.

_____ Prorated according to the child support guidelines percentages.

_____ Other *{explain}* _____

As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the parent or parents within 30 days, and the parent or parents, within 30 days of receipt, shall submit the applicable reimbursement for that expense.

## SECTION IV.  METHOD OF PAYMENT

The parent(s) shall pay court-ordered child support and arrearages, if any, as follows:

1**. Place of Payment**

a. _____Parents shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any applicable fee required by statute.

   **OR**

b. _____ The Petitioner and the Parents have requested and the court finds that it is in the best interest of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, any party may subsequently apply, pursuant to section 61.13(1)(d)(3), Florida Statutes, to require payment through either the State Disbursement Unit or the central depository.

2. **Income Deduction**
   *(If applicable)*

a. _____ **Immediate.** _____Parent *{name or designation}* _____ _____ Parent *{name or designation}* _____, hereinafter, Obligor(s), shall pay through income deduction, pursuant to a separate Income Deduction Order which

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (02/18)

- 271 -

shall be effective immediately. Obligor(s) is(are) individually responsible for paying this support obligation until all of said support is deducted from his/her income. Until support payments are deducted, the Obligor(s) is (are) responsible for making timely payments directly to the State Disbursement Unit or the Petitioner as previously set forth in this Order.

b. _____ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings:  Income deduction is **not** in the best interests of the child(ren) because: *{explain}* _____

_____

_____.

**AND**

There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,

**AND**

_____ there is an agreement by the Obligor(s) to advise the Title IV-D agency, the clerk of court, and the Petitioner of any change in Payor(s) and/or health insurance

**OR**

_____ there is a signed, written agreement providing an alternative arrangement between the Petitioner and Obligor(s) and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered into the record by the court.

c. **Bonus/one-time payments.**
*{Choose **one** only}*
_____ All
_____ _____%
_____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Petitioner pursuant to the payment method prescribed above.

d. **Other provisions relating to method of payment**: _____

_____

_____.

## SECTION V.   ATTORNEY'S FEES, COSTS, AND SUIT MONEY
*{Choose **one** only}*

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (02/18)

- 272 -

1. The _____ Petitioner's _____ Respondents' request(s) for attorney's fees, costs, and suit money is (are) denied because _____ _____.

2. _____ The Court finds there is a need for and ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent(s) is (are) ordered to pay the other party $_____ in attorney's fees, and $ _____ in costs. The Court further finds that the attorney's fees are awarded based on the reasonable rate of $_____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows: _____ _____.

**SECTION VI.  OTHER PROVISIONS**

1**. Other Provisions** _____
_____
_____
_____.

2. The Court reserves jurisdiction to modify and enforce this Order for Concurrent Custody.

3. The granting of concurrent custody does not affect the ability of the child(ren)'s parent or parents to obtain physical custody of the child(ren) at any time.

**DONE AND ORDERED** in _____, Florida on *{date}* _____

_____
CIRCUIT JUDGE

I certify that a copy of this Order for Concurrent Custody was: _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties and any entities listed below on *{date}*_____.

by_____.
*{Clerk of court or designee}*

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (02/18)

- 273 -

Petitioner (or his or her attorney)
Respondents (or his or her attorneys)
_____State Disbursement Unit
_____Central Depository
_____Other _____

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (02/18)

- 274 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(c)(2), STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE'S SPOUSE (02/18)

## When should this form be used?

This form must be completed by the **spouse** of an adult who is being adopted.

This form should be typed or printed in black ink. After completing this form, the spouse of the adoptee should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the **petition** for adoption of an adult was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleading or other document electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(c)(2), Stepparent Adoption: Consent of Adult Adoptee's Spouse (02/18)

- 275 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: THE ADOPTION OF

_____ ,
*{use name to be given to adult}* Adoptee(s).

# STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE'S SPOUSE

1.    I, *{full legal name}* _____, am the spouse of

*{full legal name}* _____, who Petitioner,

*{full legal name}* _____ wishes to adopt.

2.    I consent to the adoption of my spouse by Petitioner.

3.    I understand my right to choose a person who does not have an employment, professional, or personal relationship with the adoption entity or the prospective adoptive parents to be present when this affidavit is executed and to sign it as a witness. The witness I selected is:

*{full legal name}*_____.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Spouse
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

Florida Supreme Court Approved Family Law Form 12.981(c)(2), Stepparent Adoption: Consent of Adult Adoptee's Spouse (02/18)

_____
Signature of Witness
Printed Name: _____
Business Address:_____
Home Address: _____

_____
Driver's License or
State ID Card No.:_____

_____
Signature of Witness
Printed Name: _____
Business Address:_____
Home Address: _____

_____
Driver's License or
State ID Card No.:_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____ Personally known
_____ Produced identification
          Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the (   ) stepparent (   ) adult adoptee's spouse.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.981(c)(2), Stepparent Adoption: Consent of Adult Adoptee's Spouse (02/18)

- 277 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW
## FORM 12.982(a)
## PETITION FOR CHANGE OF NAME (ADULT)
## (02/18)

### When should this form be used?

This form should be used when an adult wants the court to change his or her name.  This form is **not** to be used in connection with a dissolution of marriage or for adoption of child(ren).  If you want a change of name because of a **dissolution of marriage** or adoption of child(ren) that is not yet final, the change of name should be requested as part of that case.

This form should be typed or printed in black ink and must be signed before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

### What should I do next?

**Unless you are seeking to restore a former name, you must have fingerprints submitted for a state and national criminal records check.**  The fingerprints must be taken in a manner approved by the Department of Law Enforcement and must be submitted to the Department for a state and national criminal records check.  **You may not request a hearing on the petition until the clerk of court has received the results of your criminal history records check**.  The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit fingerprints electronically to the Department of Law Enforcement.  The process may take several weeks and you will have to pay for the cost of processing the fingerprints and conducting the state and national criminal history records check.  **Please note that the state and national criminal records check must indicate whether you have registered as a sexual predator or a sexual offender and you must also indicate on this petition whether you have ever been required to register as a sexual predator under section 775.21, Florida Statutes, or as a sexual offender under section 943.0435, F.S.**

Next, you must obtain a **hearing** date for the court to consider your request. If you are seeking to restore a former name, a hearing on the petition MAY be held immediately after the petition is filed.  The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, **family law intake staff**, or **judicial assistant** about the local procedure for setting a hearing.  You may be required to attend the **final hearing**.  Included in these forms is a **Final Judgment of Change of Name (Adult)**, Florida Supreme Court Approved Family Law Form 12.982(b), which the **judge** may use. You should contact the clerk, family law intake staff, or judicial assistant, to see if you need to bring a **final judgment** form with you. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

If the judge grants your **petition**, he or she will sign this **order**. This officially changes your name.  The clerk can provide you with **certified copies** of the signed order. There will be charges for the certified copies, and the clerk can tell you the amount of the charges.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  For further information, see Section 68.07, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration ow require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**  If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

The heading of the form calls for the name of the **<u>petitioner</u>**. Your current name should go there, as you are the one who is asking the court for something. The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.

It may be helpful to compile a list of all of the people and/or places that will need a copy of your final judgment. This list may include the driver's license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____JUDICIAL CIRCUIT,
IN AND FOR_____COUNTY, FLORIDA

IN RE: THE NAME CHANGE OF:

Case No.: _____

Division: _____

_____,
Petitioner.

# PETITION FOR CHANGE OF NAME (ADULT)

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1.  My complete present name is: _____
    I request that my name be changed to: _____

2.  I live in _____ County, Florida, at *{street address}* _____
    _____

3.  I was born on *{date}*_____ , in *{city}* _____ , *{county}* _____,
    *{state}* _____ , *{country}* _____.

4.  My parents' full legal names are :
    a.  _____
    b.  _____
    c.  *{If applicable}* My parents' maiden name(s) is/are: _____
        and _____

5.  I have lived in the following places since birth:
    Dates (to/from)                     Address

    _____/_____            _____

    _____/_____            _____

    _____/_____            _____

    _____/_____            _____
    (___ Please indicate here if you are continuing these facts on an attached page.)

6.  **Family**
    *[Indicate **all** that apply]*
    a._____ I am not married.

    b._____ I am married.  My spouse's full legal name is: _____

    c._____ I do not have child(ren).

Florida Supreme Court Approved Family Law Form 12.982(a), Petition for Change of Name (Adult) (02/18)

d.\_\_\_\_\_ The name(s), age(s), and address(es) of my child(ren) are as follows *{all children, **including those over 18**, must be listed}*:

**Name** *{last, first, middle initial}*      **Age**     **Address, City, State**

_____

_____

_____

_____

_____

(_____Please indicate here if you are continuing these facts on an attached page.)

7. **Former names**
   *[Indicate **all** that apply]*
   a.\_\_\_\_\_My name has never been changed **by a court**.

   b.\_\_\_\_\_My name previously was changed **by court order** from _____
   to _____on *{date}*_____,
   by *{court, city, and state}* _____.
   **A copy of the court order is attached**.

   c.\_\_\_\_\_My name previously was changed **by marriage** from_____
   to _____ on *{date}*_____,
   in *{city, county, and state}* _____.
   **A copy of the marriage certificate is attached**.

   d.\_\_\_\_\_I have never been known or called by any other name.

   e.\_\_\_\_\_I have been known or called by the following other name(s): *{list name(s) and explain where you were known or called by such name(s)}* _____

   _____

8. **Occupation**
   My occupation is: _____.
   I am employed at: *{company and address}* _____
   _____.
   During the past 5 years, I have had the following jobs:

   Dates (to/from)          Employer and employer's address

   _____/_____      _____

   _____/_____      _____

   _____/_____      _____

   _____/_____      _____

   _____/_____      _____
   (_____Please indicate here if you are continuing these facts on an attached page.)

9. **Business** *[Choose **one** only]*
   _____ I do not own and operate a business.

   _____ I own and operate a business. The name of the business is: _____

Florida Supreme Court Approved Family Law Form 12.982(a), Petition for Change of Name (Adult) (02/18)

The street address is: _____ .

My position with the business is: _____ .

I have been involved with the business since: *{date}* _____ .

10. **Profession**
*[Choose **one** only]*
_____I am not in a profession.

_____I am in a profession.  My profession is: _____
I have practiced this profession:

Dates (to/from)                Place and address
_____/_____                _____
_____/_____                 _____
_____/_____                _____
_____/_____                 _____
_____/_____                _____
( _____ Please indicate here if you are continuing these facts on an attached page.)

11. **Education**
I have graduated from the following school(s):

| Degree Received | Date of Graduation | School |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(_____ Please indicate here if you are continuing these facts on an attached page.)

12. **Criminal History**
*Indicate all that apply*
_____ I have never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

_____ I have a criminal history.  In the past I have been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of my criminal history are:

| Date | City/State | Event (arrest, charge, plea, or adjudication) |
|---|---|---|
| | | |
| | | |
| | | |

( _____ Please indicate here if you are continuing these facts on an attached page.)

I _____ have_____have not ever been required to register as a sexual predator under section 775.21, Florida Statutes.

I _____ have _____ have not ever been required to register as a sexual offender under section 943.0435, Florida Statutes.

13. **Bankruptcy**
    *[Choose **one** only]*
    _____I have never been adjudicated bankrupt.

    _____I was adjudicated bankrupt on *{date}* _____, in *{city}* _____, *{county}* _____, *{state}* _____.
    (_____ Please indicate here if you have filed additional bankruptcies, and explain on an attached page.)

14. **Creditor(s)' Judgments**
    *[Choose **one** only]*
    _____I have never had a money judgment entered against me by a creditor.

    _____The following creditor(s)' money judgment(s) have been entered against me:

| Date | Amount | Creditor | Court entering judgment and case number | if Paid *{date}* |
|------|--------|----------|------------------------------------------|------------------|
|      |        |          |                                          |                  |
|      |        |          |                                          |                  |
|      |        |          |                                          |                  |

(_____ Please indicate here if these facts are continued on an attached page.)

15. **Fingerprints and Criminal History Records Check**

    Unless I am seeking to restore a former name, a copy of my fingerprints has been taken in a manner approved by the Department of Law Enforcement and submitted for a state and national criminal history records check. **I understand that I cannot request a hearing on my Petition until the Clerk of Court receives the results of the criminal history records check. I also understand that the state and national records check must indicate whether I have registered as either a sexual predator or sexual offender.**

16. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

17. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____
                                       Signature of PETITIONER
                                        Printed Name: _____
                                       Address: _____
                                       City, State, Zip: _____
                                       Telephone Number: _____
                                       Fax Number: _____
                                       Designated E-Mail Address(es):_____
                                       _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                       _____
                                       NOTARY PUBLIC or DEPUTY CLERK


                                       _____
                                       *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

____ Personally known
____ Produced identification
____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared by the Petitioner.
This form was completed with the assistance of:_____
*{name of individual}* _____,
*{name of business}:*_____,
*{address}* _____,
*{city}* _____, *{state}*_____,*{zip code}*_____,*{telephone number}* _____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: THE NAME CHANGE OF

_____,
Petitioner.

# FINAL JUDGMENT OF CHANGE OF NAME (ADULT)

This cause came before the Court on *{date}* _____, for a hearing on Petition for Change of Name (Adult) under section 68.07, Florida Statutes, and it appearing to the Court that:

1.      Petitioner is a bona fide resident of _____ County, Florida;

2.      Petitioner's request is not for any ulterior or illegal purpose; and

3.      Granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise; it is

ORDERED that Petitioner's present name, _____,
is changed to _____,
by which Petitioner shall hereafter be known.

DONE and ORDERED ON _____ in _____, Florida.

_____
CIRCUIT JUDGE

I certify that a copy of the *{name of document(s)}* _____
was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the party(ies) listed
below on *{date}* _____.

Petitioner (or his or her attorney)
Other: _____

Florida Supreme Court Approved Family Law Form 12.982(b), Final Judgment of Change of Name (Adult) (02/18)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW
## FORM 12.982(c)
## PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))
## (02/18)

### When should this form be used?

This form should be used when parents want the court to change the name of their minor child(ren).  For the purposes of this proceeding, a person under the age of 18 is a minor.  This form is not to be used in connection with an adoption, dissolution of marriage, or **paternity action**.  If you want a change of name for your child(ren) because of an adoption or paternity action that is not yet final, the change of name should be requested as part of that case.

This form should be typed or printed in black ink and must be signed before a notary public or deputy clerk. You should file the original with the clerk of the circuit court, in the county where you live and keep a copy for your records. The **Petition** should only be completed by one Petitioner for one child.  If you wish to change the name of more than one child or if there is more than one Petitioner, you should complete and file a Supplemental Form for Petition for Change of Name (Minor Child) for each child and/or a Supplemental Form for Petition for Change of Name.  The supplemental form(s) is an attachment to the petition.  **Be sure that the bottom of each page of each supplemental form is initialed by the petitioner(s)**.

### What should I do next?

**Unless you are seeking to restore a former name, each adult petitioner(s)'s fingerprints must be submitted for a state and national criminal history records check.**  The fingerprints must be taken in a manner approved by the Department of Law Enforcement. The fingerprints must be submitted to the Department of Law Enforcement for a state and national criminal history records check. **The Petitioner(s) may not request a hearing on the Petition until the copy of the fingerprints are filed and the clerk of court has received the results of the criminal history records check.**  The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit fingerprints electronically to the Department of Law Enforcement. The process may take several weeks and the parent or guardian of the minor must pay the cost of processing the fingerprints and conducting the state and national history records check. **Please note that the state and national criminal records check must indicate whether you have registered as either a sexual predator or a sexual offender and you must also indicate on this petition whether you have ever been required to register as a sexual predator under section 775.21, Florida Statutes, or as a sexual offender under section 943.0435, Florida Statutes.**

If **both** parents agree to the change of name and live in the county where the change of name is sought,

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Children) (02/18)

- 287 -

you may both file as **petitioners**.  In this situation, **service** is not necessary, and you need only to set a **hearing**. You should ask the clerk of court, **family law intake staff**, or **judicial assistant** about the local procedure for setting a hearing.

If only one parent is a resident of the county where the change of name(s) is sought **or** only one parent asks for the child(ren)'s name(s) to be changed, the other parent must be notified and his or her consent obtained, if possible.  If the other parent consents to the change of name, a **Consent for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(d), should be filed.

If the other parent does not consent to the change of name, you may still have a hearing on the petition **if** you have properly notified the other parent about your petition and the hearing.  If you know where he or she lives, you must use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  For more information about personal and constructive service, you should refer [to] the **"General Instructions for Self-Represented Litigants"** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a).  However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.

Next, you must obtain a **final hearing** date for the court to consider your request.  If you are seeking to restore a former name, a hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing.  You may be required to attend the hearing.  Included in these forms is a **Final Judgment of Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(e), which may be used when a judge grants a change of name for a minor child(ren).  If you attend the hearing, you should take the final judgment with you.  You should complete the top part of the form, including the circuit, county, case number, division, and the name(s) of the petitioner(s) and leave the rest blank for the judge to complete.  It should be typed or printed in black ink.

If the judge grants your petition, he or she will sign this **order**. This officially changes your child(ren)'s name(s).  The clerk can provide you with **certified copies** of the signed order.  There will be charges for the certified copies, and the clerk can tell you the amount of the charges.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  For further information, see section 68.07, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other**

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Children) (02/18)

- 288 -

**pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

The heading of the form calls for the name(s) of the **petitioner(s)**. This means the parent(s) who is (are) requesting the change of their child(ren)'s name(s). The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.

It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver's license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Children) (02/18)

IN THE CIRCUIT COURT OF THE           JUDICIAL CIRCUIT,
IN AND FOR           COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: THE NAME CHANGE OF

_____,
Petitioner,

_____,
Petitioner.

# PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))

I/We, *{full legal name(s)}* _____, being sworn, certify that the following information is true:

**I am/We are the birth or legal parent(s) or guardian of the minor child(ren) named in this petition.**
*[Choose **only** one]*
_____ There is only one minor child named in this petition.

_____ There are *{enter number of children}* _____ children named in this petition. The information on the first child is entered below.  I/We have attached the completed supplemental forms for each other child.

The adult petitioner(s)'s fingerprints have been taken in a manner approved by the Department of Law Enforcement and submitted for a state and national criminal history records check**. I /We understand that I/we cannot request a hearing on my/our Petition until the clerk of court receives the results of the criminal history records check. I/we also understand that the state and national records check must indicate whether I/we have registered as either a sexual predator or a sexual offender.**

A.   **THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #**    **1**   **:**

    1.  **The minor child's complete present name is:**

        **I/We request that this minor child's name be changed to:**

    2.  The minor child lives in _____ County, Florida, at *{street address}* _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (02/18)

_____.

3. The minor child was born on *{date}* _____, in *{city, county, state, country}* _____
_____.

4. The minor child's parents' full legal names are:
   a. _____ and

   b. _____.

   c. *{If applicable}* The minor child's parents' maiden name(s) is/are: _____
      and_____.

5. The minor child has lived in the following places since birth:
   Dates (to/from)       Address
   _____/_____     _____
   _____/_____     _____
   _____/_____     _____
   _____/_____     _____
   _____/_____     _____
   (____ Please indicate here if you are continuing these facts on an attached page.)

6. *[Choose **one** only]*
   _____ The minor child is not married.

   _____ The minor child is married to: *{full legal name}* _____.

7. *[Choose **one** only]*
   _____ The minor child has no children.

   _____ The minor child is the parent of the following child(ren):

   **Name** *{last, first, middle initial}*          **Date of Birth**
   _____
   _____
   _____
   _____
   _____
   (_____Please indicate here if you are continuing these facts on an attached page.)

8. **Former names.**
   *[Indicate **all** that apply]*

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (02/18)

_____ The minor child's name has never been changed by a court.

_____ The minor child's name previously was changed **by court order** from _____
to _____ on *{date}*_____ ,
by *{court, city, and state}* _____ .
**A copy of the court order is attached.**

_____ The minor child's name previously was changed **by marriage** from _____
to _____ on *{date}*_____ ,
in *{city, county, and state}* _____ .
**A copy of the marriage certificate is attached.**

_____ The minor child has never been known or called by any other name.

_____ The minor child has been known or called by the following other name(s): *{list name(s) and explain where child was known or called by such name(s)}* _____
_____
_____

9. The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees. If the minor child has a job, explain:

_____
_____

10**. Criminal History**
   *[Indicate all that apply]*
   _____ The minor child has never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

   _____ The minor child has a criminal history. In the past, the minor child was arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of the criminal history are:

   Date      City/State             Event (arrest, charge, plea, or adjudication)

_____
_____

(_____ Please indicate here if you are continuing these facts on an attached page.)

_____ The minor child _____ has _____has not ever been required to register as a sexual predator under section 775.21, Florida Statutes.

_____ The minor child _____has _____has not ever been required as a sexual offender under section 943.0435, Florida Statutes.

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (02/18)

11**. Money Judgments.**
   *[Choose **one** only]*
   _____ The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.

   _____ The following money judgment(s) has been entered against him or her:

   Date      Amount      Creditor      Court entering judgment and case number   *{date} if Paid*
   _____   _____   _____   _____   _____
   _____   _____   _____   _____   _____

B.   **THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER(S):**

   **_____ PARENT _____ GUARDIAN**

   **_____ A Supplemental Form has been attached for the other parent or petitioner.**

   1.  My complete present name is: _____
       _____

   2.  I live in _____ County, Florida, at *{street address}* _____
       _____.

3**. Bankruptcy**
   *{Choose one only}*

   _____I have never been adjudicated bankrupt

   _____I was adjudicated bankrupt on *{date}* _____, in *{city}*_____
   *{county}* _____, *{state}*_____.

   (_____ Please indicate here if you have filed additional bankruptcies, and explain on an attached page.

4.  **Creditor(s)' Judgments**
    *{Choose one only}*
    _____ I have never had a money judgment entered against me by a creditor.

    _____The following creditor)s)' money judgments have been entered against me:

    Date      Amount   Creditor      Court entering judgment and case number   If Paid *{date}*

_____
_____
_____
(_____ Please indicate here if these facts are continued on an attached page.)

5. **Criminal History**
   *{Indicate all that apply}*

   _____ I have never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

   _____ I have a criminal history. In the past I have been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of my criminal history are:

   Date            City/State        Event (arrest, charge, plea, or adjudication)
   _____
   _____
   _____
   _____
   (_____ Please indicate here if these facts are continued on an attached page.)

   I _____ have _____ have not ever been required to register as a sexual predator under section 775.21, Florida Statutes.

   I _____ have _____ have not ever been required to register as a sexual offender under section 943.0435, Florida Statutes.

6. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

7. My civil rights have never been suspended, or, if ever suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-Mail Address(es)_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}*_____
*{name of business}*_____
*{address}*_____
*{city}*_____, *{state}*_____, *{zip code}*_____*{telephone number}*_____.

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (02/18)

**ADULT SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER(S):**
**_____ PARENT _____ GUARDIAN**

1. My complete present name is: _____
_____

2. I live in _____ County, Florida, at *{street address}* _____
_____.

3**. Bankruptcy**
*{Choose one only}*
_____I have never been adjudicated bankrupt

_____I was adjudicated bankrupt on *{date}* _____, in *{city}*_____
*{county}* _____, *{state}*_____.
(_____ Please indicate here if you have filed additional bankruptcies, and explain on an attached page.

4. **Creditor(s)' Judgments**
*{Choose one only}*
_____ I have never had a money judgment entered against me by a creditor.

_____The following creditor)s)' money judgments have been entered against me:

Date Amount Creditor   Court entering judgment and case number     If Paid *{date}*
_____
_____
_____
_____
(_____ Please indicate here if these facts are continued on an attached page.)

5. **Criminal History**
*{Indicate all that apply}*
_____ I have never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

_____ I have a criminal history. In the past I have been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of my criminal history are:
Date     City/State        Event (arrest, charge, plea, or adjudication)

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (02/18)

_____

_____

_____

(_____ Please indicate here if these facts are continued on an attached page.)

I _____ have _____ have not ever been required to register as a sexual predator under section 775.21, Florida Statutes.

I _____ have _____ have not ever been required to register as a sexual offender under section 943.0435, Florida Statutes.

6.  I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

7.  My civil rights have never been suspended, or, if ever suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                      Signature of Petitioner
                                      Printed Name: _____
                                      Address: _____
                                      City, State, Zip: _____
                                      Telephone Number: _____
                                      Fax Number: _____
                                      Designated E-Mail Address(es)_____

                                      _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

                                      _____
                                      NOTARY PUBLIC or DEPUTY CLERK


                                      _____
                                      *[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (02/18)

Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was completed for the Petitioner(s).
This form was completed with the assistance of:
*{name of individual}* _____
*{name of business}* _____
*{address}* _____
*{city}* _____,*{state}* _____,*{zip code}* _____*{telephone number}* _____
.

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (02/18)

**SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #_____:**

1.  **Minor child's complete present name is:**

    _____.

    **I/We request that minor child's name be changed to:**

    _____.

2.  The minor child lives in _____ County, Florida, at *{street address}* _____

    _____.

3.  The minor child was born on *{date}* _____, in *{city, county, state, country}* _____

    _____.

4.  The minor child's parents' full legal name(s) are:

    a. _____ and

    b. _____

    c. *{If applicable}* The minor child's parent's' maiden name(s): _____
    and_____.

5.  The minor child has lived in the following places since birth:

    Dates (to/from)     Address

    _____/_____     _____

    _____/_____     _____

    _____/_____     _____

    _____/_____     _____

    _____/_____     _____

    _____/_____     _____

    (_____ Please indicate here if you are continuing these facts on an attached page.)

6.  *[Choose **one** only]*
    _____The minor child is not married.

    _____The minor child is married to: *{full legal name}* _____.

7.  *[Choose **one** only]*
    _____The minor child has no children.

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren))
(02/18)

MINOR CHILD # _____, continued

_____The minor child is the parent of the following child(ren):

**Name** *{last, first, middle initial}*          **Date of Birth**

_____
_____
_____
_____
_____

(_____Please indicate here if you are continuing these facts on an attached page.)

8. **Former names**
   *[Indicate all that apply]*
   _____The minor child's name has never been changed **by a court**.

   _____The minor child's name previously was changed **by court order** from _____
   to _____ on *{date}* _____,
   by *{court, city, and state}* _____.
   **A copy of the court order is attached.**

   _____The minor child's name previously was changed **by marriage** from _____
   to _____ on *{date}* _____,
   in *{city, county, and state}* _____.
   **A copy of the marriage certificate is attached.**

   _____The minor child has never been known or called by any other name.

   _____The minor child has been known or called by the following other name(s): *{list name(s) and explain where child was known or called by such name(s)}* _____
   _____
   _____

9. The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees. If the minor child has a job, explain:
   _____
   _____.

10. **Criminal History**
    *[Indicate all that apply]*
    _____The minor child has never been arrested for or charged with, pled guilty or nolo contendere to or been found to have committed a criminal offense, regardless of adjudication.

    _____The minor child has a criminal history. In the past, the minor child was arrested for or

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (02/18)

MINOR CHILD # _____, continued

charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.  The details of the criminal history are:

Date          City/State          Event (arrest, charge, plea, or adjudication)

_____

_____

_____

(_____ Please indicate here if you are continuing these facts on an attached page.)

_____ The minor child _____ has _____ has not ever been required to register as a sexual predator under section 775.21, Florida Statutes.

_____ The minor child _____ has _____ has not ever been required to register as a sexual offender under section 943.0435, Florida Statutes.

11. **Money Judgments**
*[Choose **one** only]*
_____ The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.

_____ The following money judgment(s) has (have) been entered against him or her:

Date Amount Creditor Court entering judgment and case number    *{date}* if Paid

_____

_____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (02/18)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(d), CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN)) (02/18)

## When should this form be used?

This form should be used when one parent consents to the other parent's **petition** to change the name of their minor child(ren). A parent who is not a **petitioner** in the case but is consenting to the change of name should complete this form and sign it in front of a **notary public** or **deputy clerk**.

This form should be typed or printed in black ink. After this form is signed and notarized, you should **file** it with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records. This form should be attached to the **Petition for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(c), **if** obtained prior to the filing of the petition. Otherwise, it may be filed separately after it has been completed.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information see section 68.07, Florida Statutes, and the instructions for **Petition for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(c), or **Petition for Change of Name (Family)**, Florida Supreme Court Approved Family Law Form 12.982(f).

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.982(d), Consent for Change of Name (Minor Child(ren)) (02/18)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE NAME CHANGE OF

_____,
Petitioner.

# CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN))

I, *{full legal name}* _____, being sworn, certify that the following information is true:

I am the birth or legal parent of the minor child(ren) named in this case, and I give consent for the following name changes:

**Minor child(ren)'s complete present name(s):**

(1) _____

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

**Minor child(ren)'s name(s) to be changed to:**

(1) _____

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Consenting Parent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____Personally known
_____Produced identification
        Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose one}* _____ Petitioner _____Consenting Parent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____, *{state}*_____,*{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.982(d), Consent for Change of Name (Minor Child(ren)) (02/18)

- 304 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE NAME CHANGE OF

_____,
Petitioner,

_____,
Petitioner.

# FINAL JUDGMENT OF CHANGE OF NAME (MINOR CHILD(REN))

This cause came before the Court on *{date}* _____, for a hearing on Petition for Change of Name under section 68.07, Florida Statutes, and it appearing to the Court that:

1.      Petitioner(s) is (are) a bona fide resident(s) of _____ County, Florida;

2.      _____ Petitioners are the parents of the minor child(ren) named in the petition;

    **OR**

    _____ Petitioner is the parent of the minor child(ren) named in the petition, and the other parent has been properly notified and has either consented or failed to respond;

3..     Petitioner's request is not for any ulterior or illegal purpose; and

4..     Granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise; it is

**ORDERED** that the minor child(ren)'s
present name(s)                                    be changed to
(1) _____        (1) _____
(2) _____        (2) _____
(3) _____        (3) _____
(4) _____        (4) _____
(5) _____        (5) _____
(6) _____        (6) _____
by which they shall hereafter be known.

Florida Supreme Court Approved Family Law Form 12.982(e), Final Judgment of Change of Name (Minor Child(ren) (02/18)

DONE and ORDERED ON _____ in _____ , Florida.

_____
CIRCUIT JUDGE

I certify that a copy of the *{name of documents(s)}* _____ was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties and any other persons or entities listed below on *{date}* _____ .

_____
*Clerk of Court, Designee, or Judicial Assistant*

Petitioner(s) (or his, her, or their attorneys)
Other: _____

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(f)
# PETITION FOR CHANGE OF NAME (FAMILY)
# (02/18)

## When should this form be used?

This form should be used when the parents are married and the family wants the court to change its name.  This form is **not** to be used in connection with a **dissolution of marriage**, **paternity**, or adoption action.  If you want a change of name because of a dissolution of marriage, paternity, or adoption action that is not yet final, the change of name should be requested as part of that case.

This form should be typed or printed in black ink and must be signed before a **notary public or deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. The petition should only be completed for one adult. If you wish to change the name(s) of another adult and/or any child(ren), you should complete and file with the clerk of court the attached Adult and Child Supplemental Form(s) for Petition for Change of Name (Family) for each additional family member. **Be sure that the bottom of each page of each supplemental form is initialed.**

## What should I do next?

**Unless you are seeking to restore a former name, each adult petitioner must have fingerprints submitted for a state and national criminal history records check**. The fingerprints must be taken in a manner approved by the Department of Law Enforcement and must be submitted to the Department for a state and national criminal history records check.  **You may not request a hearing on the petition until the clerk of court has received the results of your criminal history records check.**  The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit finger prints electronically to the Department of Law Enforcement.  The process may take several weeks and you will have to pay for the cost of processing the fingerprints and conducting the state and national criminal history records check. **Please note that the state and national criminal records check must indicate whether you have registered as either a sexual predator or a sexual offender and you must also indicate on this petition whether you have ever been required to register as a sexual predator under section 775.21, Florida Statutes, or as a sexual offender under section 943.0435, Florida Statutes.**

If any of the children for whom you are requesting this change of name are not the legal children of both adults filing this petition, you must obtain the consent of the legal parent(s).  A parent not named as a **petitioner** in this action may consent by submitting a **Consent for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(d).

If the other parent does not consent to the change of name, you may still have a **hearing** on the **petition**

**if** you have properly notified the other parent about your petition and the hearing. If you know where he or she lives, you must use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. For more information about personal and constructive service, you should refer to the **"General Instructions for Self-Represented Litigants"** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). The law on constructive service is very complex and you may wish to consult an attorney regarding constructive service.

Next, you must obtain a **final hearing** date for the court to consider your request. If you are seeking to restore a former name, the final hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, **family law intake staff**, or **judicial assistant** about the local procedure for setting a hearing. You may be required to attend the hearing. Included in these forms is a **Final Judgment of Change of Name (Family)**, Florida Supreme Court Approved Family Law Form 12.982(g), which may be used when a judge grants a change of name for a family. If you attend the hearing, you should take the **final judgment** form with you. You should complete the top part of this form, including the circuit, county, case number, division, the name(s) of the petitioner(s) and leave the rest blank for the judge to complete. It should be typed or printed in black ink.

If the judge grants your petition, he or she will sign this **order**. This officially changes your family's name. The clerk can provide you with **certified copies** of the signed order. There will be charges for the certified copies, and the clerk can tell you the amount of the charges.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see section 68.07, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or

Instructions for Florida Supreme Court Approved Family Law Form 12.982(f), Petition for Change of Name (Family) (02/18)

permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

The heading of the form calls for the name(s) of the **petitioner(s)**. This is (are) the parent(s) who is/are requesting the change of their family's name(s). The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.

It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver's license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.982(f), Petition for Change of Name (Family) (02/18)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE NAME CHANGE OF

_____,
Petitioner

_____,
Petitioner.

# PETITION FOR CHANGE OF NAME (FAMILY)

I/We, *{full legal name(s)}* _____, being sworn, certify that the following information is true:

**There are** *{enter number}* _____ **adults named in this petition.** A supplemental form is attached for each adult not set out below.

**There are** *{enter number}* _____ **children named in this petition. I am/We are the birth or legal parents or guardian of the minor child(ren) named in this petition.** I/We have attached a completed supplemental form for each minor child.

Unless I am/We are seeking to restore a former name, a copy of the fingerprints of each adult person seeking a name change in this petition has/have been taken in a manner approved by the Department of Law Enforcement, and submitted for a state and national criminal history records check. I**/We understand that I/we cannot request a hearing on my/our Petition until the clerk of court receives the results of the criminal history records check**. **I/We also understand that the state and national records check must indicate whether I/We have registered as either a sexual predator or sexual offender.**

**THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER _____:**
**_____PARENT _____GUARDIAN**

**_____ A Supplemental Form has been attached for the other parent or petitioner.**

1.    My complete present name is:

    _____.
    I request that my name be changed to:

    _____.

Florida Supreme Court Approved Family Law Form 12.982(f), Form for Petition for Change of Name (Family) (02/18)

2. I live in _____ County, Florida, at *{street address}* _____
   _____.

3. I was born on *{date}* _____, in *{city}*_____, *{county}*_____,
   *{state}* _____, *{country}* _____.

4. My parents' full legal names are:
   a. _____and

   b. _____

   c. *{If applicable}* My parents'  maiden name(s) is/are: _____
      and _____.

5. I have lived in the following places since birth:

   Dates (to/from)        Address
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   (_____ Please indicate here if you are continuing these facts on an attached page.)

6. **Family**
   *[Indicate **all** that apply]*
   _____ I am not married.

   _____ I am married.  My spouse's full legal name is: _____.

   _____ I do not have child(ren).

   _____The name(s), age(s), and address(es) of my child(ren) are as follows (all children, **including those over 18**, must be listed):

   | **Name** *{last, first, middle initial}* | **Age** | **Address, City, State** |
   | --- | --- | --- |
   | | | |
   | | | |
   | | | |
   | | | |
   | | | |

(_____ Please indicate here if you are continuing these facts on an attached page.)

7.  **Former Names**

    *[Indicate **all** that apply]*
    _____My name has never been changed **by a court**.

    _____My name previously was changed **by court order** from _____
    to _____ on *{date}* _____,
    by *{court, city, and state}* _____.
    **A copy of the court order is attached.**

    _____My name previously was changed **by marriage** from _____
    to _____ on *{date}* _____,
    in *{city, county, and state}* _____.
    **A copy of the marriage certificate is attached.**

    _____I have never been known or called by any other name.

    _____I have been known or called by the following other name(s): *{list name(s) and explain where you were known or called by such name(s)}* _____
    _____
    _____.

8.  **Occupation**
    My occupation is: _____.
    I am employed at: *{company and address}* _____
    _____.
    During the past 5 years, I have had the following jobs:

    Dates (to/from)        Employer and employer's address
    _____/_____        _____
    _____/_____        _____
    _____/_____        _____
    _____/_____        _____
    _____/_____        _____
    _____/_____        _____
    (_____ Please indicate here if you are continuing these facts on an attached page.)

9.  **Business**
    *[Choose **one** only]*
    _____I do not own and operate a business.

Florida Supreme Court Approved Family Law Form 12.982(f), Form for Petition for Change of Name (Family) (02/18)

_____I own and operate a business.  The name of the business is: _____ .
      The street address is: _____ .
      My position with the business is: _____ .
      I have been involved with the business since: *{date}* _____ .

10.   **Profession**
      *[Choose **one** only]*
      _____I am not in a profession.


      _____I am in a profession.  My profession is: _____ .
          I have practiced this profession:


      Dates (to/from)        Place and address
      _____
      _____
      _____
      _____
      (_____ Please indicate here if you are continuing these facts on an attached page.)


11.   **Education**
      I have graduated from the following school(s):

      Degree            Date of
      Received          Graduation              School

      _____      _____      _____

      _____      _____      _____

      _____      _____      _____
      (_____ Please indicate here if you are continuing these facts on an attached page.).


12.   **Criminal History**
      *[Indicate all that apply]*
      _____    I have never been arrested for or charged with, pled guilty or nolo contendere to, or have
                 been found to have committed a criminal offense, regardless of adjudication.


      _____    I have a criminal history.  In the past I have been arrested for or charged with, pled guilty
                 or nolo contendere to, or been found to have committed a criminal offense, regardless of
                 adjudication.  The details of my criminal history are:

Date    City/State          Event (arrest, charge, plea, or adjudication)

_____
_____
_____
_____
(_____ Please indicate here if you are continuing these facts on an attached page.)

I _____ have ____have not ever been required to register as a sexual predator under section 775.21, Florida Statutes.

I _____ have _____have not ever been required to register as a sexual offender under section 943.0435, Florida Statutes.

13.    **Bankruptcy**

*[Choose one only]*
____I have never been adjudicated bankrupt.

____I was adjudicated bankrupt on *{date}* _____, in *{city}* _____,
   *{county}* _____, *{state}* _____.
(____ Please indicate here if you have had additional bankruptcies, and explain on an attached page.)

14.    **Creditor's Judgments**
   *[Choose **one** only]*
____I have never had a money judgment entered against me by a creditor.

____The following creditor(s)' money judgment(s) have been entered against me:

Date    Amount Creditor Court entering judgment and case number *{date}* if Paid

_____  _____  _____  _____  ____
_____  _____  _____  _____  ____
_____  _____  _____  _____  ____
_____  _____  _____  _____  ____
(____ Please indicate here if these facts are continued on an attached page.)

15.    **Fingerprints and Criminal History Records Check**
   Unless I am seeking to restore a former name, a copy of my fingerprints has been taken in a manner approved by the Department of Law Enforcement and submitted for a state and national criminal history records check. **I understand that I cannot request a hearing on my Petition until the Clerk of Court receives the results of the criminal history records check.**

16.    I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, goodwill, privacy, trademark,

or otherwise.

17.     My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-Mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____
Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
        Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

Florida Supreme Court Approved Family Law Form 12.982(f), Form for Petition for Change of Name (Family) (02/18)

- 315 -

[fill in **all** blanks] This form was prepared for the Petitioner(s).
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* ____, *{zip code}*_____, *{telephone number}* _____.

**ADULT SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (FAMILY)** Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER_____:**

**_____ PARENT _____ GUARDIAN**

1**.** My complete present name is:_____ _____

    I request that my name be changed to: _____

2. I live in _____ County, Florida, at *{street address}* _____
_____.

3.  I was born on *{date}* _____, in *{city}*_____, *{county}* _____,
    *{state}* _____, *{country}* _____.

4.  My parents' full legal names are:
    a.  _____and.

    b.  _____.

    c.  *{If applicable}* My parents' maiden name(s) is/are: _____
      and_____.

5.  I have lived in the following places since birth:
    Dates (to/from)     Address
    _____/_____   _____
    _____/_____   _____
    _____/_____   _____
    _____/_____   _____
    _____/_____   _____
    _____/_____   _____
    _____/_____   _____
    _____/_____   _____
    (____ Please indicate here if additional pages are attached.)

6.  **Family**
    *[Indicate **all** that apply]*
    _____ I am not married.

    _____I am married.  My spouse's full legal name is: _____.

    _____ I do not have child(ren).

    _____The name(s), age(s), and address(es) of my child(ren) are as follows (all children, **including those over 18**, must be listed):

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (02/18)

| Name *{last, first, middle initial}* | Age | Address, City, State |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

7. **Former Names**
   *[Indicate **all** that apply]*

   _____My name has never been changed **by a court**.

   _____My name previously was changed **by court** order from_____
   to _____ on *{date}*_____
   by *{court, city, and state}* _____.
   **A copy of the court order is attached.**

   _____My name previously was changed **by marriage** from _____
   to _____ on *{date}*_____
   in *{city, county, and state}* _____.
   **A copy of the marriage certificate is attached.**

   _____I have never been known or called by any other name.

   _____I have been known or called by the following other name(s): *{list name(s) and explain where you were known or called by such name(s)}* _____
   _____
   _____

8. **Occupation**
   My occupation is: _____.

   I am employed at: *{company and address}* _____
   _____.
   During the past 5 years, I have had the following jobs:
   Dates (to/from)          Employer and employer's address
   _____/_____              _____
   _____/_____              _____
   _____/_____              _____
   _____/_____              _____
   _____/_____              _____
   _____/_____              _____
   _____/_____              _____
   (____ Please indicate here if you are continuing these facts on an attached page.)

9. **Business**
   *[Indicate **all** that apply]*
   ____I do not own and operate a business.

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (02/18)

_____I own and operate a business.  The name of the business is: _____.
The street address is: _____.

My position with the business is: _____.

I have been involved with the business since: *{date}* _____.

10. **Profession**
    *[Indicate **all** that apply]*
    _____I am not in a profession.

    _____I am in a profession.  My profession is: _____.
    I have practiced this profession:

    Dates (to/from)        Place and address
    _____/_____         _____
    _____/_____         _____
    _____/_____         _____
    _____/_____         _____
    _____/_____         _____
    (___ Please indicate here if you are continuing these facts on an attached page.)

11. **Education**
    I have graduated from the following school(s):

    Degree        Date of
    Received      Graduation            School

    _____        _____              _____
    _____        _____              _____
    _____        _____              _____
    (___ Please indicate here if you are continuing these facts on an attached page.)

12. **Criminal History**
    *[Indicate **all** that apply]*
    _____I have never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

    _____I have a criminal history.  In the past I have been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.  The details of my criminal history are:

    Date        City/State            Event (arrest, charge, plea, or adjudication)
    _____
    _____
    (_____ Please indicate here if you are continuing these facts on an attached page.)

    I _____ have _____have not ever been required to register as a sexual predator under section 775.21, Florida Statutes.

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (02/18)

- 319 -

I _____ have _____ have not ever been required to register as a sexual offender under section 943.0435, Florida Statutes.

13. **Bankruptcy**
[Choose **one** only]
____I have never been adjudicated bankrupt.

____I was adjudicated bankrupt on {date} _____, in {city} _____, {county} _____, {state} _____.
(___ Please indicate here if you have had additional bankruptcies, and explain on an attached page.)

14. **Creditor's Judgments**
[Choose **one** only]
____I have never had a money judgment entered against me by a creditor.

____The following creditor(s)' money judgment(s) have been entered against me:

| Date Paid | Amount | Creditor | Court entering judgment and case number | {date} if |
|-----------|--------|----------|------------------------------------------|-----------|
| _____ | _____ | _____ | _____ | ___ |
| _____ | _____ | _____ | _____ | ___ |
| _____ | _____ | _____ | _____ | ___ |
| _____ | _____ | _____ | _____ | ___ |

(____ Please indicate here if these facts are continued on an attached page.)

15. Unless I am seeking to restore a former name, a copy of my fingerprints has been taken in a manner approved by the Department of Law Enforcement and submitted for a state and national criminal history records check. **I understand that I cannot request a hearing on my Petition until the Clerk of Court receives the results of the criminal history records check.**

16. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

17. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (02/18)

- 320 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-Mail Address(es): _____
_____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

____ Personally known
____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the Petitioner(s).
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (02/18)

**CHILD SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (FAMILY)**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT MINOR CHILD # _____ :**

1. The minor child's complete present name is:

   _____

   I/We request that minor child's name be changed to:

   _____

2. The minor child lives in _____ County, Florida, at *{street address}* _____

   _____ .

3. The minor child was born on _____, in *{city, county, state, country}*

   _____ .

4. The minor child's parents' full legal names are:

   a. _____ and

   b. _____

   c. *{If applicable}* The minor child's parents' maiden name(s) is/are:_____
   _____and _____ .

5. The minor child has lived in the following places since birth:
   Dates (to/from)          Address

   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____
   _____/_____          _____

   (_____ Please indicate here if continuing these facts on an attached page.)

6. *[Choose **one** only]*
   _____The minor child is not married

   _____The minor child is married to: *{full legal name}* _____ .

   *[Choose **one** only]*
   _____The minor child has no children.

   _____The minor child is the parent of the following child(ren):

   **Name** *{last, first, middle initial}*          **Date of Birth**
   _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (02/18)

- 322 -

_____

_____

(_____Please indicate here if you are continuing these facts on an attached page.)

7. **Former Names**
   *[Indicate **all** that apply]*
   _____The minor child's name has never been changed by court order.

   _____The minor child's name previously was changed by court order from _____
   to _____ on *{date}* _____ *{court, city,*
   *and state}* _____.
   **A copy of the court order is attached.**

   _____The minor child's name previously was changed by marriage from _____
   to _____ on *{date}* _____,
   in *{city, county, and state}* _____.
   **A copy of the marriage certificate is attached.**

   _____The minor child has never been known or called by any other name.

   _____The minor child has been known or called by the following other name(s): *{list*
   *name(s) and explain where child was known or called by such name(s)}* _____
   _____
   _____.

8. The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees. If the minor child has a job, explain: _____
   _____

9. **Criminal History**
   *[Indicate all that apply]*
   _____The minor child has never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

   _____The minor child has a criminal history. In the past, the minor child was arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of the criminal history are:

   | Date | City/State | Event (arrest, charge, plea, or adjudication) |
   |------|-----------|-----------------------------------------------|
   |      |           |                                               |
   |      |           |                                               |

   (_____ Please indicate here if you are continuing these facts on an attached page.)

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (02/18)

_____ The minor child _____ has _____has not ever been required to register as a sexual predator under section 775.21, Florida Statutes.

_____ The minor child _____has _____ has not ever been required to register as a sexual offender under section 943.0435, Florida Statutes.

10. **Money Judgments**
    *[Choose **one** only]*
    ____The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.

    ____The following money judgment(s) has been entered against him or her:

    Date Amount Creditor Court entering judgment and case number *{date}* **if** Paid
    _____
    _____
    _____
    _____
    _____
    (_____ Please indicate here if you are continuing these facts on an attached page.)

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (02/18)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: THE NAME CHANGE OF

_____,
Petitioner

_____,
Petitioner

# FINAL JUDGMENT OF CHANGE OF NAME (FAMILY)

This cause came before the Court on *{date}* _____, for a hearing on Petition for Change of Name under section 68.07, Florida Statutes, and it appearing to the Court that:

1.      Petitioners are bona fide residents of _____ County, Florida;

2.      a. _____Petitioners are the parents of the minor child(ren) named in the petition;

        b. _____Petitioner is the parent of the minor child(ren) named in the petition, and the other parent has been properly notified and has either consented or failed to respond;

        c. _____ Other: _____;

3.      Petitioner's request is not for any ulterior or illegal purpose; and

4.      Granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise; it is

ORDERED that the:

present name(s)                          be changed to

(1) _____          (1) _____

(2) _____          (2) _____

(3) _____          (3) _____

(4) _____          (4) _____

(5) _____          (5) _____

(6) _____          (6) _____

by which they shall hereafter be known.

DONE AND ORDERED on _____in _____, Florida.

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.982(g), Final Judgment of Change of Name (Family) (02/18)

I certify that a copy of the *{name of document(s)}* _____
was (  ) mailed (  ) faxed and mailed (  ) e-mailed (  ) hand-delivered to the parties and any other persons or entities listed below on *{date}* _____.


_____
*By: Clerk of Court, Designee, or Judicial Assistant*


Petitioner(s) (or his/her/their attorneys)
Other:_____

IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: The Marriage of:

_____,

Petitioner,

and

_____,

Respondent.

# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN) (UNCONTESTED)

This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

**FINDINGS:**

1. The Court has jurisdiction over the subject matter and the parties.

2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.

3. The marriage between the parties is irretrievably broken.

4. The names of the parties' children are as follows: _____
_____
_____
_____.

5. The parties have voluntarily entered into a Marital Settlement Agreement and Parenting Plan, and each party has filed the required Family Law Financial Affidavit. The Parenting Plan is in the best interests of the children.

6. The Court finds that the parties have the present ability to pay support as agreed to in the marital settlement agreement.

7. *{If applicable}* _____ Petitioner _____ Respondent requests that his/her former name of

Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Minor Child(ren) (Uncontested) (02/18)

- 327 -

*{full legal name}* _____be restored.

**ORDERED AND ADJUDGED:**

A.  The marriage between the parties is dissolved and the parties are restored to the status of being single.

B.  The Marital Settlement Agreement, attached as Exhibit A, is approved by the court and incorporated herein, but not merged. The parties shall obey all of its provisions.

C.  The Parenting Plan, attached as Exhibit B, is approved by the court and incorporated herein. The parties shall obey all of its provisions.

D. _____ Petitioner's _____Respondent's former name of
    *{full legal name}* _____ is restored.

E.  The court reserves jurisdiction to modify and enforce this final judgment.

DONE AND ORDERED in _____, Florida, on _____.


_____
CIRCUIT JUDGE


I certify that a copy of this Final Judgment of Dissolution of Marriage was _____ mailed _____faxed and mailed _____ e-mailed _____ hand-delivered to the parties and any entities listed below on *{date}* _____.


by_____
*{Clerk of court or designee}*


Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: _____

Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Minor Child(ren) (Uncontested) (02/18)

- 328 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: The Marriage of:

_____,
Petitioner,

and

_____,
Respondent.

# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (UNCONTESTED)

This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

**FINDINGS:**

1. The Court has jurisdiction over the subject matter and the parties.

2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.

3. The parties have no minor or dependent children in common, no children born to either spouse during the marriage remain minor or dependent and neither spouse is pregnant.

4. The marriage between the parties is irretrievably broken. .

5. The parties have voluntarily entered into a Marital Settlement Agreement, and each has filed the required Family Law Financial Affidavit.

6. *{If applicable}* _____ Petitioner _____ Respondent requests that his/her former name of *{full legal name}* _____ be restored.

**ORDERED AND ADJUDGED:**

A. The marriage between the parties is dissolved and the parties are restored to the status of being

Florida Supreme Court Approved Family Law Form 12.990(b)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested) (02/18)

single.

B.  The Marital Settlement Agreement, attached as Exhibit A, is approved by the court and incorporated herein, but not merged. The parties shall obey all of its provisions.

C.  _____Petitioner's _____ Respondent's former name of
    *{full legal name}*_____is restored.

D.  The court reserves jurisdiction to modify and enforce this final judgment.


DONE AND ORDERED in _____, Florida on _____.




_____
CIRCUIT JUDGE


I certify that a copy of this Final Judgment of Dissolution of Marriage was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties listed below on *{date}* _____.



by_____
*{Clerk of court or designee}*







Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: _____

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: The Marriage of:

_____ ,

Petitioner,

and

_____ ,

Respondent.

# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH
# NO PROPERTY OR DEPENDENT OR MINOR CHILD(REN) (UNCONTESTED)

This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

**FINDINGS:**

1.  The Court has jurisdiction over the subject matter and the parties.

2.  At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.

3.  The parties have no minor or dependent children in common, no children born to either spouse during the marriage remain minor or dependent, and neither spouse is pregnant.

4.  The marriage between the parties is irretrievably broken.

5.  There are no marital assets or marital liabilities for the court to divide.

6.  *{If applicable}* _____Petitioner _____ Respondent requests that his/her former name of *{full legal name}* _____be restored.

**ORDERED AND ADJUDGED:**

A. The marriage between the parties is dissolved and the parties are restored to the status of being single.

Florida Supreme Court Approved Family Law Form 12.990(b)(3), Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested) (02/18)

- 331 -

B. _____Petitioner's _____Respondent's former name of
{full legal name} _____ is restored.

C. The court reserves jurisdiction to modify and enforce this final judgment.

DONE AND ORDERED in_____, Florida, on _____.

_____
CIRCUIT JUDGE

I certify that a copy of this Final Judgment of Dissolution of Marriage was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties listed below on {date} _____.

by_____
{Clerk of court or designee}

Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: _____

Florida Supreme Court Approved Family Law Form 12.990(b)(3), Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested) (02/18)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No.:_____

Division: _____

In Re: The Marriage of:

_____,

Petitioner,

and

_____,

Respondent.


# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
# WITH DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

**FINDINGS:**

1.  The Court has jurisdiction over the subject matter and the parties.

2.  At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.

3.  The marriage between the parties is irretrievably broken.

**ORDERED AND ADJUDGED:**

**SECTION I: DISSOLUTION AND RESTORATION**

A.  The marriage between the parties is dissolved and the parties are restored to the status of being single.

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 333 -

B. Former Name. *{If applicable}*_____Petitioner's _____ Respondent's former name of
*{full legal name}* _____ is restored.

## SECTION II. MARITAL ASSETS AND LIABILITIES

A. **Date of Valuation of Property.** The assets and liabilities listed below are divided as indicated. The date of valuation of these assets and liabilities is, unless otherwise indicated:
1. _____ date of filing petition for dissolution of marriage.
2. _____ date of separation.
3. _____ date of final hearing .
4. _____ other: *{specify date}*_____

B. **Division of Assets.**
1. **The assets listed below are non-marital assets.** Each party shall keep, as his or her own, the assets found to be non-marital, and the other party shall have no further rights or responsibilities regarding these assets.

| ASSETS: DESCRIPTION OF ITEM(S) Please describe each item as clearly as possible. You do not need to list account numbers. | Current Fair Market Value | Petitioner's Non-marital Property | Respondent's Non-marital Property |
|---|---|---|---|
| | $ | $ | $ |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Non-marital Assets** | $ | $ | $ |

2. **The assets listed below are marital assets.** Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. **Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).**

| ASSETS: DESCRIPTION OF ITEM(S) Please describe each item as clearly as possible. You do not need to list account numbers. | Current Fair Market Value | Petitioner Shall Receive | Respondent Shall Receive |
|---|---|---|---|
| Cash (on hand or in banks/credit unions) | $ | $ | $ |
| | | | |
| | | | |

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 334 -

| ASSETS: DESCRIPTION OF ITEM(S)<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. | Current Fair Market Value | Petitioner Shall Receive | Respondent Shall Receive |
|---|---|---|---|
| Stocks/bonds | _____ | _____ | _____ |
| | | | |
| Notes | | | |
| Business interests | | | |
| | | | |
| Real estate: (Home) | | | |
| | | | |
| Automobiles | | | |
| | | | |
| | | | |
| Boats | | | |
| Furniture & furnishings | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Jewelry | | | |
| | | | |
| Life Insurance (cash surrender value) | | | |
| Retirement Plans (Profit sharing, Pension, IRA, 401(k)(s), etc) | | | |
| | | | |
| Other assets | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Marital Assets** | $ | $ | $ |

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

C. **Division of Liabilities/Debts.**

   1.    **The liabilities listed below are nonmarital liabilities** and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.

| LIABILITIES: DESCRIPTION OF DEBT(S) Please describe each item as clearly as possible. You do not need to list account numbers) | Current Amount Owed | Petitioner's Non-marital Liability | Respondent's Non-marital Liability |
|---|---|---|---|
|  | $ | $ | $ |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **Total Non-marital Liabilities** | $ | $ | $ |

   2.    **The liabilities listed below are marital liabilities** and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.

| LIABILITIES: DESCRIPTION OF DEBTS Please describe each item as clearly as possible. You do not need to list account numbers. | Current Amount Owed | Petitioner Shall Pay | Respondent Shall Pay |
|---|---|---|---|
| Mortgages on real estate: (Home) | $ | $ | $ |
| (Other) |  |  |  |
| Charge/Credit card accounts |  |  |  |
|  | -------------------- | ----------------- | ----------------- |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Auto loan |  |  |  |
| Auto loan |  |  |  |
| Bank, Credit Union loans |  |  |  |
|  |  |  |  |
|  |  |  |  |

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 336 -

| LIABILITIES: DESCRIPTION OF DEBTS Please describe each item as clearly as possible. You do not need to list account numbers. | Current Amount Owed | Petitioner Shall Pay | Respondent Shall Pay |
|---|---|---|---|
| Other | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Marital Liabilities** | | | |
| | $ | $ | $ |

D. Contingent assets and liabilities will be divided as follows: _____
_____
_____.

E. The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning:

_____
_____
_____
_____

F. **Beneficiary Designation (By completing this section, the beneficiary designations continue after Entry of Final Judgment of Dissolution of Marriage.)**

The designation providing for the payment or transfer at death of an interest in the assets described below to or for the benefit of the deceased party's former spouse is **NOT VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect.

_____1. The _____Petitioner _____ Respondent shall acquire or maintain the following assets for the benefit of the other spouse or child(ren), to be paid upon his/her death outright or in trust. This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless precluded by statute. *{Describe the assets with specificity}:* _____
_____

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 337 -

_____

_____.

_____2. The _____ Petitioner _____ Respondent shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}:* _____

_____

_____

_____.

## SECTION III. EXCLUSIVE USE AND POSSESSION OF HOME

*{Indicate **all** that apply}*

A. The_____ Petitioner _____ Respondent, as a condition of support, shall have exclusive use and possession of the dwelling located at the following address:_____

_____

until: *{date or event}* _____

_____

_____

_____.

B. The_____ Petitioner _____ Respondent may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.

C. _____Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided _____% to Petitioner and _____% to Respondent, with the following credits and/or setoffs being allowed:

_____

_____

_____

_____.

D. _____Other: _____

_____

_____.

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 338 -

**SECTION IV. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)**

A. **Jurisdiction.** The Court has jurisdiction to determine parental responsibility, to establish or adopt a Parenting Plan, and a time-sharing schedule with regard to the minor child(ren) listed in paragraph 2 below.

B. **The parties' dependent or minor child(ren) is (are):**

Name                                                    Birth date

_____

_____

_____

_____

_____

_____

C. **Parenting Plan.** The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit _____.

**SECTION V. ALIMONY**

A. _____ The Court denies the request(s) for alimony;

**OR**

B. _____ The Court finds that _____ Petitioner _____ Respondent, (hereinafter Obligee), has an actual need for, and that _____ Petitioner _____ Respondent, (hereinafter Obligor), has the present ability to pay, alimony as follows: *{Indicate **all** that apply}*

1. _____**Permanent Periodic.**

   a. The Court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.

   b. As a marriage of: *{Choose only **one**}*

   _____ **Long Duration** (17 years or greater) alimony is appropriate upon consideration of all relevant factors;

   _____**Moderate Duration** (greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or

   _____**Short Duration** (less than 7 years) alimony is appropriate based upon the following exceptional circumstances: _____

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 339 -

_____
_____
_____.

    c.   Obligor shall pay permanent periodic alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}*

_____

_____

beginning *{date}* _____. This alimony shall continue until modified by court order, death of either party, or remarriage of Obligee, whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances, or the existence of a supportive relationship in accordance with section 61.14, Florida Statutes.

2.     _____ **Bridge-the-Gap.** Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_____per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}* _____ beginning *{date}*_____and continuing until: *{date}*_____*{a period not to exceed two (2) years}*; death of either party; or remarriage of the Obligee, whichever occurs first.

3.     _____**Rehabilitative.** Obligor shall pay rehabilitative alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}* _____beginning *{date}*_____. This rehabilitative alimony shall continue until: modified by court order; the death of either party; or until *{date/event}* _____, whichever occurs first. The rehabilitative plan presented demonstrated the following:

_____
_____
_____
_____

4.     _____**Durational.** Obligor shall pay durational alimony to Obligee in the amount of $_____ per month payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}* _____beginning *{date}*_____and terminating on *{date}*_____, the death of either party, remarriage of the Obligee, or until modified by court order in accordance with section 61.08(7), Florida Statutes, whichever occurs first.

5.     _____**Lump Sum.** Obligor shall pay lump sum alimony to Obligee in the amount of $_____, which shall be paid as follows: _____

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 340 -

beginning *{date}*_____and terminating on *{date}*_____,
the death of either party, remarriage of the Obligee, or until modified by court order,
whichever occurs first.

6._____**Retroactive.** Obligor shall pay retroactive alimony in the amount of
$_____ for the period of *{date}*_____, through *{date}*
_____, which shall be paid pursuant to paragraph D. below.

C. **Reasons for _____ Awarding _____ Denying Alimony.** The Court has considered all of the
following in awarding/denying alimony:
1. The standard of living established during the marriage;
2. The duration of the marriage;
3. The age and the physical and emotional condition of each party;
4. The financial resources of each party, including the nonmarital and marital assets and
liabilities distributed to each;
5. The earning capacities, educational levels, vocational skills, and employability of the
parties and, when applicable, the time necessary for either party to acquire sufficient
education or training to enable such party to find appropriate employment;
6. The contribution of each party to the marriage, including, but not limited to, services
rendered in homemaking, child care, education, and career building of the other party;
7. The responsibilities each party will have with regard to any minor or dependent children
they have in common;
8. The tax treatment and consequences to both parties of any alimony award, including
the designation of all or a portion of the payment as a nontaxable, nondeductible
payment;
9. All sources of income available to either party, including income available to either party
through investments of any asset held by that party and
10. Any other factor necessary to do equity and justice between the parties: {explain}

_____
_____
_____
_____
_____ Please indicate here if additional pages are attached.

D. **Retroactive Alimony and/or Arrearages.**

1. _____There is no alimony arrearage at the time of this Final Judgment.

    **OR**
2. _____The _____ Petitioner _____ Respondent shall pay to the other spouse the sum of:
$_____ for retroactive alimony, as of *{date}*_____;
$_____ for previously ordered unpaid alimony, as of *{date}* _____.

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with
Dependent or Minor Child(ren) (02/18)

The total of $ _____ shall be paid in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month, or _____ other *{explain}* _____beginning *{date}*_____, until paid in full including statutory interest.

E.   _____ **Life Insurance (to secure payment of support).** To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

F. _____**Other provisions relating to alimony, including any tax treatment and consequences:**

1. The award of alimony _____ does not _____ does leave the Obligor with significantly less net income than the net income of the recipient/Obligee.  If the award **does** leave the Obligor with significantly less net income than that of the Obligee, the Court finds the following exceptional circumstances: _____

_____
_____
_____.

2. Other_____
_____
_____.

## SECTION VI.  CHILD SUPPORT

A. _____The Court finds that there is a need for child support and that the _____ Petitioner _____ Respondent (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Petitioner _____ Respondent are correct;

**OR**

_____The Court makes the following findings:
Petitioner's net monthly income is $_____, (Child Support Guidelines ____%).
Respondent's net monthly income is $_____, (Child Support Guidelines ____%).
Monthly child care costs are $_____.
Monthly health/dental insurance costs are $_____.

B**. Amount.**
Child support established at the rate of $_____per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 342 -

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating_____ *{month, day, year}*. This child support shall be paid in the amount of $_____per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _____appears below or _____ is attached as part of this form.}***

_____
_____
_____
_____
_____
_____.

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
_____
_____
_____.

C**. Retroactive Child Support and/or Arrearages.**
    1. _____There is no retroactive child support or child support arrearage at the time of this Final Judgment.

       **OR**

    2. ____There is either retroactive child support or child support arrearage.

      _____ Petitioner ____ Respondent shall pay to the other spouse child support in the amount of:
      $_____ for retroactive child support, as of *{date}* _____;
      $_____ for previously ordered unpaid child support, as of *{date}* _____.

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 343 -

The total of $ _____ in child support shall be paid in the amount of $ _____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least a month, or _____ other {explain} _____ beginning {date}_____, until paid in full including statutory interest.

D. **Insurance.**

1. _____**Health/Dental Insurance.** _____ Petitioner _____ Respondent  shall be required to maintain _____health and/or _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the other party;
        **OR**

_____ health and/or _____ dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

2. _____Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall be assessed as follows:
_____ Shared equally by both spouses.
_____ Prorated according to the child support guideline percentages.
_____ Other *{explain}*: _____
_____
As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

E._____**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, _____ Petitioner _____Respondent _____ Each party shall maintain life insurance, in an amount of at least $_____, on his/her life her life naming  minor child(ren) as the beneficiary(ies) **OR** naming _____ Petitioner _____Respondent, or _____other *{name}* _____ as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or becomes self-supporting.

F. **IRS Income Tax Exemption(s).**  The assignment of any tax exemption(s) for the child(ren) shall be as follows: _____
_____
_____.
Each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

G**. Other provisions relating to child support:** _____

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

_____
_____.

**SECTION VII.  METHOD OF PAYMENT**

Obligor shall pay court-ordered alimony and child support, including any retroactive support or arrearages as follows:

A**. Place of Payment.**

1. _____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

2. _____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payment through either the State Disbursement Unit or the central depository.

B**. Income Deduction.**

1**. _____Immediate.**  Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

2**. _____Deferred.**  Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*
_____
_____
_____,
**AND**
There is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,

**AND**                                           _____There is an agreement by the
Obligor to advise the Title IV-D agency, the clerk of court,     and the Obligee of any change in Payor and/or health insurance

**OR**

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

\_\_\_\_\_there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

C. **Bonus/one-time payments.** \_\_\_\_\_ All _____% \_\_\_\_\_ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.

D**. Other provisions relating to method of payment.**
_____
_____
_____.

## SECTION VIII.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY

A. \_\_\_\_\_ Petitioner's \_\_\_\_\_Respondent's request(s) for attorney's fees, costs, and suit money is (are) denied because: _____
_____.

**OR**

B. \_\_\_\_\_The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent is hereby ordered to pay to the other spouse $_____ in attorney's fees, and $ _____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $ _____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows:
_____
_____.

## SECTION IX. OTHER PROVISIONS

**Other Provisions.**
**_____**
**_____**
**_____**

The Court reserves jurisdiction to modify and enforce this Final Judgment.

**DONE AND ORDERED** in _____, Florida, on _____.

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 346 -

I certify that a copy of this **Final Judgment of Dissolution** was \_\_\_\_\_ mailed \_\_\_\_\_ faxed and mailed \_\_\_\_\_e-mailed \_\_\_\_\_ hand delivered to the parties listed below on {*date*} _____.


by_____
*{Clerk of court or designee}*


_____ Petitioner (or his/her attorney)
_____ Respondent (or his/her attorney)
_____ Central Depository
_____ State Disbursement Unit
_____ Other _____

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 347 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In Re: The Marriage of:

_____

Petitioner,

and

_____,

Respondent.

# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

**FINDINGS:**

1. The Court has jurisdiction over the subject matter and the parties.

2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.

3. The parties have no minor or dependent children in common, no children born to either spouse during the marriage remain minor or dependent, and neither spouse is pregnant.

4. The marriage between the parties is irretrievably broken.

**ORDERED AND ADJUDGED:**

**SECTION I.  DISSOLUTION AND RESTORATION**

A. The marriage between the parties is dissolved and the parties are restored to the status of being single.

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

B.  Former Name*. {If applicable}* _____ Petitioner's _____ Respondent's former name of
     *{full legal name}* _____is restored.


**SECTION II.  MARITAL ASSETS AND LIABILITIES**

A.  **Date of Valuation of Property.** The assets and liabilities listed below are divided as indicated.  The date of valuation of these assets and liabilities is, unless otherwise indicated:
    1._____ date of filing petition for dissolution of marriage _____.
    2._____ date of separation _____.
    3. _____ date of final hearing _____.
    4. _____ other: *{specify date}*_____.

B.  **Division of Assets.**
    1**. The assets listed below are nonmarital assets.** Each party shall keep, as his or her own, the assets found to be nonmarital, and the other party shall have no further rights or responsibilities regarding these assets.

| ASSETS: DESCRIPTION OF ITEM(S)<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. | Current Fair Market Value | Petitioner's Non-marital Property | Respondent's Non-marital Property |
|---|---|---|---|
| | $ | $ | $ |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Nonmarital Assets** | $ | $ | $ |

2**. The assets listed below are marital assets.** Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. **Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).**

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

| ASSETS: DESCRIPTION OF ITEM(S)<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. | Current<br>Fair Market<br>Value | Petitioner<br>Shall<br>Receive | Respondent<br>Shall<br>Receive |
|---|---|---|---|
| Cash (on hand or in banks/credit unions) | $ | $ | $ |
| | | | |
| | | | |
| Stocks/bonds | | | |
| | | | |
| Notes | | | |
| Business interests | | | |
| | | | |
| Real estate: (Home) | | | |
| | | | |
| Automobiles | | | |
| | | | |
| | | | |
| Boats | | | |
| Furniture & furnishings | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Jewelry | | | |
| | | | |
| Life insurance (cash surrender value) | | | |
| Retirement Plans (Profit sharing, Pension, IRA, 401(k)s, etc.) | | | |
| | | | |
| Other assets | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 350 -

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Marital Assets** | $ | $ | $ |

C. **Division of Liabilities/Debts.**

1**. The liabilities listed below are nonmarital liabilities** and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.

| **LIABILITIES: DESCRIPTION OF DEBT(S)** **Please describe each item as clearly as possible.** **You do not need to list account numbers)** | **Current Amount Owed** | **Petitioner's Non- marital Liability** | **Respondent's Non- marital Liability** |
|---|---|---|---|
| | $ | $ | $ |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Nonmarital Liabilities** | $ | $ | $ |

2**. The liabilities listed below are marital liabilities** and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 351 -

| LIABILITIES: DESCRIPTION OF DEBT(S)<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. | Current Amount Owed | Petitioner Shall Pay | Respondent Shall Pay |
|---|---|---|---|
| Mortgages on real estate: (Home) | $ | $ | $ |
| (Other) | | | |
| | _____ | _____ | _____ |
| Charge/credit card accounts | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Auto loan | | | |
| Auto loan | | | |
| Bank/Credit Union loans | | | |
| | | | |
| | | | |
| Other | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Marital Liabilities** | $ | $ | $ |

D. Contingent assets and liabilities will be divided as follows:_____
_____
_____
_____

E. The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning:

_____
_____
_____
_____.

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

F. **Beneficiary Designation (By completing this section, the beneficiary designations continue after Entry of Final Judgment of Dissolution of Marriage.)**

The designation providing for the payment or transfer at death of an interest in the assets described below to or for the benefit of the deceased party's former spouse is **NOT VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect.

_____ 1. The _____ Petitioner _____Respondent shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust. This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless precluded by statute. {*Describe the assets with specificity}*_____

_____

_____.

_____2. The _____ Petitioner _____ Respondent shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}* _____

_____

_____.

**SECTION III.  EXCLUSIVE USE AND POSSESSION OF HOME**
   *{Indicate **all** that apply}*
   A. _____ The _____ Petitioner _____ Respondent, as a condition of support, shall have exclusive use and possession of the dwelling located at the following address:

   _____

   until *{date or event}*_____

   _____.

   B. _____The_____ Petitioner _____Respondent may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.

   C. _____Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided ___% to Petitioner  and ___% to Respondent, with the following credits and/or setoffs being allowed:_____

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

_____

_____.

D. _____Other: _____

_____

_____.

## SECTION IV.  ALIMONY

A. _____ The Court denies the request(s) for alimony

**OR**

B. _____ The Court finds that _____Petitioner _____Respondent, (hereinafter Obligee), has an actual need for, and that _____ Petitioner _____ Respondent (hereinafter Obligor) has the present ability to pay, alimony as follows:

*{Indicate **all** that apply}*

1. **_____ Permanent Periodic.**

   a. The Court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.

   b. As a marriage of: ***{Choose only one}***

      1. **_____Long Duration** (17 years or greater) alimony is appropriate upon consideration of all relevant factors;

      2. _____**Moderate Duration** (greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or

      3. **_____Short Duration** (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:

         _____

         _____.

   c. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or ___ other *{explain}*:_____ beginning *{date}* _____. This alimony shall continue until _____ _____modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances or the existence of a supportive relationship in accordance with section 61.14, Florida Statutes.

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 354 -

2. _____**Bridge-the-Gap.** Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____ other *{explain}* _____

beginning *{date}*_____and continuing until *{date}*_____
*{a period not to exceed two years}*, the death of either party, or remarriage of the Obligee, whichever occurs first.

3. _____**Rehabilitative.** Obligor shall pay rehabilitative alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____other *{explain}* _____
beginning *{date}* _____. This rehabilitative alimony shall continue until modified by court order, the death of either party or until *{date/event}* _____, whichever occurs first. The rehabilitative plan presented demonstrated the following:

_____
_____.

4. _____**Durational.** Obligor shall pay durational alimony to Obligee in the amount of $_____ per month ____ payable in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____ *{explain}*_____
beginning *{date}*_____ and terminating on *{date}*_____, the death of either party, remarriage of Obligee, or until modified by court order in accordance with section 61.08(7), Florida Statutes, whichever occurs first.

5. _____ **Lump Sum.** Obligor shall pay lump sum alimony to Obligee in the amount of $_____, which shall be paid as follows:_____

_____.

6. _____**Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____
for the period of *{date}*_____, through *{date}* _____,
which shall be paid pursuant to paragraph 4 below.

C. **Reasons for _____ Awarding _____ Denying Alimony.** The Court has considered all of the following in awarding/denying alimony:
1. The standard of living established during the marriage;
2. The duration of the marriage;
3. The age and the physical and emotional condition of each party;
4. The financial resources of each party, including, the nonmarital and the marital assets and liabilities distributed to each;
5. The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;
6. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;

7. The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment;

8. All sources of income available to either party, including income available to either party through investments of any asset held by the party; and

9. Any other factor necessary to do equity and justice between the parties: *{explain}* _____

_____

_____

_____

_____

_____

(_____ Please indicate here if additional pages are attached.)

D**. Retroactive Alimony and/or Arrearages.**

1. ____ There is no alimony arrearage at the time of this Final Judgment.

   **OR**

2. ____ The ____ Petitioner ____ Respondent shall pay to the other party the sum of:

   $_____ for retroactive alimony, as of *{date}* _____;

   $_____ for previously ordered unpaid alimony, as of *{date}* _____.

   The total of $_____ shall be paid in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month or _____ other e*xplain}* _____

   _____

   beginning *{date}* _____, until paid in full including statutory interest.

E. _____**Life Insurance (to secure payment of support).** To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

F. _____**Other provisions relating to alimony, including any tax treatment and consequences:**

1. The award of alimony _____does not _____does leave the Obligor with significantly less net income than the net income of the recipient/Obligee. If yes, the court finds the following exceptional circumstances:_____

   _____

   _____.

2. Other:_____

   _____.

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 356 -

**SECTION V.  METHOD OF PAYMENT**

Obligor shall pay court-ordered alimony, including any arrearages,  as follows:

A**. Place of Payment.**

1._____ Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

2. _____ Both parties have requested and the court finds that support payments need not be directed through either the State Disbursement Unit or the central depository at this time at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

B**. Income Deduction.**

1. _____ **Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

2. _____ **Deferred.** Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings:

There are no minor or dependent child(ren) common to the parties,

**AND**

There is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,

**AND**

_____ There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance **OR** _____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

C. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

D**. Other provisions relating to method of payment.**

_____
_____
_____

## SECTION VI.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY

A.____ Petitioner's ____ Respondent's request(s) for attorney's fees, costs, and suit money is (are) denied because _____

_____ .

   **OR**

B._____ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent is hereby ordered to pay to the other spouse $_____in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows: _____
   _____.

## SECTION VII.  OTHER PROVISONS

**Other Provisions.**

_____
_____
_____.

The Court reserves jurisdiction to modify and enforce this Final Judgment.

**DONE AND ORDERED** in _____, Florida on _____.


   _____
   CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

- 358 -

I certify that a copy of this **Final Judgment of Dissolution** was _____ mailed _____ faxed and mailed _____e-mailed _____ hand-delivered to the parties or entities listed below on *{date}* _____.

by _____
*{Clerk of court or designee}*

_____Petitioner  (or his/her attorney)
_____Respondent  (or his/her attorney)
_____Central depository
_____State Disbursement Unit
_____Other: _____

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (02/18)

IN THE CIRCUIT COURT OF THE _____JUDICIAL CIRCUIT
IN AND FOR COUNTY, _____FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# SUPPLEMENTAL FINAL JUDGMENT MODIFYING PARENTAL RESPONSIBILITY, VISITATION, OR PARENTING PLAN/TIME-SHARING SCHEDULE AND OTHER RELIEF

This cause came before this Court on a Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief. The Court, having reviewed the file, having heard the testimony, and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

**SECTION I. FINDINGS**

1. The Court has jurisdiction over the subject matter and the parties.

2. The last order establishing or modifying parental responsibility, visitation, a Parenting Plan, or time-sharing was entered on *{date}* _____.

3. There has been a substantial change in circumstances of the parties since the entry of the last order, specifically: _____
_____
_____
_____
_____
_____
_____.

4. It is in the best interests of the minor child(ren) that the current parental responsibility, visitation, time-sharing schedule or Parenting Plan be changed because:_____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (02/18)

**SECTION II. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)**

1. **Jurisdiction.** The Court has jurisdiction to determine parental responsibility, to establish or approve a Parenting Plan, and time-sharing with regard to the parties' minor child(ren) listed in paragraph 2 below.

2. **The parties' dependent or minor child(ren) is (are):**
   Name                                                    Birth date

   _____
   _____
   _____
   _____
   _____
   _____

3. **Parenting Plan.** The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit _____.

**SECTION III. CHILD SUPPORT**

1. **Modification of Child Support.**
   *{Choose **one** only}*

   a. _____The modification of parental responsibility or time-sharing entered above does not necessitate a modification of child support. The previous order or final judgment establishing or modifying child support shall remain in effect.

   **OR**

   b. _____The Court finds that there is a need for modification of child support and that the _____ Petitioner _____ Respondent, (hereinafter Obligor), has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Petitioner _____ Respondent  are correct **OR** the Court makes the following findings:

   Petitioner's net monthly income is $_____, (Child Support Guidelines _____%).
   Respondent's net monthly income is $_____, (Child Support Guidelines _____%).
   Monthly child care costs are $_____.
   Monthly health/dental insurance costs are $_____.

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (02/18)

- 361 -

2. **Amount.**
   Child support established at the rate of $_____ per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}*. Child support shall be paid in the amount of $_____per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle.

   Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____ children *{total number of remaining children}* shall be paid commencing_____ *{month, day, year}* and terminating_____ *{month, day, year}*. This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

   ***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _____appears below or _____ is attached as part of this form.}***
   _____
   _____
   _____
   _____
   _____
   _____.

   The Obligor shall pay child support until all of the minor or dependent child(ren): reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

   If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
   _____
   _____

3. **Retroactive Child Support and/or Arrearages.**
   *{Choose **one** only}*

   a. _____There is no child support arrearage at the time of this Supplemental Final Judgment.
   >           **OR**
   b. _____The _____ Petitioner _____ Respondent shall pay to the other party child support in the amount of:

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (02/18)

- 362 -

$_____ for retroactive child support, as of *{date}*_____.
$_____ for previously ordered unpaid child support, as of *{date}*_____.
The total of $_____ in retroactive child support and arrearages shall be paid in the amount of $_____, per month payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month, _____ other *{explain}* _____ beginning *{date}* _____ until paid in full including statutory interest.

4. **Insurance.**
   *[Indicate all that apply]*

   a. _____ **Health/Dental Insurance.** _____ Petitioner _____ Respondent shall be required to maintain _____ health and/or _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the other party;
   
   **OR**
   _____ health and/or _____ dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

   b. _____Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall be assessed as follows:
   _____ Shared equally by both parents.
   _____ Prorated according to the child support guideline percentages.
   _____ Other *{explain}*: _____
   _____
   As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. _____**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, _____ Petitioner _____ Respondent _____Each parent shall maintain life insurance, in an amount of at least $_____, on his/her life naming the _____ minor child(ren) as the beneficiary(ies) **OR** naming _____ Petitioner _____ Respondent or _____ other *{name}* _____ as Trustee for the minor child(ren), so long as reasonably available.
   The obligation to maintain the life insurance shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or becomes self-supporting.

6. _____**IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall be as follows: _____
   _____.
   Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

7. **Other provisions relating to child support**: _____
   _____

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (02/18)

- 363 -

_____.

**SECTION IV.  METHOD OF PAYMENT**

Obligor shall pay court-ordered child support and arrears, if any, as follows:

1. **Place of Payment.**

   a. _____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b. _____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit  or the central depository.

2. **Income Deduction.**

   a. _____**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

   b. _____**Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs.  Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*
   _____
   _____,

   **AND**
   There is proof of timely payment of a previously ordered obligation without an income deduction order,
   **AND**
   _____ There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance **OR**
   _____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____All _____% _____No income paid in the form of a bonus or

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (02/18)

other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment.** _____
_____
_____.

## SECTION V. ATTORNEY'S FEES, COSTS, AND SUIT MONEY

1. _____ Petitioner's _____ Respondent's  request(s) for attorney's fees, costs, and suit money is (are) denied because
_____
_____.

   **OR**

2. _____The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent  is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows:
_____
_____.

## SECTION VI. OTHER

1. **Other Provisions.** _____
_____
_____
_____.

2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.

3. Unless specifically modified by this Supplemental Final Judgment, the provisions of all final judgments or orders in effect remain the same.

**DONE AND ORDERED** at _____, Florida, on _____.

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (02/18)

I certify that a copy of this Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule was: _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties and any entities listed below on {*date*}_____.


by_____
{*Clerk of court or designee*}


_____Petitioner (or his or her attorney)
_____Respondent (or his or her attorney)
_____Central Depository
_____State Disbursement Unit
Other: _____

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (02/18)

- 366 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# SUPPLEMENTAL FINAL JUDGMENT MODIFYING CHILD SUPPORT

This cause came before this Court on a Supplemental Petition for Modification of Child Support. The Court, having heard the testimony and reviewed the file and financial affidavits of the parties and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

**SECTION I.  FINDINGS**

1. The Court has jurisdiction over the subject matter and the parties.

2. **The parties' dependent or minor child(ren) is (are):**

| Name | Birth date |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

3. The last order awarding or modifying child support was entered on *{date}* _____

4. There has been a substantial change in circumstances of the parties since the entry of the last order, specifically: _____

_____
_____
_____
_____
_____ .

5. It is in the best interests of the minor child(ren) that the current child support order be changed because:

Florida Supreme Court Approved Family Law Form 12.993(b), Supplemental Final Judgment Modifying Child Support (02/18)

_____

_____

_____

_____

_____.

**SECTION II.  CHILD SUPPORT**

1. The Court finds that there is a need for modification of child support and that the
   _____ Petitioner _____ Respondent, (hereinafter Obligor), has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Petitioner _____ Respondent are correct **OR** the Court makes the following findings:

   Petitioner's net monthly income is $_____, (Child Support Guidelines_____ %).
   Respondent's net monthly income is $_____, (Child Support Guidelines _____%).
   Monthly child care costs are $_____.
   Monthly health/dental insurance costs are $ _____.

2. **Amount.**
   Child support established at the rate of $_____ per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing_____ *{month, day, year}* and terminating_____ *{month, day, year}*. Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

   Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____ children *{total number of remaining children}* shall be paid commencing_____ *{month, day, year}* and terminating _____*month, day, year}*. This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

   ***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.  Please indicate whether the schedule _____ appears below or _____ is attached as part of this form.}***

   _____

   _____

   _____

   _____

   _____.

Florida Supreme Court Approved Family Law Form 12.993(b), Supplemental Final Judgment Modifying Child Support (02/18)

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____

_____

_____ .

3. **Retroactive Child Support and/or Arrearages.**

    a. ____There is no child support arrearage at the time of this Supplemental Final Judgment.

               **OR**

    b. ____ Petitioner ____ Respondent shall pay to the other party child support in the amount of:

    $_____ for retroactive child support, as of *{date}* _____ .

    $_____ for previously ordered unpaid child support, as of *{date}* _____ .

    The total of $_____ in retroactive child support and arrearages shall be paid in the

    amount of $_____, per month payable _____ in accordance with his or her employer's

    payroll cycle, and in any event at least once a month, or _____ other *{explain}* _____

    beginning *{date}* _____, until paid in full including statutory interest.

4. **Insurance.**
*{Indicate **all** that apply}*

    a. _____**Health/Dental Insurance.** _____ Petitioner _____ Respondent shall be required to maintain _____ health _____dental insurance for the parties' minor child(ren), so long as it is reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the other party

            **OR**

    _____ Health _____ Dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

    b. _____ Reasonable and necessary **uninsured medical/dental/prescription costs** for the minor child(ren) shall be assessed as follows:

    _____ Shared equally by both parents.

    _____ Prorated according to the child support guideline percentages.

    _____ Other *{explain}*: _____

    _____ .

As to these uninsured medical/dental/prescription expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. _____ **Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, _____ Petitioner _____ Respondent _____ Each party shall maintain life insurance coverage, in an amount of at least $_____, on his/her life naming the _____ minor child(ren) as the beneficiary(ies) **OR** naming _____Petitioner _____ Respondent _____ other {*name*} _____ as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies or otherwise becomes self-supporting.

6. **IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall be as follows: _____
_____ .
Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

7. **Other provisions relating to child support:** _____
_____
_____ .

## SECTION III. METHOD OF PAYMENT

1. **Place of Payment.**

   a. _____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b. _____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

   a. _____**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the

Obligee, as previously set forth in this order.

b. _____**Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings:

Income deduction is **not** in the best interests of the child(ren) because: *{explain}* _____

_____

_____,

**AND**

There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,

**AND**

_____ There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance

**OR**

_____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment** _____

_____.

**SECTION IV. ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

1. _____ Petitioner's _____ Respondent's request(s) for attorney's fees, costs, and suit money is (are) denied because

_____

_____.

**OR**

2. _____The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent is hereby ordered to pay to the other party $ _____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $ _____ per hour and _____reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows: _____

_____ .

**SECTION V.  OTHER**

1. **Other Provisions.** _____

_____

_____

_____

_____ .

2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.

3.  Unless specifically modified by this Supplemental Final Judgment, the provisions of all final judgments or orders in effect remain the same.

**DONE AND ORDERED** at _____, Florida, on _____ .

_____
CIRCUIT JUDGE

I certify that a copy of this Supplemental Final Judgment Modifying Child Support was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties and any entities listed below on {*date*}_____.

by _____
{*Clerk of court or designee*}

_____Petitioner (or his or her attorney)
_____Respondent (or his or her attorney)
_____Central Depository
_____State Disbursement Unit
_____Other: _____

IN THE CIRCUIT COURT OF THE _____JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No:_____
Division: _____

In Re: The Marriage of:

_____,
Petitioner,
and

_____,
Respondent.

# SUPPLEMENTAL FINAL JUDGMENT MODIFYING ALIMONY

This cause came before this Court on a Supplemental Petition for Modification of Alimony. The Court, having heard the testimony and reviewed the file and the financial affidavits of the parties and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

**SECTION I.        FINDINGS**

1.  The Court has jurisdiction over the subject matter and the parties.

2.  The last order awarding or modifying alimony was entered on *{date}*_____.

3.  There has been a substantial change in circumstances of the parties since entry of the last order, specifically: _____
    _____
    _____
    _____
    _____
    _____.

**SECTION II.        ALIMONY**

1.  _____The Court denies the request(s) for modification of alimony
                        **OR**
2.  _____ The Court finds that there is a need to modify alimony and that _____ Petitioner
    _____ Respondent  (hereinafter Obligor) has/had the present ability to pay alimony as follows:

    *{Indicate **all** that apply}*
    a.  _____ **Permanent Periodic.**   The permanent periodic alimony is _____ modified
        _____ terminated based upon either _____ a substantial change in circumstances, **OR** _____ the existence of a supportive relationship in accordance with Section 61.14, Florida Statutes. Obligor shall pay modified permanent periodic alimony to Obligee in the amount of $_____

per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other : *{explain}* _____

_____

beginning *{date}* _____. This alimony shall continue until further modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first

b.   **_____Durational.**   The durational alimony is _____ modified _____terminated based upon a substantial change in circumstances in accordance with section 61.08(7), Florida Statutes.  If the length of the durational alimony is modified, the court finds that the following exceptional circumstances exist:_____

_____

Obligor shall pay modified durational alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}*_____ beginning *{date}* _____, and terminating on *{date}*_____*,* the death of either party, remarriage of the Obligee, or until further modified by court order, whichever occurs first.

c.   **_____Rehabilitative.** The rehabilitative alimony is _____ modified _____ terminated based upon: _____ a substantial change in circumstances, _____ noncompliance with the rehabilitative plan, or _____ completion of the rehabilitative plan.  Obligor shall pay modified rehabilitative alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}* _____ beginning *{date}* _____.
This modified rehabilitative alimony shall continue until modified further by court order, the death of either party or until *{date/event}* _____,
whichever occurs first.  The rehabilitative plan presented demonstrated the following:

_____
_____
_____
_____.

d.   **Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}* _____, through *{date}* _____, which shall be paid pursuant to paragraph 4 below.

3.   **Reasons for _____ Awarding _____Denying Modification of Alimony.**  The Court has considered all of the following in awarding/denying the modification of alimony request:
   a.   The standard of living established during the marriage;
   b.   The duration of the marriage;
   c.   The age and the physical and emotional condition of each party;
   d.   The financial resources of each party, including, the nonmarital and the marital assets and liabilities distributed to each;
   e.   The earning capacities, educational levels, vocational skills, and employability of the parties and when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;

f. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;

g. The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as nontaxable, nondeductible payment;

h. All sources of income available to either party, including income available to either party through investments of any assets held by that party, and

i. _____Any other factor necessary to do equity and justice between the parties *{Explain}*
_____
_____
_____
_____
_____ Please indicate here if additional pages are attached.

**4. Retroactive Alimony and/or Arrearages.**

a. _____There is no alimony arrearage at the time of this Supplemental Final Judgment.
   **OR**

b. _____The _____ Petitioner _____ Respondent shall pay to the other party alimony in the amount of:
$_____for retroactive alimony, as of *{date}* _____;
$_____for previously ordered unpaid alimony, as of *{date}* _____.
The total of $_____ in retroactive alimony and arrearages shall be paid in the amount of $_____per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month, or _____ other *{explain}*
_____
beginning *{date}* _____, until paid in full including statutory interest.

**5. _____Life Insurance (to secure payment of support).**
To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

**6. _____Other provisions relating to modification of alimony, including any tax treatment and consequences:** _____
_____
_____
_____
_____.

**SECTION III. METHOD OF PAYMENT**

1. **Place of Payment**

a. _____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

b. _____Both parties have requested that support payments not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply to the depository pursuant to section 61.08, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

a. _____**Immediate**. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

b. _____**Deferred.** Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings:
There is (are) no minor or dependent child(ren) common to the parties,

**AND**

There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,

**AND**

_____ There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance
**OR**

_____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage of the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment.** _____
_____
_____
_____.

**SECTION IV.    ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

1. _____ Petitioner's _____ Respondent's request(s) for attorney's fees, costs, and suit money is (are) denied because _____

_____
_____.

      **OR**

2. \_\_\_\_\_ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs.  The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours.  Other provisions relating to attorney's fees, costs, and suit money are as follows:
_____
_____
_____.

**SECTION V.     OTHER**

1. **Other Provisions:** _____
_____
_____
_____
_____.

2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.

3. Unless specifically modified by this Supplemental Final Judgment, the provisions of all final judgments or orders in effect remain the same.

**DONE AND ORDERED** on _____ in _____, Florida.


_____
           CIRCUIT JUDGE


I certify that a copy of this Supplemental Judgment Modifying Alimony  was \_\_\_\_\_mailed \_\_\_\_\_ faxed and mailed \_\_\_\_\_ e-mailed \_\_\_\_\_ hand-delivered to the parties and any entities listed below on *{date}* _____.


by_____
    *{Clerk of court or designee}*


\_\_\_\_Petitioner (or his or her attorney)
\_\_\_\_Respondent (or his or her attorney)
\_\_\_\_Central Depository
\_\_\_\_State Disbursement Unit
\_\_\_\_Other:_____

Florida Supreme Court Approved Family Law Form 12.993(c), Supplemental Final Judgment Modifying Alimony (02/18)

IN THE CIRCUIT COURT OF THE_____JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# SUPPLEMENTAL TEMPORARY JUDGMENT MODIFYING PARENTING ISSUES FOR CHILD(REN) OF A PARENT ACTIVATIED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE

This cause came before this Court on a Supplemental Petition for Temporary Modification of Custody or Parenting Plan/Time-Sharing Schedule for Child(ren) of a Parent Activated, Deployed, or Temporarily Assigned to Military Service. The Court, having reviewed the file, heard the testimony, and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

## SECTION I.  FINDINGS

1. The Court has jurisdiction over the subject matter and the parties.

2. The last order establishing or modifying parental responsibility, visitation, or time-sharing was entered on *{date}* _____.

3. There is clear and convincing evidence that it is in the best interests of the minor child(ren) that the current order establishing parental responsibility, visitation, and time-sharing be temporarily modified as the _____ Petitioner _____ Respondent  is activated, deployed, or temporarily assigned to military service. Specifically:

   _____
   _____
   _____.

## SECTION II. TEMPORARY PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)

1. **Jurisdiction.** The Court has jurisdiction to determine parental responsibility, to establish or approve a Parenting Plan, and time-sharing with regards to the parties' minor child(ren) listed in paragraph 2 below.

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service (02/18)

2. **The parties' dependent or minor child(ren) is (are):**
           **Name**                                          **Birth date**

_____
_____
_____
_____
_____
_____

3. **Parenting Plan.** The parties shall comply with the temporary Parenting Plan which is attached and incorporated herein as Exhibit _____.

## SECTION III.  CHILD SUPPORT

1. **Temporary Modification of Child Support.**
   *{Choose **one** only}*

   a.  _____The _____ Petitioner's _____ Respondent's  current obligation to pay child support is:

        _____ Abated
        _____ Suspended
        _____ Modified to $_____ per _____.

   b.  _____The Court finds that there is a need for temporary modification of child support and that the service member _____ Petitioner _____ Respondent, (hereinafter Obligor), has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by _____ Petitioner _____ Respondent are correct **OR** the Court makes the following findings:

   Petitioner's net monthly income is $_____, (Child Support Guidelines ____ %).
   Respondent's net monthly income is $_____, (Child Support Guidelines____ %).
   Monthly child care costs are $_____.
   Monthly health/dental insurance costs are $_____.

2. **Amount.**
   Child support established at the rate of $_____per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle.

   Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.*  This child

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service (02/18)

- 379 -

support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _____ appears below or _____ is attached as part of this form.}***

_____
_____
_____
_____
_____
_____.

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
_____
_____.

3. **Retroactive Child Support and/or Arrearages.**
   *{Choose **one** only}*

   a.  _____There is no child support arrearage at the time of this Supplemental Temporary Judgment.

   **OR**

   b.  _____The _____ Petitioner _____ Respondent shall pay to the other party child support in the amount of:
   $_____ for retroactive child support, as of *{date}* _____.
   $_____ for previously ordered unpaid child support, as of *{date}* _____. The total of $_____ in retroactive child support and arrearages shall be paid in the amount of $_____, per month payable_____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month, or _____other *{explain}* _____
   beginning *{date}* _____, until paid in full including statutory interest.

4. **Insurance.**

   a.  _____**Health/Dental Insurance.**

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service (02/18)

*{Choose **one** only}*

\_\_\_\_\_ The service member \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent shall enroll the child(ren) as a military dependent(s) with DEERs, TriCare, or other similar benefits available to military dependents as provided by the service member's branch or service and federal regulations;

**OR**

_____The \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent shall maintain \_\_\_\_\_ health and/or \_\_\_\_\_ dental insurance for the parties' minor child(ren), so long as it is reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said insurance to the other party;

**OR**

_____ Health \_\_\_\_\_Dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

b. \_\_\_\_\_Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall be assessed as follows:

\_\_\_\_\_ Shared equally by both parents.

\_\_\_\_\_ Prorated according to the child support guideline percentages.

\_\_\_\_\_ Other *{explain}*: _____
_____

As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. \_\_\_\_**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent \_\_\_\_\_Each party shall maintain life insurance, in an amount of at least $_____, on his/her life naming the \_\_\_\_\_ minor child(ren) as the beneficiary(ies) **OR** naming the \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent \_\_\_\_\_ other *{name}* _____ as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or otherwise becomes self-supporting.

6. \_\_\_\_\_**IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall be as follows: _____
_____.

Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

7. **Other provisions relating to child support:** _____
_____
_____.

## SECTION IV.  METHOD OF PAYMENT

Obligor shall pay court-ordered child support and arrears, if any, as follows:

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service (02/18)

1. **Place of Payment.**

   a. _____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b. _____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through the State Disbursement Unit or the central depository.

2. **Income Deduction.**

   a. _____**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

   b. _____**Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*
   _____
   _____
   **AND**
   _____ There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,
   **AND**
   _____ There is an agreement by the Obligor to advise the Title IV-D agency, clerk of court and Obligee of any change in Payor and/or health insurance **OR** _____there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment.** _____
   _____
   _____.

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service (02/18)

- 382 -

**SECTION V. ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

1. _____ Petitioner's _____ Respondent's request(s) for attorney's fees, costs, and suit money is (are) denied because _____ _____.

   **OR**

2. _____ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____Petitioner _____ Respondent is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows: _____ _____ _____.

**SECTION VI. OTHER**

1. **Other Provisions.** _____ _____ _____

2. The Court reserves jurisdiction to modify and enforce this Supplemental Temporary Judgment.

3. Unless specifically modified by this supplemental temporary judgment, the provisions of all final judgments or orders in effect remain the same.

**DONE AND ORDERED** at _____, Florida, on _____.


_____
CIRCUIT JUDGE


I certify that a copy of this Supplemental Temporary Judgment Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporarily Assigned to Military Service was _____ mailed _____ faxed and mailed _____ e-mailed _____hand-delivered to the parties and any entities listed below on {*date*}_____.

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service (02/18)

_____
by *{clerk of court or designee}*

\_\_\_\_\_Petitioner (or his or her attorney)
\_\_\_\_\_Respondent (or his or her attorney)
\_\_\_\_\_Central Depository
\_\_\_\_\_State Disbursement Unit
\_\_\_\_\_Other: _____

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service (02/18)

- 384 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In Re: the Marriage of:

_____,
                    Petitioner,

and

_____,
                    Respondent.

# FINAL JUDGMENT FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court on a Petition for Support Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1. The Court has jurisdiction over the subject matter and the parties.

2. The following child(ren) are common to the parties:

| **Name** | **Birth date** |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

**SECTION I.  ALIMONY**

     A. _____ The Court denies the request for alimony;

           **OR**

Florida Supreme Court Approved Family Law Form 12.994(a)(1), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

B. _____The Court finds that that there is a need for alimony and that the _____ Petitioner _____Respondent has/had the ability to support his/her spouse and has failed to do so. _____ Petitioner _____ Respondent (hereinafter Obligor) has the present ability to pay alimony as follows: *{Indicate **all** that apply}*

1. _____ **Permanent Periodic.**

  a. The court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.

  b. As a marriage of *{choose only one}*:

  _____**Long Duration** (17 years or greater) alimony is appropriate upon consideration of all relevant factors;

  _____**Moderate Duration** ( greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or

  _____**Short Duration** (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:_____ _____ _____.

  c. Obligor shall pay permanent periodic alimony to Obligee in the amount of $ _____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other: *{explain}*_____ beginning *{date}* _____. This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances or the existence of a supportive relationship in accordance with section 61.14, Florida Statutes.

2. _____**Bridge-the-Gap.** Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other: *{explain}*_____beginning *{date}*_____ and continuing until *{date}*_____ *{a period not to exceed two (2) years}*, death of either party or remarriage of Obligee.

Florida Supreme Court Approved Family Law Form 12.994(a)(1), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 386 -

3. _____**Rehabilitative.** Obligor shall pay rehabilitative alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}* _____ beginning *{date}* _____. This rehabilitative alimony shall continue until modified by court order, the death of either party or until *{date/event}* _____, whichever occurs first. The rehabilitative plan presented demonstrated the following: _____

_____.

4. _____**Durational.** Obligor shall pay durational alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other: *{explain}*_____ beginning *{date}*_____ and terminating on *{date}*_____, the death of either party, remarriage of Obligee, or until modified by court order in accordance with section 61.08(7), Florida Statutes; whichever occurs first.

5._____ **Lump Sum.** Obligor shall pay lump sum alimony to Obligee in the amount of $_____ which shall be paid as follows: _____.

6. _____ **Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}* _____, through *{date}* _____, which shall be paid pursuant to paragraph D. below.

C. **Reasons for _____ Awarding _____ Denying Alimony.** The Court has considered all of the following in awarding/denying alimony:
   1. The standard of living established during the marriage;
   2. The duration of the marriage;
   3. The age and the physical and emotional condition of each party;
   4. The financial resources of each party, including the nonmarital and marital assets and liabilities distributed to each;
   5. The earning capacities, educational levels, vocational skills, and employability of the parties, and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;
   6. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;
   7. The responsibilities each party will have with regard to any minor or dependent children they have in common;
   8. The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment;
   9. All sources of income available to either party, including income available to either party through investments of any asset held by that party and

Florida Supreme Court Approved Family Law Form 12.994(a)(1), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 387 -

10. Any other factor necessary to do equity and justice between the parties: *{explain}*

_____
_____
_____
_____.
_____ Please indicate here if additional pages are attached.

D**. Retroactive Alimony and/or Arrearages.**

1. _____There is no alimony arrearage at the time of this Final Judgment.

**OR**

2. _____Petitioner _____ Respondent shall pay to the other party alimony in the amount of:
$_____ for retroactive alimony, as of *{date}* _____.
$_____ for previously ordered unpaid alimony, as of *{date}* _____.

The total of $_____ in retroactive alimony and arrearages shall be paid in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____ other *{explain}* _____ beginning *{date*_____, until paid in full including statutory interest.

E. _____**Life Insurance (to secure payment of support).** To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

F. _____ **Other provisions relating to alimony including any tax treatment and consequences:**

1. The award of alimony _____ does not _____ does leave the Obligor with significantly less net income than the net income of the recipient/Obligee. If the award **does** leave the Obligor with significantly less net income than that of the Obligee, the Court finds the following exceptional circumstances: _____

_____
_____
_____.

2. Other:_____

_____
_____
_____.

Florida Supreme Court Approved Family Law Form 12.994(a)(1), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 388 -

**SECTION II.  CHILD SUPPORT**

A._____ The Court finds that there is a need for child support and that the \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the \_\_\_\_\_ Petitioner \_\_\_\_\_Respondent  are correct

**OR**

\_\_\_\_\_the Court makes the following findings:

Petitioner's net monthly income is $ _____, (Child Support Guidelines \_\_\_\_\_%).
Respondent's net monthly income is $_____, (Child Support Guidelines \_\_\_\_\_%).
Monthly child care costs are $_____.
Monthly health/dental insurance costs are $_____.

B**.  Amount.**
Child support established at the rate of $_____ per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle*.*

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____children *{total number of remaining children}* shall be paid commencing _____*{month, day, year}* and terminating_____*{month, day, year}.* This child support shall be paid in the amount of $_____ \_per_____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.  Please indicate whether the schedule \_\_\_\_\_appears below or \_\_\_\_\_ is attached as part of this form.}***
_____
_____
_____
_____
_____
_____.

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall

Florida Supreme Court Approved Family Law Form 12.994(a)(1), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 389 -

continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____

_____

_____ .


C. **Retroactive Child Support and/or Arrearages.**

1. _____ There is no retroactive child support or child support arrearage at the time of this Final Judgment.

> **OR**

2. _____ The _____ Petitioner _____ Respondent shall pay to the other party child support in the amount of:
$_____for retroactive child support, as of *{date}*_____;
$ _____ for previously ordered unpaid child support, as of *{date}* _____

The total of $_____of retroactive child support and arrearages shall be paid in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____ other *{explain}* _____beginning *{date}* _____, until paid in full including statutory interest.

D. **Insurance.**
  *{Indicate **all** that apply}*

1. **Health/Dental Insurance.** _____ Petitioner _____ Respondent shall be required to maintain _____ health and/or _____dental insurance for the parties' minor child(ren), so long as it is reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said insurance to the other party.
> **OR**
_____ Health _____ Dental insurance is either not reasonable in cost or accessible to the children at this time.

2. _____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows:
_____ Shared equally by both parents.
_____ Prorated according to the child support guideline percentages.
_____ Other *{explain}*: _____

Florida Supreme Court Approved Family Law Form 12.994(a)(1), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 390 -

As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

E. _____**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, _____ Petitioner _____Respondent _____ Each party shall maintain life insurance in an amount of at least $_____, on _____his life _____ her life _____ his/her life naming the minor child(ren) as the beneficiary(ies) **OR** naming _____ Petitioner _____ Respondent _____ other *{name}*_____as Trustee for the minor child(ren). The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or becomes self-supporting.

F. **IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall be as follows:

_____
_____ .
Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

G. **Other provisions relating to child support:**

_____
_____
_____

**SECTION III.  METHOD OF PAYMENT**

Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:

A. **Place of Payment.**

1._____ Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

2._____ Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply ,pursuant to section 61.08 or 61.13, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

B. **Income Deduction.**

Florida Supreme Court Approved Family Law Form 12.994(a)(1), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 391 -

1.\_\_\_\_\_**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

2.\_\_\_\_\_ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}* _____

_____,
**AND**
\_\_\_\_\_ there is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,
**AND**
\_\_\_\_\_ there is an agreement by the Obligor to advise the Title IV-D agency, clerk of court, and Obligee of any change in Payor and/or health insurance
**OR**
\_\_\_\_\_there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

C.　　**Bonus/one-time payments.** \_\_\_\_\_ All \_\_\_\_\_% \_\_\_\_\_ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

D.　　**Other provisions relating to method of payment.**
_____
_____
_____.

## SECTION IV. ATTORNEY'S FEES, COSTS, AND SUIT MONEY

A.\_\_\_\_\_ Petitioner's \_\_\_\_\_ Respondent's request(s) for attorney's fees, costs, and suit money is (are) denied because: _____
_____.

**OR**

B. \_\_\_\_\_ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. \_\_\_\_\_Petitioner \_\_\_\_\_ Respondent is hereby ordered to pay to the other party $\_\_ _____ in attorney's fees, and $_____ in costs. The Court further finds that the

Florida Supreme Court Approved Family Law Form 12.994(a)(1), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

- 392 -

attorney's fees awarded are based on the reasonable rate of $_____per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows:

_____

_____
_____
_____
_____
_____.

**SECTION V.  OTHER PROVISIONS**

A**. Other Provisions:**  _____

_____
_____
_____
_____
_____
_____.

B.  The Court reserves jurisdiction to modify and enforce this Final Judgment.

**DONE AND ORDERED** at _____, Florida, on _____.

_____
CIRCUIT JUDGE

I certify that a copy of this Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties and any entities listed below on *{date}*_____.

by _____
*{Clerk of court or designee}*

_____Petitioner  (or his attorney)
_____Respondent  (or her attorney)
_____Central Depository
_____State Disbursement Unit
_____Other: _____

Florida Supreme Court Approved Family Law Form 12.994(a)(1), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (02/18)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In Re: the Marriage of:

_____,
Petitioner,

and

_____,
Respondent.

# FINAL JUDGMENT FOR SUPPORT AND PARENTING PLAN UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court on a Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1. The Court has jurisdiction over the subject matter and the parties.

2. The following child(ren) are common to the parties:

| Name | Birth date |
|------|------------|
|      |            |
|      |            |
|      |            |
|      |            |
|      |            |

**SECTION I.  ALIMONY**

      A. _____ The Court denies the request for alimony;

Florida Supreme Court Approved Family Law Form 12.994(a)(2), Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

**OR**

B. _____The Court finds that that there is a need for alimony and that the _____ Petitioner _____Respondent  has/had the ability to support his/her spouse and has failed to do so. _____Petitioner _____ Respondent  (hereinafter Obligor) has the present ability to pay alimony as follows: *{Indicate **all** that apply}*

  1. _____ **Permanent Periodic.**

     a.  The court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.

     b.  As a marriage of *{choose only one}:*

     _____**Long Duration** (17 years or greater) alimony is appropriate upon consideration of all relevant factors;

     _____**Moderate Duration** ( greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or

     _____**Short Duration** (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:_____ _____ _____.

     c.   Obligor shall pay permanent periodic alimony to Obligee in the amount of $ _____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in  any event, at least once a month or _____ other: *{explain}*_____ beginning *{date}* _____. This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.  The alimony may be modified or terminated based upon either a substantial change in circumstances or the existence of a supportive relationship in accordance with section 61.14, Florida Statutes.

  2. _____**Bridge-the-Gap.**  Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other: *{explain}*_____beginning *{date}*_____ _____ and continuing until *{date}*_____*{a period not to exceed two (2) years}*, death of either party or remarriage of Obligee.

  3. _____**Rehabilitative.**  Obligor shall pay rehabilitative alimony to Obligee in the amount of

Florida Supreme Court Approved Family Law Form 12.994(a)(2), Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 395 -

$_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}* _____ beginning *{date}* _____. This rehabilitative alimony shall continue until modified by court order, the death of either party or until *{date/event}* _____, whichever occurs first. The rehabilitative plan presented demonstrated the following: _____

_____
_____
_____.

    4. _____**Durational.** Obligor shall pay durational alimony to Obligee in the amount of $_____ per  month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other:
*{explain}*_____ beginning *{date}*_____ and terminating on  *{date}*_____, the death of either party, remarriage of Obligee, or until modified by court order in accordance with section 61.08(7),Florida Statutes; whichever occurs first.

    5. _____ **Lump Sum.** Obligor shall pay lump sum alimony to Obligee in the amount of $_____ which shall be paid as follows:_____.

    6. _____ **Retroactive.** Obligor shall pay retroactive alimony in the amount of $ _____for the period of *{date}* _____, through *{date}* _____, which shall be paid pursuant to paragraph D. below.

C.  **Reasons for _____ Awarding _____ Denying Alimony.**  The Court has considered all of the following in awarding/denying alimony:

    1. The standard of living established during the marriage;
    2.  The duration of the marriage;
    3. The age and the physical and emotional condition of each party;
    4.  The financial resources of each party, including the nonmarital and marital assets and liabilities distributed to each;
    5.  The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;
    6.  The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;
    7.  The responsibilities each party will have with regard to any minor or dependent children they have in common;
    8.  The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment;
    9.  All sources of income available to either party, including income available to either party through investments of any asset held by that party and

Florida Supreme Court Approved Family Law Form 12.994(a)(2), Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 396 -

10. Any other factor necessary to do equity and justice between the parties: *{explain}*

_____
_____
_____
_____.
_____ Please indicate here if additional pages are attached.

**D. Retroactive Alimony and/or Arrearages.**

1. _____There is no alimony arrearage at the time of this Final Judgment.

   **OR**

2. _____Petitioner _____ Respondent shall pay to the other party   alimony in the amount of:

   $_____ for retroactive alimony, as of *{date}* _____.
   $_____ for previously ordered unpaid alimony, as of *{date}* _____.

   The total of $_____ in retroactive alimony and arrearages shall be paid in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____ other *{explain}* _____ beginning *{date*_____, until paid in full including statutory interest.

E. ._____**Life Insurance (to secure payment of support).** To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available.  This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

F. _____ **Other provisions relating to alimony including any tax treatment and consequences:**

1. The award of alimony _____ does not _____ does leave the Obligor with significantly less net income than the net income of the recipient/Obligee.  If the award **does** leave the Obligor with significantly less net income than that of the Obligee, the Court finds the following exceptional circumstances: _____

   _____
   _____
   _____.

2. Other:_____

   _____
   _____

Florida Supreme Court Approved Family Law Form 12.994(a)(2), Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 397 -

_____.

**SECTION II.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)**

A. **Jurisdiction.** The Court has jurisdiction to determine parental responsibility, to establish or adopt a Parenting Plan, and a time-sharing schedule with regard to the minor child(ren) listed in paragraph 2 below.

B. **The parties' dependent or minor child(ren) is (are):**
**Name**                                                                      **Birth date**

_____

_____

_____

_____

_____

_____

C**. Parenting Plan.** The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit _____.


**SECTION III.  CHILD SUPPORT**

A._____The Court finds that there is a need for child support and that the _____ Petitioner _____ Respondent  (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Petitioner _____Respondent  are correct

**OR**

_____the Court makes the following findings:

Petitioner's net monthly income is $ _____, (Child Support Guidelines _____%).
Respondent's net monthly income is $_____, (Child Support Guidelines ____%).
Monthly child care costs are $_____.
Monthly health/dental insurance costs are $_____.

B**. Amount.**
Child support established at the rate of $_____ per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child

Florida Supreme Court Approved Family Law Form 12.994(a)(2), Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 398 -

support in the amount of $_____for the remaining _____children *{total number of remaining children}* shall be paid commencing _____*{month, day, year}* and terminating_____*{month, day, year}.* This child support shall be paid in the amount of $_____ _per_____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _____appears below or _____ is attached as part of this form.}***

_____
_____
_____
_____
_____
_____.

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____

_____

_____.

C. **Retroactive Child Support and/or Arrearages.**

     1. _____ There is no retroactive child support or child support arrearage at the time of this Final Judgment.

        **OR**

     2. _____ The _____ Petitioner _____ Respondent shall pay to the other party child support in the amount of:

     $_____for retroactive child support, as of *{date}*_____;
     $_____ _ for previously ordered unpaid child support, as of *{date}* _____

     The total of $_____of retroactive child support and arrearages shall be paid in the amount of $_____ per month, payable _____ in accordance with Obligor's

Florida Supreme Court Approved Family Law Form 12.994(a)(2), Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 399 -

employer's payroll cycle, and in any event, at least once a month or _____ other *{explain}* _____beginning *{date}* _____, until paid in full including statutory interest.

D. **Insurance.**
   *{Indicate **all** that apply}*

   1. **Health/Dental Insurance.** _____ Petitioner _____ Respondent shall be required to maintain _____ health and/or _____dental insurance for the parties' minor child(ren), so long as it is reasonable in cost and accessible to the child(ren). The party providing insurance shall be                          required to convey insurance cards demonstrating said insurance to the other party.

**OR**

   _____ Health _____ Dental insurance is either not reasonable in cost or accessible to the children at this time.

   2. _____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows:

   _____ Shared equally by both parents.

   _____ Prorated according to the child support guideline percentages.

   _____ Other *{explain}*: _____
   _____

   As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

E. _____**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, _____ Petitioner _____Respondent _____ Each party shall maintain life insurance in an amount of at least $_____, on _____his life _____ her life _____ his/her life naming the minor child(ren) as the beneficiary(ies) **OR** naming _____ Petitioner _____ Respondent _____ other *{name}*_____as Trustee for the minor child(ren). The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or becomes self-supporting.

F. **IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall be as follows:
_____
_____.

Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

G**. Other provisions relating to child support:**

_____

_____

_____


**SECTION IV.  METHOD OF PAYMENT**

Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:

A. **Place of Payment.**

1_____ Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

2._____ Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.08 or 61.13, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

B. **Income Deduction.**

1._____**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income.  Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

2._____ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}* _____

_____,
**AND**
_____ there is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,
**AND**
_____ there is an agreement by the Obligor to advise the Title IV-D agency, clerk of court, and Obligee of any change in Payor and/or health insurance
**OR**
_____there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in

Florida Supreme Court Approved Family Law Form 12.994(a)(2), Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

the record by the court.

**C. Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

**D. Other provisions relating to method of payment.**

_____
_____
_____


**SECTION V.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

A._____ Petitioner's _____ Respondent's  request(s) for attorney's fees, costs, and suit money is (are) denied because:

_____

_____.


**OR**

B. _____ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit  money.
_____Petitioner _____ Respondent  is hereby ordered to pay to the other party
$_____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows:

_____

_____.


**SECTION VI.  OTHER PROVISIONS**

A**. Other Provisions:**  _____

B. The Court reserves jurisdiction to modify and enforce this Final Judgment.


**DONE AND ORDERED** in _____, Florida, on _____.


_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.994(a)(2), Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

I certify that a copy of this Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) was _____ mailed _____ faxed and mailed _____e-mailed _____ hand-delivered to the parties and any entities listed below on *{date}*_____.

by _____
*{Clerk of court or designee}*

_____Petitioner (or his/her attorney)
_____Respondent (or his/her attorney)
_____Central Depository
_____State Disbursement Unit
_____Other: _____

Florida Supreme Court Approved Family Law Form 12.994(a)(2), Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage (02/18)

- 403 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND _____ COUNTY, FLORIDA

In Re: the Marriage of:

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# FINAL JUDGMENT FOR SUPPORT
# UNCONNECTED WITH DISSOLUTION OF MARRIAGE
# WITH NO DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court on a Petition for Support Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1.    The Court has jurisdiction over the subject matter and the parties.

2.    The parties have no minor or dependent children in common, no child born to either spouse during the marriage remains minor or dependent, and neither spouse is pregnant.

**SECTION I.  ALIMONY**

A. _____The Court denies the request(s) for alimony.

**OR**

B. _____The Court finds that _____Petitioner _____Respondent has an actual  need for alimony and that _____Petitioner _____Respondent  has/had the ability to support his/her spouse and has failed to do so. _____Petitioner _____Respondent  (hereinafter Obligor) has the present ability to pay alimony as follows:

*{Indicate **all** that apply}*

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

1. _____ **Permanent Periodic.**

a. The court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.

b. As a marriage of *(choose **one** only):*

_____**Long Duration** (17 years or greater) alimony is appropriate upon consideration of all relevant factors;

_____**Moderate Duration** (greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or

_____ **Short Duration** (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:_____

_____

_____

_____.

c. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_____ per month, payable_____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other: *{explain}*_____ beginning *{date}* _____. This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances, or a supportive relationship in accordance with section 61.14, Florida Statutes.

2. _____**Bridge-the-Gap.** Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_____per month, payable_____ in accordance with Obligor's employer's payroll cycle, beginning *{date}*_____and continuing until *{date}*_____ *{a period not to exceed two years},* remarriage of Obligee, or death of either party, whichever occurs first.

3. _____**Rehabilitative.** Obligor shall pay rehabilitative alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}*_____. beginning *{date}* _____.This rehabilitative alimony shall continue until modified by court order, the death of either party or until *{date/event}* _____ _____. whichever occurs first. The rehabilitative plan presented demonstrated the following: _____ _____.

4. _____**Durational.** Obligor shall pay durational alimony to Obligee in the amount of

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 405 -

$_____per month payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}*_____ beginning *{date}*_____and terminating on *{date }*_____, remarriage of the Obligee, death of either party, or until modified by court order in accordance with section 61.08(7), Florida Statutes; whichever occurs first.

5. _____**Lump Sum.** Obligor shall pay lump sum alimony to Obligee in the amount of $_____which shall be paid as follows:_____

_____ .

6._____**Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}* _____, through *{date}* _____, which shall be paid pursuant to paragraph 4 below.

C. **Reasons for _____ Awarding _____ Denying Alimony.** The Court has considered all of the following in awarding/denying alimony:
1. The standard of living established during the marriage;
2. The duration of the marriage;
3. The age and the physical and emotional condition of each party;
4. The financial resources of each party, including the nonmarital and the marital assets and liabilities distributed to each;
5. The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;
6. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;
7. The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as nontaxable, nondeductible payment;
8. All sources of income available to either party, including income available to either party through investments of any asset held by the party; and
9. Any other factor necessary to do equity and justice between the parties *{Explain}*

_____
_____
_____
_____
_____ .

_____ Please indicate here if additional pages are attached.

D. **Retroactive Alimony and/or Arrearages.**

1. _____There is no alimony arrearage at the time of this Final Judgment.
   **OR**
2. _____Petitioner _____Respondent shall pay to the other party   alimony in the amount  of:

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

$_____ for retroactive alimony, as of *{date}* _____.
$_____ for previously ordered unpaid alimony, as of *{date}* _____.
The total of $_____ in retroactive alimony and arrearages shall be paid in the amount of
$_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle,
and in any event at least once a month, _____ or other: *{explain}*_____
beginning *{date}* _____, until paid in full including statutory interest.

E. _____**Life Insurance (to secure payment of support).** To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

F. _____**Other provisions relating to alimony including any tax treatment and consequences:**

a. The award of alimony _____ does not _____ does leave the Obligor with significantly less net income than the net income of the recipient/Obligee. If yes, the court finds the following exceptional circumstances:_____
_____
_____.

b. Other _____
_____
_____.

**SECTION II. METHOD OF PAYMENT**

Obligor shall pay court-ordered alimony and arrears, if any, as follows:

A. **Place of Payment**

a._____ Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

b._____ Both parties have requested and the court finds that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

B. **Income Deduction.**

1. _____**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 407 -

paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

2._____ **Deferred.**  Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs.  Income deduction is not being implemented immediately based on the following findings: There are no minor child(ren) common to the parties,

**AND**

There is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,

**AND**

_____ There is an agreement by the Obligor to advise the Title IV-D agency, clerk of court, and Obligee of any change in Payor and/or health insurance
**OR**
_____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

C.  **Bonus/One-Time Payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

D.  **Other provisions relating to method of payment:**

_____

_____.

## SECTION III.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY

A.  _____ Petitioner's _____ Respondent's  request(s) for attorney's fees, costs, and suit money is (are) denied because_____

_____.

**OR**

B.  The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____Petitioner _____Respondent  is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and ___ reasonable hours.  Other provisions relating to attorney's fees, costs, and suit money are as follows: _____

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 408 -

_____.

**SECTION IV.  OTHER PROVISIONS**

A. **Other Provisions:** _____

_____

_____

_____

_____.

B.  The Court reserves jurisdiction to modify and enforce this Final Judgment.

**DONE AND ORDERED** on _____ in _____, Florida.

_____

CIRCUIT JUDGE

I certify that a copy of this Final Judgment for Support Unconnected with Dissolution of Marriage with no Dependent or Minor Child(ren) was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties and any entities listed below on *{date}*_____.

by_____
*{Clerk of court or designee}*

_____Petitioner  (or his/her attorney)
_____Respondent  (or his/her attorney)
_____Central Depository
_____State Disbursement Unit
____Other: _____

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (02/18)

- 409 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(a), PARENTING PLAN (02/18)

## When should this form be used?

A **Parenting Plan** is required in all cases involving **time-sharing** with minor child(ren), even when time-sharing is not in dispute.  The Parenting Plan must be developed and agreed to by the parents and approved by the court.  If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of parenting plan recommendations. This form or a similar form should be used in the development of a Parenting Plan. If the case involves **supervised time-sharing**, the **Supervised/Safety Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then a **Relocation/Long Distance Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used. **The parents must identify a name or designation to be used throughout this Parenting Plan.**

This form should be typed or printed in black ink. Please either delete or strike-through terms or paragraphs that are inappropriate or inapplicable to your agreement. If an agreement has been reached, **both** parties must sign the Parenting Plan and have their signatures witnessed by a **notary public** or **deputy clerk**.  After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records.  You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## Special notes...

At a minimum, the **Parenting Plan** must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The **time-sharing schedule** arrangements that specify the time that the minor child(ren) will spend with each parent,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
- The methods and technologies that the parents will use to communicate with the child(ren).

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic

Instructions for Florida Supreme Court Approved Family Law Form 12.995(a), Parenting Plan (02/18)

violence, and other factors must be taken into consideration.  Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:

- The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
- The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
- The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
- The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
- The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan.  This factor does not create a presumption for or against relocation of either parent with a child(ren);
- The moral fitness of the parents;
- The mental and physical health of the parents;
- The home, school, and community record of the child(ren);
- The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
- The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
- The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
- The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
- Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought.  If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren);
- Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
- The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
- The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;

- The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
- The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child)ren); and
- The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)'s developmental needs.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____
                              Petitioner,
        and

_____
                              Respondent.

# PARENTING PLAN

This parenting plan is: *{Choose only **one**}*

_____A Parenting Plan submitted to the court with the agreement of the parties.

_____A proposed Parenting Plan submitted by or on behalf of:

   *{Parent's Name}*_____.

_____A Parenting Plan established by the court.

This parenting plan is: *{Choose only **one**}*

_____A final Parenting Plan established by the court.

_____A temporary Parenting Plan established by the court.

_____A modification of a prior final Parenting Plan or prior final order.

## I. PARENTS

**Petitioner, hereinafter referred to in this Parenting Plan as Parent**
***{name or designation}* _____.**
Name:_____
Address: _____
Telephone Number: _____E-Mail: _____
_____ Address Unknown: *{Please indicate here if Petitioner's address is unknown}*
_____ Address Confidential: *{Please indicate here if Petitioner's address and phone numbers are confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence, or _____ other court order _____}.*

**Respondent, hereinafter referred to in this Parenting Plan as Parent**
***{name or designation}* _____.**
Name:_____
Address: _____
Telephone Number: _____ E-Mail: _____
_____ Address Unknown: *{Please indicate here if Respondent's address is unknown}*

_____ Address Confidential: *{Please indicate here if Respondent's address and phone numbers are confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence or _____ other court order_____.}*

**II. CHILDREN**: This parenting plan is for the following child(ren) born to, or adopted by the parties: (*add additional lines as needed*)

Name                                              Date of Birth

_____
_____
_____
_____
_____

**III. JURISDICTION**

The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.

Other: _____.

**IV. PARENTAL RESPONSIBILITY AND DECISION MAKING**
*{Insert the name or designation of the appropriate parent in the space provided.}*

**1. Parental Responsibility *{Choose only one}***

a._____**Shared Parental Responsibility.**
It is in the best interests of the child(ren) that the parents confer and **jointly** make all major decisions affecting the welfare of the child(ren). Major decisions include, but are not limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to this family. Either parent may consent to mental health treatment for the child(ren).

**OR**

b._____**Shared Parental Responsibility with Decision Making Authority**

It is in the best interests of the child(ren) that the parents confer and attempt to agree on the major decisions involving the child(ren).  If the parents are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

Education/Academic decisions                    Parent _____
Non-emergency health care                       Parent _____
Other: *{Specify}*_____                Parent _____
_____                     Parent _____
_____                     Parent _____

**OR**

c._____**Sole Parental Responsibility:**
It is in the best interests of the child(ren) that  _____Parent *{name or designation}* _____ shall have sole authority to make major decisions for the child(ren.) It is detrimental to the child(ren) to have shared parental responsibility.

2.  **Day-to-Day Decisions**
Unless otherwise specified in this plan, each parent shall make decisions regarding day-to-day care and control of each child while the child is with that parent.  Regardless of the allocation of decision making in the parenting plan, either parent may make emergency decisions affecting the health or safety of the child(ren) when the child is residing with that parent.  A parent who makes an emergency decision shall share the decision with the other parent as soon as reasonably possible.

3.  **Extra-curricular Activities** *{Indicate **all** that apply}*
    *{Insert the name or designation of the appropriate parent in the space provided.*

    a._____Either parent may register the child(ren) and allow them to participate in the activity of the child(ren)'s choice.

    b._____The parents must mutually agree to all extra-curricular activities.

    c._____ The parent with the minor child(ren) shall transport the minor child(ren) to and/or  from all mutually agreed upon extra-curricular activities, providing all necessary uniforms and equipment within the parent's possession.

    d._____ The costs of the extra-curricular activities shall be paid by:
    Parent _____ _____%
    Parent _____ _____ %

    e._____ The uniforms and equipment required for the extra-curricular activities shall be paid by:
    Parent _____  _____ %

Parent _____  _____%

f._____  Other:  *{Specify}*_____
_____.


**V.  INFORMATION SHARING**.  Unless otherwise indicated or ordered by the Court:

Unless otherwise prohibited by law, each parent shall have access to medical and school records and information pertaining to the child(ren) and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parents shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that both parents have access to said records.

Each parent shall be responsible for obtaining records and reports directly from the school and health care providers.

Both parents have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

Both parents shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.

Both parents shall be listed as "emergency contacts" for the child(ren).

Each parent has a continuing responsibility to provide a residential, mailing, and contact address and contact telephone number to the other parent.  Each parent shall notify the other parent in writing within 24 hours of any changes. Each parent shall notify the court in writing within seven (7) days of any changes.

Other: _____
_____.


**VI.  SCHEDULING**

1. **School Calendar**
   If necessary, on or before _____ of each year, both parents should obtain a copy of the school calendar for the next school year. The parents shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.

   The parents shall follow the school calendar of: *{Indicate all that apply}*
   a._____the oldest child

Florida Supreme Court Approved Family Law Form 12.995(a), Parenting Plan (02/18)

b._____the youngest child

c._____ County

d._____ School

2. **Academic Break Definition**

   When defining academic break periods, the period shall begin at the end of the last scheduled day of classes before the holiday or break and shall end on the first day of regularly scheduled classes after the holiday or break.

3. **Schedule Changes** *{Indicate all that apply}*

   a._____ A parent making a request for a schedule change will make the request as soon as possible, but in any event, except in cases of emergency, no less than _____ _____before the change is to occur.

   b._____ A parent requesting a change of schedule shall be responsible for any additional child care, or transportation costs caused by the change.

   c._____ Other *{Specify}*_____.

**VII. TIME-SHARING SCHEDULE**

   *{Insert the name or designation of the appropriate parent in the space provided.}*
   *{A time-sharing schedule must be provided for **both** parents.}*

1. **Weekday and Weekend Schedule**

   The following schedule shall apply beginning on _____ with Parent *{name or designation}*_____ and continue as follows:

   The child(ren) shall spend time with **Parent _____** on the following dates and times:
   WEEKENDS: _____ Every _____ Every Other _____ Other *{specify}* _____
   From_____ to _____
   WEEKDAYS: *{Specify days}* _____
   From _____ to _____
   OTHER: *{Specify}* _____
   _____
   _____.

   The child(ren) shall spend time with the **Parent _____** on the following dates and times:
   WEEKENDS: _____ Every _____ Every Other _____ Other *{specify}*_____
   From_____ to _____
   WEEKDAYS: *{Specify days}* _____

From _____ to _____
OTHER: *{Specify}* _____
_____
_____.

**Please indicate if there is a different time sharing schedule for any child. Complete a separate Attachment for each child for whom there is a different time sharing schedule.**

_____ There is a different time-sharing schedule for the following child(ren) in Attachment _____.

_____, and _____.
*{Name of Child}*     *{Name of Child}*

2. **Holiday Schedule** *{Choose only **one**}*

 a. _____No holiday time sharing shall apply. The regular time-sharing schedule set forth above shall apply.

 b. _____Holiday time-sharing shall be as the parties agree.

 c. _____Holiday time-sharing shall be in accordance with the following schedule. The Holiday schedule will take priority over the regular weekday, weekend, and summer schedules. Fill in the blanks with the name or designation of the appropriate parent to indicate where the child(ren) will be for the holidays. Provide the beginning and ending times. If a holiday is not specified as even, odd, or every year with one parent, then the child(ren) will remain with the parent in accordance with the regular schedule

| Holidays | Even Years | Odd Years | Every Year | Begin/End Time |
|---|---|---|---|---|
| Mother's Day | _____ | _____ | _____ | _____ |
| Father's Day | _____ | _____ | _____ | _____ |
| President's Day | _____ | _____ | _____ | _____ |
| M. L. King Day | _____ | _____ | _____ | _____ |
| Easter | _____ | _____ | _____ | _____ |
| Passover | _____ | _____ | _____ | _____ |
| Memorial Day Wkd | _____ | _____ | _____ | _____ |
| 4th of July | _____ | _____ | _____ | _____ |
| Labor Day Wkd | _____ | _____ | _____ | _____ |
| Columbus Day Wkd | _____ | _____ | _____ | _____ |
| Halloween | _____ | _____ | _____ | _____ |
| Thanksgiving | _____ | _____ | _____ | _____ |
| Veteran's Day | _____ | _____ | _____ | _____ |
| Hanukkah | _____ | _____ | _____ | _____ |

Yom Kippur   _____   _____   _____   _____
Rosh Hashanah _____   _____   _____   _____
Child(ren)'s
 Birthdays:   _____   _____   _____   _____
_____   _____   _____   _____   _____
_____   _____   _____   _____   _____

This holiday schedule may affect the regular Time-Sharing Schedule. Parents may wish to specify either or both of the following options:

d._____When the parents are using an alternating weekend plan and the holiday schedule would result in one parent having the child(ren) for three weekends in a row, the parents will exchange the following weekend, so that each has two weekends in a row before the regular alternating weekend pattern resumes.

e._____If a parent has the child(ren) on a weekend immediately before or after an unspecified holiday or non-school day, they shall have the child(ren) for the holiday or non-school day.

3. **Winter Break** *{Choose only **one**}*
   *{Insert the name or designation of the appropriate parent in the space provided.}*

   a. _____Parent _____shall have the child(ren) from the day and time school is dismissed until December _____ at _____ a.m./p. m in ____odd-numbered years _____ even-numbered years ____ every year. The other parent will have the children for the second portion of the Winter Break. The parties shall alternate the arrangement each year.

   b._____ Parent _____ shall have the child(ren) for the **entire** Winter Break during _____ odd-numbered years _____ even-numbered years _____ every year.

   c._____Other: _____
   _____
   _____.

   d**._____Specific Winter Holidays**
   If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve, Hanukkah, Kwanzaa, etc. shall be shared as follows:
   _____
   _____
   _____
   _____.

4**. Spring Break** *{Choose only **one**}*

*{Insert the name or designation of the appropriate parent in the space provided.}*

a.\_\_\_\_\_The parents shall follow the regular schedule.

b.\_\_\_\_\_The parents shall alternate the entire Spring Break with Parent _____having the child(ren) during the \_\_\_\_\_odd-numbered years and Parent _____ during \_\_\_\_\_the even numbered years.

c.\_\_\_\_\_Parent _____ shall have the child(ren) for the entire Spring Break every year.

d.\_\_\_\_\_The Spring Break will be evenly divided. The first half of the Spring Break will go to the parent whose regularly scheduled weekend falls on the first half and the second half going to the parent whose weekend falls during the second half.

e.\_\_\_\_\_Other: *{Specify}*_____.

5**. Summer Break** *{Choose only **one**}*
*{Insert the name or designation of the appropriate parent in the space provided.}*

a.\_\_\_\_\_The parents shall follow the regular schedule through the summer.

b.\_\_\_\_\_ Parent _____ shall have the entire Summer Break from _____after school is out until _____ before school starts.

c.\_\_\_\_\_The parents shall equally divide the Summer Break as follows: During \_\_\_\_\_ odd-numbered years\_\_\_\_\_ even numbered years, \_\_\_\_\_Parent _____ _____ \_\_\_\_\_ Parent _____ shall have the children from _____ after school is out until _____. The other parent shall have the child(ren) for the second one-half of the Summer Break. The parents shall alternate the first and second one-halves each year unless otherwise agreed. During the extended periods of time-sharing, the other parent shall have the child(ren) _____ _____.

d.\_\_\_\_\_Other: *{Specify}*_____ _____.

6**. Number of Overnights:**
*{Insert the name or designation of the appropriate parent in the space provided.}*

Based upon the time-sharing schedule, Parent _____ has a total of \_\_\_\_\_ overnights per year and Parent _____ has a total of \_\_\_\_\_ overnights per year. **Note: The two numbers must equal 365.**

7. \_\_\_\_\_**If not set forth above,** the parties shall have time-sharing in accordance with the schedule which is attached and incorporated herein.

**VIII. TRANSPORTATION AND EXCHANGE OF CHILD(REN)**
*{Insert the name or designation of the appropriate parent in the space provided.}*

1. **Transportation** *{Choose only **one**}*

a.\_\_\_\_ Parent _____ shall provide all transportation.

b. \_\_\_\_\_The parent beginning their time-sharing shall provide transportation for the child(ren).

c.\_\_\_\_\_The parent ending their time-sharing shall provide transportation for the child(ren).

d.\_\_\_\_\_Other: *{Specify}*_____
_____.

2. **Exchange**

Both parents shall have the child(ren) ready on time with sufficient clothing packed and ready at the agreed upon time of exchange. If a parent is more than _____ minutes late without contacting the other parent to make other arrangements, the parent with the child(ren) may proceed with other plans and activities.
*{Choose only one}:*

a.\_\_\_\_\_Exchanges shall be at the parents' homes unless both parents agree to a different meeting place.

b.\_\_\_\_\_Exchanges shall occur at _____
_____ unless both parties agree in advance to a different meeting place.

c.\_\_\_\_\_Other: _____.

3. **Transportation Costs** *{Choose only **one**}*
*{Insert the name or designation of the appropriate parent in the space provided.}*

a.\_\_\_\_\_Transportation costs are included in the Child Support Worksheets and/or the Order for Child Support and should not be included here.

b.\_\_\_\_\_Parent _____ shall pay _____% and Parent _____ shall pay _____ % of the transportation costs.

c.\_\_\_\_\_Other: _____.

4. **Foreign and Out-Of-State Travel** *{Indicate all that apply}*

a.\_\_\_\_\_Either parent may travel within the United States with the child(ren) during his/her time-sharing.  The parent traveling with the child(ren) shall give the other parent at least \_\_\_\_ days written notice before traveling out of state unless there is an emergency, and shall provide the other parent with a detailed itinerary, including locations and telephone numbers where the child(ren) and parent can be reached at least \_\_\_\_ days before traveling.

b.\_\_\_\_\_Either parent may travel out of the country with the child(ren) during his/her time-sharing.  At least \_\_\_ days prior to traveling, the parent shall provide a detailed itinerary, including locations, and telephone numbers where the child(ren) and parent may be reached during the trip.  Each parent agrees to provide whatever documentation is necessary for the other parent to take the child(ren) out of the country.

c.\_\_\_\_\_If a parent wishes to travel out of the country with the child(ren), he/she shall provide the following security for the return of the child

_____
_____.

d.\_\_\_\_\_Other _____.

## IX.   EDUCATION

1. **School designation.**
    For purposes of school boundary determination and registration, the  address of Parent *{name or designation}* _____ shall be used .

2. \_\_\_\_\_ *{If Applicable}* The following provisions are made regarding private or home schooling: _____
_____
_____.

3. **Other.** _____
_____
_____.

## X.   DESIGNATION FOR OTHER LEGAL PURPOSES

*{Insert the name or designation of the appropriate parent in the space provided.}*

The child(ren) named in this Parenting Plan are scheduled to reside the majority of the time with Parent _____ . This majority designation is **SOLELY** for purposes of all other state and federal laws which require such a designation. **This designation does not affect either parent's rights and responsibilities under this Parenting Plan.**

## XI. COMMUNICATION

1. **Between Parents**

   All communications regarding the child(ren) shall be between the parents. The parents shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

   The parents shall communicate with each other: *{Indicate all that apply}*

   _____in person
   _____by telephone
   _____by letter
   _____by e-mail
   _____Other: *{Specify}*_____.

2. **Between Parent and Child(ren)**

   Both parents shall keep contact information current. Telephone or other electronic communication between the child(ren) and the other parent shall not be monitored by or interrupted by the other parent. "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face to face contact.

   The child(ren) may have _____ telephone _____ e-mail _____ other electronic communication in the form of _____ with the other parent: *{Choose only **one**}*
        a._____Anytime
        b._____Every day during the hours of _____ to _____.
        c._____On the following days_____
        during the hours of _____ to _____.
        d._____Other: _____.

3. Costs of Electronic Communication shall be addressed as follows:
   _____
   _____

_____.

**XII.  CHILD CARE** *{Choose only **one**}*

a._____Each parent may select appropriate child care providers
b._____All child care providers must be agreed upon by both parents.
c._____Each parent must offer the other parent the opportunity to care for the
child(ren) before using a child care provider for any period exceeding _____ hours.
d._____Other : *{Specify}*_____.

**XIII. CHANGES OR MODIFICATIONS OF THE PARENTING PLAN**

Temporary changes to this Parenting Plan may be made informally without a written document; however, if the parties dispute the change, the Parenting Plan shall remain in effect until further order of the court.

Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.

**XIV. RELOCATION**

Any relocation of the child(ren) is subject to and must be sought in compliance with section 61.13001, Florida Statutes.

**XV.  DISPUTES OR CONFLICT RESOLUTION**

Parents shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parents may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

**XVI. OTHER PROVISIONS**

_____
_____
_____
_____
_____
_____
_____.

**SIGNATURES OF PARENTS**

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this Plan and intend to be bound by it.**

Dated: _____

_____
Signature of Petitioner/Parent _____
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
 Designated E-mail Address(es):_____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
 Type of identification produced _____

**I certify that I have been open and honest in entering into this Parenting Plan.  I am satisfied with this Plan and intend to be bound by it.**


Dated:_____       _____
                                     Signature of Respondent/Parent _____
                                     Printed Name: _____
                                     Address: _____
                                     City, State, Zip: _____
                                     Telephone Number: _____
                                     Fax Number: _____
                                     Designated E-mail Address(es):_____
                                     _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                     _____
                                     NOTARY PUBLIC or DEPUTY CLERK


                                     _____
                                     *{Print, type, or stamp commissioned name of notary or clerk.}*

_____  Personally known
_____Produced identification
       Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(b), SUPERVISED/SAFETY-FOCUSED PARENTING PLAN (02/18)

## When should this form be used?

A **Parenting Plan** is required in all cases involving minor child(ren). This form or a similar form should be used in cases when you feel your child(ren) cannot be safely alone with the other parent or if you believe **shared parental responsibility** presents a detriment to the child(ren). In this case, a Parenting Plan must be developed that allows **time-sharing** with any minor child(ren), while providing protection for the child(ren). If safety or supervised time-sharing is not a concern, **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then **Relocation/Long Distance Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used. **The parents must identify a name or designation to be used throughout this Parenting Plan.**

This form should be typed or printed in black ink. If an agreement has been reached, **both** parties must sign the Parenting Plan and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain

circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

### Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## Special notes...

If you fear that disclosing your address would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Form 12.980(h), file it with the clerk of the circuit court and write confidential in the space provided in the Parenting Plan.

At a minimum, the **Parenting Plan** must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The **time-sharing schedule** arrangements that specify the time that the minor child(ren) will spend with each parent,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
- The methods and technologies that the parents will use to communicate with the child(ren).

Instructions for Florida Supreme Court Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (02/18)

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:

- The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
- The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
- The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
- The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
- The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
- The moral fitness of the parents;
- The mental and physical health of the parents;
- The home, school, and community record of the child(ren);
- The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
- The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
- The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
- The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
- Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge, in writing that such evidence was considered when evaluating the bests interests of the child(ren);
- Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
- The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;

- The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;
- The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
- The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child)ren); and
- The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)'s developmental needs.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Case No: _____
Division: _____

_____
                    Petitioner,
       and

_____
             Respondent.

# SUPERVISED/SAFETY-FOCUSED PARENTING PLAN

This parenting plan is: *{Choose only one}*

_____    A Parenting Plan submitted to the court with the agreement of the parties.
_____    A proposed Parenting Plan submitted by or on behalf of:
           *{Parent's Name}*_____.
_____    A Parenting Plan established by the court.

This parenting plan is: *{Choose only one}*

_____    A final Parenting Plan established by the court.
_____    A temporary Parenting Plan established by the court.
_____    A modification of a prior final Parenting Plan or prior final order.

I.    **PARENTS**

**Petitioner, hereafter referred to in this Parenting Plan as Parent**
***{name or designation}*** **_____**
Name:_____
Address:_____
Telephone Number:_____E-Mail:_____
_____ Address Unknown: *{Please indicate if Petitioner's address is unknown}*
_____ Address Confidential: *{Please indicate if Petitioner's address and phone numbers are confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence or _____ other court order _____.}*

**Respondent, hereafter referred to in this Parenting Plan as Parent**
***{name or designation}*** **_____**
Name:_____
Address:_____
Telephone Number: _____ E-Mail: _____
_____ Address Unknown*: (Please indicate if Respondent's address is unknown}*
_____ Address Confidential: *(Please indicate if Respondentr's address and telephone*

*numbers are confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence or _____ other court order _____.)*

**II.** **CHILDREN**: This parenting plan is for the following child(ren) born to, or adopted by the parties: *(add additional lines as needed)*

Name                                                          Date of Birth

_____

_____

_____

_____

**III.** **JURISDICTION**

The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Section 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for other state and federal laws.

Other: _____.

**IV. PARENTAL RESPONSIBILITY** *{Choose only **one**}*
*{Insert the name or designation of the appropriate parent in the space provided.}*

1. _____**Sole** Parental Responsibility
It is in the best interests of the child(ren) that Parent *{name or designation}* _____ shall have **sole** authority to make major decisions for the child(ren).) It is detrimental to the child(ren) for the parents to have shared parental responsibility.

**OR**

2. _____**Shared** Parental Responsibility with Decision Making Authority
It is in the best interests of the child(ren) that the parents confer and attempt to agree on the major decisions involving the child(ren). If the parents are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

Education/Academic decisions   Parent _____
Non-emergency health care      Parent _____
_____         Parent _____

Florida Supreme Court Approved Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (02/18)

_____ Parent _____
_____ Parent _____

_____**Other**: *{Specify}*_____.

## V. TIME-SHARING SCHEDULE *{Choose only **one**}*
*{Insert the name or designation of the appropriate parent in the space provided}*

1._____**No Time-Sharing:** Parent _____ shall have no contact with the child(ren) until further order of the court. All parenting decisions shall be made by the other parent.

2. _____**Supervised Time-Sharing:** Whenever the child(ren) are with _____Parent _____ _____Parent _____, the supervisor shall be present. _____Parent _____ _____Parent _____ has the right to spend time with the child(ren) even though the other parent will be making most, if not all, of the parenting decisions which are made on the child(ren)'s behalf. The time-sharing schedule shall be mutually agreed to between the parents, but not less than the schedule set forth below: *{Choose only one}*

        a. _____ hours per week. The place(s), and time(s) shall be set by _____Parent _____ _____ Parent _____.

        b. _____From ____ m. to _____ m, on the following day(s) _____

        _____.

3. _____ **Restricted Time-Sharing: _____**Parent _____shall have time-sharing with the following restrictions. *{The restrictions should be described in detail such as time-sharing only in public places, no overnight visits, etc.}* The time-sharing schedule shall be mutually agreed upon between the parents, but not less than the schedule set forth below:_____

_____
_____
_____.

4. _____ hours per week. The place(s), and time(s) shall be set by Parent _____ .

5._____Other: _____.

## VI. SUPERVISOR AND SUPERVISION *{Choose only **one**}*
*{Insert the name or designation of the appropriate parent in the space provided.}*

1. **Supervisor.** The person supervising the time-sharing shall be selected by: *{Choose only one}*
_____both parents
_____Parent *{name or designation}* _____, subject to the other parent's approval.

Florida Supreme Court Approved Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (02/18)

_____ Be selected by Parent *{name or designation}* _____ , subject to the other parent's approval.

_____ Other: _____.

2. **Restrictions or Level of Supervision**: _____
_____
_____ .

3. **Costs of Supervision**
_____The costs of the supervision shall be paid by Parent _____

_____Other: _____.

**VII. LOCATION:** *{Choose only **one**}*
*{Insert the name or designation of the appropriate parent in the space provided.}*

_____Parent_____ _____Parent _____ shall spend his/her time-sharing with the child(ren) at the following location(s):

1. _____Supervised visitation center (*name and address of facility*) _____
_____.

2._____ _____ *{location}* or other location designated by Parent _____

3._____Any location designated by Parent _____ with the approval of the supervisor.

4._____Other: _____ .

**VIII. DESIGNATION FOR OTHER LEGAL PURPOSES**
*{Insert the name or designation of the appropriate parent in the space provided.}*

1. The child(ren) named in this Safety-Focused Parenting Plan are scheduled to reside the majority of the time with Parent *{name or designation}* _____. This majority designation is **SOLELY** for purposes of all other state and federal statutes which require such a designation. **This designation does not affect either parent's rights and responsibilities under this parenting plan.**

2. For purposes of school boundary determination and registration, the address of Parent *{name or designation}* _____shall be used .

**IX. TRANSPORTATION AND EXCHANGE OF CHILD(REN)**

Florida Supreme Court Approved Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (02/18)

*{Insert the name or designation of the appropriate parent in the space provided.}*

1. **Transportation**

   The child(ren) shall not be driven in a car unless the driver has a valid driver's license, automobile insurance, seat belts, and child safety seats as required by Florida law.

   Parent _____ Parent _____ or mutually agreed upon person shall be responsible for transporting the child(ren) to the exchange point. The child(ren) shall be picked up and/or returned to the exchange point by *{Choose only one}*

   a. _____ Parent _____ with the supervisor present.

   b. _____ The supervisor alone.

   c. ____ Other: _____.

2. **Exchange**

   *{Insert the name or designation of the appropriate parent in the space provided.}*

   The exchange of the child(ren) shall occur at: *{Indicate all that apply}*

   a._____ The site of the supervised visit.

   b._____ A monitored exchange location *{specify name and address of facility}*_____
   _____.

   c._____ Other: _____.

   d. Parent(s) *{name(s) or designation(s)}*_____ and *{if applicable}* _____ is prohibited from coming to the exchange point.

**X. COMMUNICATION**

1. **Between Parents**

   All communications regarding the child(ren) shall be between the parents. The parents shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

   _____The parents shall communicate with each other: *{Indicate all that apply}*
   _____in person
   _____by telephone
   _____by letter
   _____by e-mail
   _____Other: *{Specify]* _____.

Florida Supreme Court Approved Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (02/18)

_____ **No Communication**. Unless otherwise prohibited by court order, all information and communication regarding the child(ren) shall be exchanged via or through
_____.

2. **Between Parent and Child(ren)**
   *{Insert the name or designation of the appropriate parent in the space provided.}*

   Parent *{name or designation}* _____ *{Indicate all that apply}*

   a._____Shall not telephone, write, or e-mail the child(ren) unless the contact is agreed to in advance by the other parent.

   b._____May write or e-mail the child(ren) at any time.  Each parent shall provide a contact address (and e-mail address if appropriate) to the other parent, unless other prohibited by court order.

   c._____May call the child(ren) on the telephone _____ times per week. The call shall last no more than _____ minutes and shall take place between _____ __m. and _____ __ m. Each parent shall provide a telephone number to the other parent, unless otherwise prohibited by court order or law.

   d._____ Long distance telephone calls made by the child(ren) to a parent shall be paid by _____.  Each parent shall provide a telephone number to the other parent, unless otherwise prohibited by court order or law.

   e._____Other: _____.

3. **Costs of Electronic Communication**

   "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face-to face contact.

   The costs of electronic communication shall be addressed as follows:
   _____
   _____
   _____.

**XI.    ACCESS TO ACTIVITIES AND EVENTS**
   *{Insert the name or designation of the appropriate parent in the space provided.}*

   **_____**Parent *{name or designation}* _____ *{Choose only **one**}*

   1._____Shall not attend the child(ren)'s activities and events, including but not limited to, school, athletic, and extra-curricular activities and events.

2.____May attend the child(ren)'s school, athletic, and extra-curricular activities and events.

3.____ Must stay _____ feet from the other parent and _____ feet from the child.

4.____ Other _____.


## XII.  CHILD(REN)'S  SAFETY

*{Insert the name or designation of the appropriate parent in the space provided.}*

**_____** Parent _____ shall follow the safety rules checked below. *(Indicate all  that apply)*

1.____There shall be no firearms in the home, car, or in the child(ren)'s presence during time-sharing.

2. ____No alcoholic beverages shall be consumed from twenty-four (24) hours before the child(ren) arrive until they are returned to the other parent.

3.____The child(ren) shall not be disciplined by corporal punishment.

4.____The following person(s) present a danger to the child(ren) and shall not be present during time-sharing: _____
_____.

5.____Other: _____.


## XIII.  CHANGES OR MODIFICATIONS OF THE PARENTING PLAN

All changes to the Safety-Focused Parenting Plan must be pursuant to a court order.


## XIV.  OTHER PROVISIONS

_____
_____
_____
_____
_____
_____.


Florida Supreme Court Approved Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (02/18)

**SIGNATURES OF PARENTS**

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this Plan and intend to be bound by it.**


Dated: _____    _____

Signature of Petitioner/Parent _____

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


_____

NOTARY PUBLIC or DEPUTY CLERK


_____

*{Print, type, or stamp commissioned name of notary or clerk}*

_____ Personally known
_____ Produced identification
    Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (02/18)

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this Plan and intend to be bound by it.**

Dated: _____

_____
Signature of Respondent/Parent _____
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
.This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW
## FORM 12.995(c)
## RELOCATION/LONG DISTANCE PARENTING PLAN
## (02/18)

## When should this form be used?

A **Parenting Plan** is required in all cases involving **time-sharing** with minor child(ren), even when time-sharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and every other person entitled to access or time-sharing with the child(ren) and approved by the court. "Other Person" means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with or visitation with the child(ren). If the parties cannot agree to a Parenting Plan or if the parents agreed to a Plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of Parenting Plan Recommendations. **The parents or Other Person must identify a name or designation to be used throughout this Parenting Plan.**

This form or a similar form should be used in the development of a Parenting Plan when you are planning to relocate your or the child(ren)'s principal residence more than 50 miles from the principal place of residence:

- at the time of the last order either establishing or modifying time-sharing, or
- at the time of filing the pending action to either establish or modify time-sharing

This form should be typed or printed in black ink. If an agreement has been reached, **both** parties must sign the Parenting Plan and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**). If an agreed Parenting Plan is not filed by the parties, the Court shall establish a Plan.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (02/18)

- 441 -

**IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION**

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case

# Special notes...

At a minimum, the **Relocation/Long Distance Parenting Plan** must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The **time-sharing schedule** that specifies the time that the minor child(ren) will spend with each parent and every other person entitled to access or time-sharing,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities,
- The methods and technologies that the parties will use to communicate with the child(ren), and

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (02/18)

- Any transportation arrangements related to access or time-sharing.

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties' historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of the family as listed in section 61.13(3), Florida Statutes, including, but not limited to:

- The demonstrated capacity and disposition of each party to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
- The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
- The demonstrated capacity and disposition of each party to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
- The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
- The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either party with a child(ren);
- The moral fitness of the parties;
- The mental and physical health of the parties;
- The home, school, and community record of the child(ren);
- The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
- The demonstrated knowledge, capacity, and disposition of each party to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
- The demonstrated capacity and disposition of each party to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
- The demonstrated capacity of each party to communicate with and keep the other part(y)ies informed of issues and activities regarding the minor child(ren), and the willingness of each party to adopt a unified front on all major issues when dealing with the child(ren);
- Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren);
- Evidence that any party has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (02/18)

- 443 -

- The particular parenting tasks customarily performed by each party and the division of parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
- The demonstrated capacity and disposition of each party to participate and be involved in the child(ren)'s school and extracurricular activities;
- The demonstrated capacity and disposition of each party to maintain an environment for the child(ren) which is free from substance abuse;
- The capacity and disposition of each party to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about any other party to the child)ren); and
- The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each party to meet the child(ren)'s developmental needs.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (02/18)

- 444 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

And

_____,
Respondent.

# RELOCATION/LONG-DISTANCE PARENTING PLAN

This parenting plan is: *{Choose only **one**}*
_____ A Parenting Plan submitted to the court with the agreement of the parties.
_____ A proposed Parenting Plan submitted by or on behalf of:
*{Name of Parent or Other Person}*_____.
_____ A Parenting Plan established by the court.

This parenting plan is: *{Choose only **one**}*
_____ A final Parenting Plan established by the court.
_____ A temporary Parenting Plan established by the court.
_____ A modification of a prior final Parenting Plan or prior final order.

## I. PARTIES

**Petitioner, hereinafter referred to as Parent**
*{name or designation}* _____
Name:_____
Address: _____
Telephone Number: _____ E-Mail: _____

**Respondent, hereinafter referred to as Parent**
*{name or designation}* _____
Name:_____
Address: _____
Telephone Number: _____ E-Mail: _____

**Other Person *{If Applicable}*, hereinafter referred to as**
*{name or designation}*_____
Name:_____
Address:_____
Telephone Number_____ E-mail:_____

II. **CHILDREN**: This parenting plan is for the following child(ren):
*{Add additional lines as needed}*

**Name(s)**                                                 **Birth Date(s)**

_____

_____

_____

_____

_____

III. **JURISDICTION**

The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.

Other: _____.

IV.     **PARENTAL RESPONSIBILITY AND DECISION MAKING**
       *{Insert the name or designation of the appropriate parent or other person in the space provided}*

    1.       **Parental Responsibility** *{Choose only one}*

        a. _____   **Shared Parental Responsibility.**
        It is in the best interests of the child(ren) that the parties confer and **jointly** make all major decisions affecting the welfare of the child(ren). Major decisions include, but are not limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to this family. Either parent may consent to mental health treatment for the child(ren)

        **OR**

        b. _____   **Shared Parental Responsibility with Decision Making Authority**
        It is in the best interests of the child(ren) that the parties confer and attempt to agree on the major decisions involving the child(ren). If the parties are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

| | | | |
|---|---|---|---|
| Education/Academic decisions | Parent_____ | Parent_____ | Other Person_____ |
| Non-emergency health care | Parent_____ | Parent_____ | Other Person_____ |
| | Parent_____ | Parent_____ | Other Person _____ |
| _____ | Parent_____ | Parent_____ | Other Person_____ |

    c. _____ **Sole** Parental Responsibility:
     It is in the best interests of the child(ren) that _____Parent _____ or
     _____ Other Person _____shall have sole authority to make major decisions
     for the child(ren). It is detrimental to the child(ren) for the parties to share decision-making.

2. **Day-to-Day Decisions**
  Unless otherwise specified in this plan, each party shall make decisions regarding day-to-day care and control of each child, including the performance of daily tasks, while the child is with that party.  Regardless of the allocation of decision making in the Parenting Plan, any party may make emergency decisions affecting the health or safety of the child(ren) when the child is residing with that party.  A party who makes an emergency decision shall share the decision with the other party as soon as reasonably possible.

3. **Extracurricular Activities** *(Indicate all that apply)*
*{Insert the name or designation of parent or other person in the space provided.}*

    a. _____Any party may register the child(ren) and allow them to participate in the activity of the child(ren)'s choice.

    b. _____The parties must mutually agree to all extracurricular activities.

    c. _____The party with the minor child(ren) shall transport the minor child(ren) to and/or from  all mutually agreed upon extra-curricular activities, providing all necessary uniforms and equipment within the party's possession.

    d. _____The costs of the extracurricular activities shall be paid by:
      Parent _____ _____%
      Parent _____ _____ %
      Other Person _____ _____%

    e. _____The uniforms and equipment required for the extracurricular activities shall be paid by:
      Parent _____ _____ %

        Parent _____ _____%
            Other Person _____ _____%

    f. _____Other: _____ .

**V.**       **INFORMATION SHARING. Unless Otherwise Indicated or Ordered by the Court**:

1.  Unless otherwise prohibited by law, the parties shall have access to medical and school records, and information pertaining to the child(ren), and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parties shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that all parties have access to said records.

 2. Each party shall be responsible for obtaining records and reports directly from the school and health care providers.

3. The parties have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

4. The parties shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.

5. The parties shall be listed as "emergency contacts" for the child(ren).

6. Each party has a continuing responsibility to provide a residential and mailing address, and contact telephone number (s) to the other parties. Each party shall notify the other parties in writing within 24 hours of any changes. Each party shall notify the court in writing within seven (7) days of any changes.

 7. Other: _____

     _____

     _____.

**VI.**       **SCHEDULING**

1**. School Calendar**
    a. _____ If necessary, on or before _____ of each year, the parties should obtain a copy of the school calendar for the next school year. The parties shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.

    b. _____The parties shall follow the school calendar of: *{Indicate **all** that apply}*
    _____ the oldest child
    _____ the youngest child

_____  _____ County
_____  _____ School


2**. Academic Break Definition**
When defining academic break periods, the period shall begin at the end of the last scheduled day of classes before the holiday or break and shall end on the first day of regularly scheduled classes after the holiday or break.

3**. Schedule Changes** *{Indicate **all** that apply}*

a. _____ A party making a request for a schedule change will make the request as soon as possible, but in any event, except in cases of emergency, no less than _____ before the change is to occur.

b. _____ A party requesting a change of schedule shall be responsible for any additional child care, or transportation costs caused by the change.

b. _____ Other _____.

**VII. TIME-SHARING SCHEDULE**
*{Insert the name or designation of the appropriate parent in the space provided. A time-sharing scheduled must be indicated for both parents, or the Other Person}*

1**. Weekday and Weekend Schedule**
The following schedule shall apply beginning on _____ with Parent _____, or _____ *{If Applicable}* Other Person _____ and continue as follows:

The child(ren) shall spend time with **Parent _____** on the following dates and times:
**WEEKENDS**: _____ Every _____ Every Other _____ Other *{Specify}*: _____
From _____ to _____
WEEKDAYS: *{Specify days}* _____
From _____ to _____
**OTHER**: *{Specify}* _____

_____
_____


The child(ren) shall spend time with **Parent _____** on the following dates and times:
**WEEKENDS**: _____ Every _____ Every Other _____ Other *{Specify}***: _____**
From_____ to _____
**WEEKDAYS**: *{Specify days}* _____
From _____ to _____
**OTHER:** *{Specify}* _____

_____

Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (02/18)

_____

*{If Applicable}* The child(ren) shall spend time with the **Other Person** _____
on the following dates and times:
**WEEKENDS:** _____ Every _____ Every Other _____ Other *{Specify}*: _____
From _____to _____
**WEEKDAYS:** *{Specify Days}*_____
From _____to _____
**OTHER:** *{Specify}* _____
_____
_____

**Please indicate if there is a different time sharing schedule for any child. Complete a separate Attachment for each child for whom there is a different time sharing schedule.**

_____There is a different time-sharing schedule for the following child(ren) in Attachment_____.
_____, and _____.
       *{Name of Child}*                 *{Name of Child}*

2. **Holiday Schedule** *{Choose only **one**}*
*{Insert the name or designation of the appropriate parent or Other Person in the space provided.}*

a. _____No holiday time sharing shall apply. The regular time-sharing schedule set forth above shall apply.

b. _____Holiday time-sharing shall be as the parties agree.

c. _____Holiday time-sharing shall be in accordance with the following schedule. The Holiday schedule will take priority over the regular weekday, weekend, and summer schedules. Fill in the blanks with the name of either the appropriate parent or *{If Applicable}* Other Person to indicate where the child(ren) will be for the holidays. Provide the beginning and ending times. If a holiday is not specified as even, odd, or every year with one party, then the child(ren) will remain with the other party in accordance with the regular schedule

| Holidays | Even Years | Odd Years | Every Year | Begin/End Time |
|---|---|---|---|---|
| | *{name}* | *{name}* | *{name}* | *{from/to}* |
| New Year's Day | _____ | _____ | _____ | _____ |
| Martin Luther King Wknd | _____ | _____ | _____ | _____ |
| President's Day Wknd | _____ | _____ | _____ | _____ |
| Easter | _____ | _____ | _____ | _____ |
| Passover | _____ | _____ | _____ | _____ |
| Mother's Day | _____ | _____ | _____ | _____ |
| Memorial Day Wknd | | | | |

Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (02/18)

- 450 -

| | | | | |
|---|---|---|---|---|
| Father's Day | _____ | _____ | _____ | _____ |
| 4th of July | _____ | _____ | _____ | _____ |
| Labor Day Weekend | _____ | _____ | _____ | _____ |
| Rosh Hashanah | _____ | _____ | _____ | _____ |
| Yom Kippur | _____ | _____ | _____ | _____ |
| Columbus Day Wknd | _____ | _____ | _____ | _____ |
| Veteran's Day | _____ | _____ | _____ | _____ |
| Thanksgiving | _____ | _____ | _____ | _____ |
| Hanukkah | _____ | _____ | _____ | _____ |
| Christmas | _____ | _____ | _____ | _____ |
| Other _____ | _____ | _____ | _____ | _____ |
| Children's Birthday's | _____ | _____ | _____ | _____ |

This holiday schedule may affect the regular time-sharing schedule. Parties may wish to specify one or more of the following options:

d. _____ When the parties are using an alternating weekend plan and the holiday schedule would result in one party having the child(ren) for three weekends in a row, the parties will exchange the following weekend, so that each has two weekends in a row before the regular alternating weekend pattern resumes.

e. _____ If a party has the child(ren) on a weekend immediately before or after an unspecified holiday or non-school day, they shall have the child(ren) for the holiday or non-school day.

3. **Winter Break** *{choose only one}*

a. _____Parent _____or _____*{If Applicable}* Other Person *{name or designation}* _____shall have the child(ren) from the day and time school is dismissed until December _____ at _____ a.m./p. m in _____odd-numbered years _____ even-numbered years _____ every year. The other party will have the child(ren) for the second portion of the Winter Break. The parties shall alternate the arrangement each year.

b. _____Parent _____ or _____ *{If Applicable}* Other Person *{name or designation}* _____shall have the child(ren) for the entire Winter Break during _____ odd-numbered years _____ even-numbered years _____ every year

c. _____Other:_____
_____
_____

4. **Specific Winter Holidays**

If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve, Hanukkah, Kwanzaa, etc. shall be shared as follows:

_____
_____
_____
_____.

5. **Spring Break** *{Choose only **one**}*

a. _____The parties shall follow the regular schedule.

b. _____The parties shall alternate the entire Spring Break with Parent _____, or _____ *{If Applicable}* Other Person *{name or designation}* _____ having the child(ren) during the _____ odd-numbered years_____ even-numbered years ____every year

c. _____Parent _____, or _____ *{If Applicable}* Other Person *{name or designation}* _____shall have the child(ren) for the entire Spring Break every year.

d. _____The Spring Break will be evenly divided.  The first half of the Spring Break will go to the party whose regularly scheduled weekend falls on the first half and the second half going to the party whose weekend falls during the second half.

e. _____Other: _____.

6. **Summer Break** *{Choose only **one**}*

a. _____The parents shall follow the regular schedule through the summer.

b. _____Parent _____, or _____ *{If Applicable}* Other Person *{name or designation}* _____shall have the entire Summer Break from _____after school is out until _____ before school starts.

c. _____The parties shall equally divide the Summer Break as follows:

_____
_____
_____
_____.

d. _____Other: _____
_____.

7. **Number of Overnights:**

Based upon the time-sharing schedule, Parent *{name or designation}*_____r has a total of _____ overnights per year, Parent *{name or designation}* _____ has a total of _____ overnights per year and _____*{If Applicable}* the Other Person *{name or designation}* _____ has a total of _____ overnights per year. **Note: The total of these numbers must equal 365.**

8. **Attached Time-Sharing Schedule:**

_____**If not set forth above,** the parties shall have time-sharing in accordance with the schedule which is attached as Attachment _____and incorporated herein.

**VIII. TRANSPORTATION AND EXCHANGE OF CHILD(REN)**
*{Insert the name or designation of the appropriate parent or Other Person in the space provided.}*

1. The parties shall have the child(ren) ready on time with sufficient clothing packed and ready at the agreed upon time of exchange.  All necessary information and medicines will accompany the child(ren).

2. The parties shall exchange travel information and finalize travel plans at least _____days in advance of the date of travel.  Except in cases of emergency, any party requesting a change of travel plans after the date of finalization shall be solely responsible for any additional costs.

3. **Automobile Transportation and Exchange** *{Choose only one}*
If a party is more than _____minutes late without contacting the other party to make other arrangements, the party with the child(ren) may proceed with other plans and activities.

a. _____Parent *{name or designation}* _____, or ____ *{If Applicable}* Other Person *{name or designation}* _____shall provide all transportation.

b. _____Parent *{name or designation}* _____, or _____ *{If Applicable}* Other Person *{name or designation}* _____shall pick up the child(ren) at the beginning  of the visit and the other party shall pick up the child(ren) at the end of the visit. The exchange shall take place:
 _____At the parties' homes unless otherwise agreed;

_____At the following location unless the parties agree in advance to a different location:
        *{specify}*_____;

_____ At the following central location *{specify}*_____;

c. _____Other:_____.

4. **Airplane and Other Public Transportation and Exchange**

Airline regulations govern the age at which a child may fly unescorted. An older child or children may fly under such regulations as each airline may establish.

a. _____Until a child reaches the age of _____, the parties agree that the child(ren) shall take a direct flight and/or fly accompanied by: _____.

b._____ Once a child reaches the age of _____, the child shall be permitted to fly accompanied by an airline employee.

c._____ Once a child reaches the age of _____, the child shall be permitted to fly unescorted.

d._____ Other: _____.

Airline reservations should be made well in advance and preferably, non-stop or direct.

All flight information shall be sent to the other party(ies) at least _____days in advance of the flight by the party purchasing the tickets.

If the child(ren) are flying accompanied by a party, the party picking up the child(ren) shall exchange the child(ren) with the other party at_____ and the party returning the child(ren) shall exchange the children at _____.

If the exchange is to be made at the airport, the party flying in to pick up or drop off the child(ren) from/to the airport must notify the other party of any flight delays.

Unless otherwise agreed in advance, the party taking the child(ren) to the airport must call the other party(ies) immediately upon departure to notify the other party(ies) that the child(ren) is/are arriving, and the party who meets the child(ren) must immediately notify the other party(ies) upon the child(ren)'s arrival.

5. **Costs of Airline and Other Public Transportation** *{Indicate **all** that apply}*
*{Insert the name or designation of the appropriate parent in the space provided.}*

a. _____Ticket Purchase *{If Applicable}*:
The parties shall work together to purchase the most convenient and least expensive tickets.

After consultation among the parties, it shall be the responsibility of _____ to purchase the tickets by *{date}* _____.

All parties entitled to access to, or time-sharing with the child(ren) shall be notified of the purchase by *{date}*_____.

Proof of the purchase and a copy of the itinerary *(choose only **one**)* _____ shall be provided to all parties by _____ *{date}* _____ shall not be provided.

Unless otherwise agreed or in the case of an unavoidable emergency, any costs incurred by a missed travel connection shall be the sole responsibility of the party who failed to timely deliver the child(ren) to the missed connection.

b. _____Transportation costs are included in the Child Support Worksheets and/or the Order for Child Support and should not be included here.

c. _____Parent _____ shall pay _____% Parent _____ shall pay _____% of the transportation costs.

d. _____Parent _____ shall pay _____% Parent _____ shall pay _____% of the transportation costs for an adult to accompany the child(ren) during travel.

e. _____If the parties are sharing travel costs, the non-purchasing party shall reimburse the other party within _____days of receipt of documentation establishing the travel costs.

f. _____Other:_____.

6. **Foreign and Out-Of-State Travel** *{Indicate **all** that apply}*

a. _____The parties may travel within the United States with the child(ren) during his/her time-sharing.  The party traveling with the child(ren) shall give the other party(ies) at least ____ days written notice before traveling out of state unless there is an emergency, and shall provide the other party(ies) with a detailed itinerary, including locations and telephone numbers where the child(ren) and party can be reached at least ____ days in advance of the date of travel.

b. _____A party may travel out of the country with the child(ren) during his/her time-sharing.  At least ____ days in advance of the date of travel, the party shall provide a detailed itinerary, including locations, and telephone numbers where the child(ren) and party may be reached during the trip.  Each party agrees to provide whatever documentation is necessary for the other party(ies) to take the child(ren) out of the country.

c. _____If a party wishes to travel out of the country with the child(ren), he/she shall provide the following security for the return of the child _____ _____.

d. _____Other_____.

7. **Other Travel and Exchange Arrangements:** _____ **_____**

Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (02/18)

_____

## IX. EDUCATION

1**. School designation.** For purposes of school boundary determination and registration, the address of Parent *{name or designatio*n}_____, or _____ *{If Applicable}* Other Person's *{name or designation}* _____ address shall be used.

2. *{If Applicable}* The following provisions are made regarding private or home schooling:

_____
_____
_____.

3**. Other.** _____

_____
_____.

## X. DESIGNATION FOR OTHER LEGAL PURPOSES

The child(ren) named in this Parenting Plan are scheduled to reside the majority of the time with the Parent *{name or designation}* _____or _____ *{If Applicable}* Other Person *{name or designation}*_____*.* This majority designation is **SOLELY** for purposes of all other state and federal laws which require such a designation. **This designation does not affect the rights or responsibilities of any party under this Parenting Plan.**

## XI. COMMUNICATION

1**. Between Parties**
All communications regarding the child(ren) shall be between the parties. The parties shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

The parties shall communicate with each other by: *{Indicate **all** that apply}*
_____    in person
_____    by telephone
_____    by letter
_____    by e-mail
_____    Other:_____.

**2. Between Parties and Child(ren)**

The parties shall keep contact information current. Telephone or other electronic communication between the child(ren) and another party shall not be monitored by or interrupted by the other party. "Electronic communication" includes telephones, electronic

mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face to face contact.

The child(ren) may have _____ telephone _____ e-mail _____ other electronic communication in the form of _____ with the other party: *{Choose only **one**}*

_____ Anytime

_____ Every day during the hours of _____ to _____

_____ On the following days_____
during the hours of _____ to _____

_____ Other: _____

3. **Costs of Electronic Communication** shall be addressed as follows:
_____
_____
_____

**X.      CHILD CARE** *{Choose only **one**}*

1. _____Each party may select appropriate child care providers

2. _____All child care providers must be agreed upon by the parties.

3. _____Each party must offer the other party the opportunity to care for the child(ren) before using a child care provider for any period exceeding _____ hours.

4. _____Other _____.

**XI.  CHANGES TO OR MODIFICATIONS OF THE PARENTING PLAN**

Temporary changes may be made informally without a written document. When the parties do not agree, this Parenting Plan remains in effect until further order of the court.

Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.

**XII. RELOCATION**

Any relocation of the child(ren) is subject to and must be sought in compliance with Section 61.13001, Florida Statutes.

**XIII.    DISPUTES OR CONFLICT RESOLUTION**

The parties shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parties may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

**XIV.   OTHER PROVISIONS**

_____
_____
_____
_____
_____
_____
_____.


**SIGNATURES OF PARTIES**

**I certify that I have been open and honest in entering into this Parenting Plan.  I am satisfied with this plan and intend to be bound by it.**


Dated: _____          _____
                                        Signature of Petitioner/ Parent _____
                                        Printed Name: _____
                                        Address:  _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number:  _____
                                        Designated E-mail Address(es):_____

                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


                                        _____
                                        *[Print, type, or stamp commissioned name of notary or deputy clerk.]*
____   Personally known
____   Produced identification
____   Type of identification produced _____


Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (02/18)

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this plan and intend to be bound by it.**

Dated: _____        _____
                                       Signature of Respondent/Parent _____
                                       Printed Name: _____
                                       Address: _____
                                       City, State, Zip: _____
                                       Telephone Number: _____
                                       Fax Number: _____
                                       Designated E-mail Address(es):_____

                                       _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                       _____
                                       NOTARY PUBLIC or DEPUTY CLERK

                                       _____
                                       *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____   Personally known
_____   Produced identification
_____   Type of identification produced _____

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this plan and intend to be bound by it.**

Dated: _____

_____
Signature of Other Person_____
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____
Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was prepared for the: *{choose only one}* _____ Petitioner _____ Respondent _____ _____Other Person.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.